WILMERHALE

March 25, 2021

**David Sapir Lesser**

+1 212 230 8851 (t)
+1 212 230 8888 (f)
david.lesser@wilmerhale.com

<u>VIA ECF</u>

Honorable Lorna G. Schofield
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007

>   Re: *Harrington Global Opportunity Fund, Ltd. v. CIBC World Markets Corp. et al.*, No. 21-cv-00761

Dear Judge Schofield:

We write on behalf of Defendants[1] in the above-captioned action and pursuant to the Court's February 22, 2021 Order (ECF No. 16) to set forth the grounds for Defendants' anticipated motion to dismiss the Complaint (ECF No. 5) filed by Harrington Global Opportunity Fund, Limited. The Complaint alleges that between January 27 and November 15, 2016, Defendants engaged in spoofing or naked short selling on the Canadian and U.S. markets, injuring Harrington in connection with its transactions in Concordia International Corp. stock, in violation of Section 10(b), Rule 10b-5, and Section 9(a)(2) of the Securities Exchange Act of 1934. *See* Compl. ¶ 12. Harrington also asserts an unjust enrichment claim. As explained briefly below, the Complaint should be dismissed for multiple reasons under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

### I.   <u>The Foreign Defendants Are Not Subject to Personal Jurisdiction</u>

The Complaint fails to establish personal jurisdiction over the Foreign Defendants. Harrington does not allege that the Foreign Defendants are incorporated or have their principal places of business in New York, or that their New York operations are "so substantial and of such a nature as to render [them] at home" here, as required to establish general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 & n.19 (2014). Nor does Harrington allege that the Foreign Defendants engaged in any "suit-related conduct" in, or targeted at, New York (or anywhere in the U.S.), as required to establish specific jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Finally, the Complaint alleges no basis to impute any alleged forum contacts

---

[1] The following Defendants based in Canada are referred to as the "Foreign Defendants": CIBC World Markets, Inc.; Merrill Lynch Canada Inc.; TD Securities, Inc.; Cormark Securities, Inc.; UBS Securities Canada, Inc; and Société Générale Capitale Canada, Inc. The remaining Defendants based in the United States are referred to as the "Domestic Defendants": CIBC World Markets Corp.; Merrill Lynch Professional Clearing Corp.; TD Securities (USA) LLC; UBS Financial Services, Inc.; and SG Americas Securities, LLC. There is no corporate entity named "Bank of America Securities, Inc."

March 25, 2021
Page 2

**WILMERHALE**

by the Domestic Defendants to the Foreign Defendants. *See In re Platinum & Palladium Antitrust Litig.*, 2017 WL 1169626, at *47-48 (S.D.N.Y. Mar. 28, 2017) (rejecting personal jurisdiction over foreign defendant based on insufficiently alleged alter ego theory).

## II.     The Canadian Claims Are Impermissibly Extraterritorial

Harrington's claims based on Canadian conduct—i.e., claims against the Foreign Defendants and claims against the Domestic Defendants for alleged manipulative trading on the Toronto Stock Exchange (TSX)—are subject to dismissal as impermissibly extraterritorial under *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010). A plaintiff asserting claims under the Exchange Act must allege either "transactions in securities listed on domestic exchanges" or "domestic transactions in other securities." *Id.* at 267. The "mere listing [of a security] on a domestic exchange is not sufficient to establish domesticity if the relevant securities transaction did not occur on a domestic exchange." *In re Petrobras Sec.*, 862 F.3d 250, 262 (2d Cir. 2017). As a result, Harrington's claims based on Canadian conduct or TSX trading cannot proceed.

## III.    All Claims Are Untimely

Harrington's Exchange Act claims are subject to a two-year limitation period running from the discovery of the facts constituting the alleged violation. *See* 28 U.S.C. § 1658(b). Harrington was aware of its claims no later than March 2017, when a Canadian regulator provided it with the Concordia trading data upon which it now appears to rely. *See Harrington Glob. Opportunities Fund S.A.R.L. v. IIROC*, 2018 ONSC 7739 (Can.). Harrington therefore was required to file this action by March 2019. It missed that deadline by almost two years. Harrington also does not allege facts showing that it obtained new information in the past two years or that such information could not have been obtained earlier with reasonable diligence. Nor does Harrington plausibly allege fraudulent concealment. Plaintiff's unjust enrichment claim is also untimely because it is subject to New York's three-year limitation period and no discovery rule applies. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2015 WL 6696407, at *20 (S.D.N.Y. Nov. 3, 2015).

## IV.    The Complaint Fails to State a Claim

Section 10(b) requires a plaintiff to plead "(1) manipulative acts; (2) damage; (3) caused by reliance on an assumption of an efficient market free of manipulation; [and] (4) scienter[.]" *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 101 (2d Cir. 2007). Section 9(a)(2) requires "(1) a series of transactions in a security creating actual or apparent trading in that security or raising or depressing the price of that security, (2) carried out with scienter, (3) for the purpose of inducing the security's sale or purchase by others, [which] (4) was relied on by the plaintiff, (5) and affected plaintiff's purchase or selling price." *Fezzani v. Bear, Stearns & Co.*, 384 F. Supp. 2d 618, 637 (S.D.N.Y. 2004) (citation omitted). Harrington must plead its claims with particularized facts giving rise to a strong inference of scienter. *Id.*; *see also Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 423 (S.D.N.Y. 2010). Finally, Harrington's unjust enrichment claim requires it to plead "that (1) defendant was enriched; (2) at plaintiff's expense; and (3)

equity . . . militate[s] against permit[ting] defendant to retain what plaintiff is seeking to recover." *In re Merrill, Bofa, & Morgan Stanley Spoofing Litig.*, 2021 WL 827190, at *13 (S.D.N.Y. Mar. 4, 2021).  Harrington fails to satisfy these requirements.

<u>Injury in Fact and Loss Causation</u>.  The Complaint contains no facts plausibly showing that Harrington suffered any loss, let alone that any such loss resulted from Defendants' alleged manipulation.  Harrington does not even allege that it purchased or sold Concordia stock during the period of alleged manipulation.  That alone is fatal to its Exchange Act claims.  *See Cohen*, 722 F. Supp. 2d at 431.  Similarly, Plaintiff's unjust enrichment claim fails because Plaintiff has not alleged that it transacted directly with Defendants and accordingly cannot plead adequately that any unjust enrichment of Defendants was at its expense.  *See In re Merrill,* 2021 WL 827190, at *13.

<u>Reliance</u>.  Harrington pleads no facts supporting an inference that it relied on (1) an assumption of an efficient market, as required for a Section 10(b) claim; or (2) a series of transactions executed by Defendants, as required for a Section 9(a)(2) claim.  *See ATSI Commc'ns*, 493 F.3d at 101; *Fezzani*, 384 F. Supp. 2d at 637.  Harrington asserted as early as May 4, 2016 that "there was a conspiracy of short-sellers manipulating the market and lowering the price of Concordia shares."  *Harrington*, 2018 ONSC 7739, para. 49.  That assertion, coupled with Harrington's efforts to convince a Canadian regulator to take action, eliminates any plausible inference that Harrington thereafter relied on the existence of an efficient market.

<u>Scienter</u>.  Harrington fails to allege "specific facts as to each defendant that (1) give rise to a strong inference that the defendant had both motive and opportunity to commit fraud or (2) provide strong circumstantial evidence of 'conscious misbehavior or recklessness.'"  *Cohen*, 722 F. Supp. 2d at 428.  Harrington alleges no facts suggesting that any Defendant had a motive to manipulate Concordia's stock price downward.  Harrington does not allege, for example, that any Defendant had a net short position in Concordia or was otherwise in a position to derive a "concrete benefit" from a decline in Concordia's stock price.  *Id.* at 429.  Harrington also does not allege facts showing that Defendants cancelled sell orders or engaged in short sales—neither of which is illegal—recklessly or with fraudulent intent.

<u>Manipulative Acts</u>.  The Complaint fails plausibly to plead manipulative conduct because it lacks allegations that the trading activity it describes constituted unlawful spoofing, rather than bona fide trading activity.  Nor does Harrington allege any connection between the alleged spoofing activity and a negative change in Concordia's stock price.  For example, multiple trades identified in the Complaint as spoofed transactions intended to drive the price of Concordia stock down from $34.77 per share were executed *above* $34.77.  Harrington likewise fails to allege facts supporting an inference that Defendants engaged in manipulative short selling.  Harrington alleges increased trading volumes and short selling as Concordia's business deteriorated and its stock price declined, but that is neither surprising nor evidence of manipulation—let alone evidence that Defendants (as opposed to other market participants) engaged in manipulation.  *See ATSI Commc'ns*, 493 F.3d at 101.  The Complaint further alleges no facts showing that the handful of specific short sales it identifies violated SEC regulations or were otherwise improper.

March 25, 2021
Page 4

**WilmerHale**

Respectfully submitted,

By: */s/ David Lesser*
    David Lesser