WILMERHALE

April 29, 2021

**David Sapir Lesser**

+1 212 230 8851 (t)
+1 212 230 8888 (f)
david.lesser@wilmerhale.com

<u>**VIA ECF**</u>

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Harrington Global Opportunity Fund, Ltd. v. CIBC World Markets Corp. et al.*, No. 21-cv-00761 (LGS)

Dear Judge Schofield:

      We write on behalf of Defendants pursuant to the Court's March 31, 2021 Order (ECF No. 52). The Amended Complaint (ECF No. 56) fails to cure any of the deficiencies identified in Defendants' initial pre-motion letter (ECF No. 49) and should be dismissed.

**I.**      <u>**The Foreign Defendants Are Not Subject to Personal Jurisdiction**</u>

      The Amended Complaint fails to establish personal jurisdiction over the Foreign Defendants.[1] Harrington still cannot allege that the Foreign Defendants' New York operations are "so substantial and of such a nature" as to establish general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137-139 & n.19 (2014). And the Amended Complaint continues to rely on generalized assertions rather than any specific factual allegations showing that the Foreign Defendants engaged in "suit-related conduct" in, or targeted at, New York (or anywhere in the U.S.), as required to establish specific jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Amended Complaint also alleges no factual basis to impute to the Foreign Defendants any alleged forum contacts of the domestic defendants, *see In re Platinum & Palladium Antitrust Litig.*, 2017 WL 1169626, at *47-48 (S.D.N.Y. Mar. 28, 2017), or to assert jurisdiction on a theory of conspiracy jurisdiction, where no conspiracy is plausibly alleged, *see Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018).

**II.**     <u>**The Canadian Claims Are Impermissibly Extraterritorial**</u>

      The Amended Complaint confirms that any claims based on Canadian conduct are impermissibly extraterritorial under *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 267 (2010) (Exchange Act plaintiff must allege either "transactions in securities listed on domestic exchanges" or "domestic transactions in other securities."). Harrington claims to disavow any

---

[1] The "Foreign Defendants," all of which are based in Canada, are CIBC World Markets, Inc.; Merrill Lynch Canada Inc.; TD Securities, Inc.; UBS Securities Canada, Inc; and Société Générale Capitale Canada, Inc.

April 29, 2021
Page 2

**WilmerHale**

attempt to extend the territorial reach of the Exchange Act (*see* Am. Compl. ¶ 7 n.2), but continues to seek relief under the Exchange Act based in part on foreign trading.

### III.   The Exchange Act and Unjust Enrichment Claims Are Untimely

Harrington's Exchange Act claims are subject to a two-year limitations period running from the discovery of facts constituting the alleged violation.  *See* 28 U.S.C. § 1658(b). Harrington was aware of its claims by March 2017, when a Canadian regulator provided it with the Concordia trading data upon which it now appears to rely.  *See* Am. Compl. ¶ 42; *see also Harrington Glob. Opportunities Fund S.A.R.L. v. IIROC*, 2018 ONSC 7739 (CanLII). Harrington therefore was required to assert its Exchange Act claims no later than March 2019.  It missed that deadline by almost two years.  Harrington also does not allege facts showing that the 2016 Concordia trading data it allegedly purchased in late 2019 or early 2020 (*see* Am. Compl. ¶¶ 48-52) could not have been obtained earlier.  Nor does Harrington plausibly allege fraudulent concealment.  Harrington's unjust enrichment claim is similarly untimely because it is subject to a three-year limitations period and no discovery rule applies.  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2015 WL 6696407, at *20 (S.D.N.Y. Nov. 3, 2015).

### IV.   The Complaint Fails to State a Claim

Section 10(b) requires a plaintiff to plead "(1) manipulative acts; (2) damage; (3) caused by reliance on an assumption of an efficient market free of manipulation; [and] (4) scienter." *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 101 (2d Cir. 2007).  Section 9(a)(2) requires "(1) a series of transactions in a security creating actual or apparent trading in that security or raising or depressing the price of that security, (2) carried out with scienter, (3) for the purpose of inducing the security's sale or purchase by others, [which] (4) was relied on by the plaintiff, (5) and affected plaintiff's purchase or selling price."  *Fezzani v. Bear, Stearns & Co.*, 384 F. Supp. 2d 618, 637 (S.D.N.Y. 2004).  Harrington's common-law fraud claim requires (1) "a misrepresentation … of fact which was false and known to be false by the defendant," (2) "made for the purpose of inducing the other party to rely upon it," (3) the other party's "justifiable reliance … on the misrepresentation," and (4) injury.  *Employees' Ret. Sys. of Gov't of Virgin Islands v. Morgan Stanley & Co.*, 814 F. Supp. 2d 344, 351 (S.D.N.Y. 2011).  Finally, Harrington's unjust enrichment claim requires it to plead "that (1) defendant was enriched; (2) at plaintiff's expense; and (3) equity . . . militate[s] against permit[ing] defendant to retain what plaintiff is seeking to recover."  *In re Merrill, Bofa & Morgan Stanley Spoofing Litig.*, 2021 WL 827190, at *13 (S.D.N.Y. Mar. 4, 2021).  The PLSRA mandates heightened pleading for Harrington's Exchange Act claims, *see ATSI Commc'ns*, 493 F.3d at 99, and Rule 9(b) is likewise "applicable to any claim that sounds in fraud," *Matsumura v. Benihana Nat. Corp.*, 542 F. Supp. 2d 245, 251 (S.D.N.Y. 2008) (internal quotation marks omitted).  Harrington fails to satisfy these requirements.  And without an adequately alleged primary tort, Harrington cannot maintain either its conspiracy or aiding and abetting claims.  *See Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 346 F. Supp. 3d 473, 482 (S.D.N.Y. 2018); *Schleifer v. Yellen*, 71 N.Y.S.3d 420, 422 (N.Y. App. Div. 2018).

April 29, 2021
Page 3

**WilmerHale**

  <u>Injury in Fact/Loss Causation</u>.  Harrington's Exchange Act and common-law fraud claims fail because the Amended Complaint contains no facts plausibly showing that Harrington suffered a loss resulting from any Defendant's alleged misrepresentation or manipulation.  Instead, Harrington improperly groups Defendants' alleged trading activities together.  *See* Am. Compl. ¶ 171.  Moreover, while Harrington alleges that each alleged spoofing event negatively affected Concordia's stock price for up to 15 minutes (*id.* ¶ 67), it does not allege that it sold Concordia stock within 15 minutes of any alleged spoofing activity.  Nor does Harrington allege (i) facts showing that any Defendant engaged in "naked" short sales on U.S. exchanges (*see id.* ¶ 188 n.16); (ii) how long such short sales allegedly impacted the stock price; or (iii) that Harrington sold Concordia stock during the period of alleged price impact.  The only short sales Harrington does identify took place on Canadian exchanges and are thus non-actionable.  Those Canadian short sales also occurred before Harrington's first alleged sale of Concordia stock, negating any inference of a causal connection between them and Harrington's alleged injury.  *See id.* ¶¶ 14, 190, 192, 194.  Harrington's unjust enrichment claim likewise fails because Harrington has not alleged direct transactions with Defendants and thus cannot plead that any unjust enrichment of Defendants was at its expense.  *See In re Merrill, Bofa, & Morgan Stanley Spoofing Litig.,* 2021 WL 827190, at *13.

  <u>Misrepresentation/Reliance</u>.  Harrington pleads no facts supporting an inference that it relied upon an assumption of an efficient market, as required under Section 10(b), or a series of transactions executed by Defendants, as required under Section 9(a)(2).  Harrington asserted, as early as May 4, 2016, that "there was a conspiracy of short-sellers manipulating the market and lowering the price of Concordia shares."  *See Harrington*, 2018 ONSC 7739 (CanLII), at para. 49.  Harrington's assertion and efforts to convince a Canadian regulator to take action in 2016 eliminates any plausible inference that Harrington thereafter relied on an efficient market.  As to the common-law fraud claim, the Amended Complaint does not allege, let alone with the requisite particularity, a misrepresentation by any Defendant or reliance by Harrington on any such misrepresentation.

  <u>Manipulative Acts</u>.  Harrington does not plead manipulative conduct because it fails to allege that the trading activity it alleges constituted unlawful spoofing, rather than bona fide trading activity.  Nor does Harrington plausibly allege a connection between the supposed spoofing and any decline in the price of Concordia stock.  Harrington likewise fails to allege facts supporting an inference that Defendants engaged in manipulative short selling.  Allegations of increased trading volumes and short selling as Concordia's business deteriorated and its stock price declined are neither surprising nor evidence of manipulation.  *See ATSI*, 493 F.3d at 101.

  <u>Knowledge/Intent</u>.  Harrington fails to allege knowledge or intent as required to plead its Exchange Act and common-law claims.  *Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 423, 428 (S.D.N.Y. 2010).  Harrington alleges no facts suggesting that any Defendant had a motive to manipulate Concordia's share price.  It does not allege that any Defendant had a net short position or stood to gain a "concrete benefit" from a decline in that price.  *See id.* at 429.  Harrington also does not allege facts showing that Defendants cancelled orders or engaged in short sales—neither of which is illegal—knowingly, recklessly, or with fraudulent intent.

April 29, 2021
Page 4

**WilmerHale**

Respectfully submitted,

By: */s/ David Lesser*
    David Lesser