

**Baker & McKenzie LLP**

10250 Constellation Blvd., Suite 1800
Los Angeles, CA 90067
United States

Tel: +1 310 201 - 4751
Fax: +1 310 201-4721
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

July 9, 2021

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:** *Harrington Global Opportunity Fund, Ltd. v. CIBC World Markets Corp. et al.*, **No. 21-cv-00761 (LGS)**

Dear Judge Schofield,

We write on behalf of Defendant UBS Securities Canada ("UBS Canada" or the "Company") in the above-referenced case (the "Action") regarding the pending motion to dismiss (the "Motion to Dismiss"). *See* ECF Nos. 72-78. UBS Canada respectfully requests leave to file a proposed supplemental declaration containing a single additional sentence to support UBS Canada's further argument that this Court lacks specific jurisdiction (in addition to lacking general jurisdiction). A copy of the proposed supplemental declaration is attached hereto as **Exhibit A**.

In support of the Motion to Dismiss, UBS Canada submitted the Declaration of Lisa Petrelli, Managing Director and Head of Global Markets for UBS Canada, in support of its argument that no basis for general personal jurisdiction exists over the Company in the Action. *See* ECF No. 78. It was not until after Defendants filed the Motion to Dismiss that UBS Canada was able to complete an analysis of its trading data and confirm that it conducted substantially no proprietary trading of Concordia International Corp. stock on the NASDAQ (the only trades at issue in the Action) during the relevant trading period.

UBS Canada therefore respectfully requests leave to file a supplemental declaration that attests to the results of its analysis. That additional sentence would simply state that UBS Canada "conducted substantially no proprietary trading of Concordia International Corp. stock on the NASDAQ during the relevant time period alleged in the Complaint (January 27, 2016 to November 15, 2016)." UBS Canada today requested Plaintiff Harrington Global Opportunity Fund, Ltd.'s consent to file the supplemental personal jurisdiction declaration, and while Harrington did not consent to the filing, the declaration would not prejudice Plaintiff and, respectfully, we request that the Court exercise its discretion to grant leave to permit the filing of the declaration anyway.

Baker & McKenzie LLP is a member of Baker & McKenzie International.



Leave to file a supplemental declaration "rests entirely with the court's discretion." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53-54 (D.D.C. 2003); *see also 7 W. 57th St. Realty Co., LLC v. CitiGroup, Inc*., No. 13 Civ. 981 (PGG), 2015 U.S. Dist. LEXIS 44031, at *4 n.3 (S.D.N.Y. Mar. 31, 2015) (granting plaintiff's request for leave to file supplemental declaration in opposition to the defendant foreign banks' motion to dismiss for lack of personal jurisdiction). That discretion should be exercised here to permit the filing of the supplemental declaration.

The supplemental declaration would not prejudice Plaintiff, nor would it necessarily extend or change the current briefing schedule. The Motion to Dismiss already sets forth substantially the same legal argument that the supplemental declaration is intended to support. That argument is simply that there is no specific jurisdiction because of the lack of suit-related trading of Concordia shares in the New York forum during the relevant period. *See* Motion to Dismiss at 1, 8. Because the argument is already set forth in the moving papers, Plaintiff would not need to raise new counter arguments in response to the supplemental declaration.

Sincerely,

Perrie Weiner
Partner

+1 (310) 201-4751
Perrie.Weiner@bakermckenzie.com

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARRINGTON GLOBAL OPPORTUNITY FUND, LIMITED,<br><br>Plaintiff,<br><br>- against-<br><br>CIBC WORLD MARKETS CORP., CIBC WORLD MARKETS INC., BOFA SECURITIES, INC., MERRILL LYNCH CANADA INC., MERRILL LYNCH PROFESSIONAL CLEARING CORP., TD SECURITIES, INC., TD SECURITIES (USA) LLC, UBS FINANCIAL SERVICES, INC., UBS SECURITIES CANADA, INC., SOCIETE GENERALE CAPITALE CANADA, INC., SG AMERICAS SECURITIES, LLC, and JOHN DOES 1 THROUGH 10.<br><br>Defendants. | No. 1:21-cv-00761-LGS-JLC |

**SUPPLEMENTAL DECLARATION OF LISA PETRELLI IN SUPPORT OF THE MOTION OF UBS SECURITIES CANADA, INC. TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

I, Lisa Petrelli, hereby declare under penalty of perjury the truth of the following statements based upon personal knowledge and knowledge gained from the review of relevant corporate records and from discussions with others with such knowledge.

1. I am an adult and competent to testify to the matters below. I submit this supplemental declaration in support of the motion of UBS Securities Canada, Inc. ("UBS Securities Canada ") to dismiss for lack of personal jurisdiction.

2. I am a Managing Director and Head of Global Markets for UBS Securities Canada. I am authorized to make this declaration on behalf of UBS Securities Canada.

3. UBS Securities Canada conducted substantially no proprietary trading of Concordia International Corp. stock on the NASDAQ during the relevant time period alleged in the Complaint (January 27, 2016 to November 15, 2016).

Pursuant to 28 U.S.C. § 1748, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __9th__ day of July 2021 in Toronto, Canada.

_____
Lisa Petrelli