

**ALAN M. POLLACK**
PARTNER

DIRECT DIAL: 212-984-7794
EMAIL: apollack@wbny.com

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
(212) 984-7700
www.wbny.com

July 13, 2021

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Harrington Global Opportunity Fund, Ltd. V. CIBC World Markets Corp. et al.*, No. 21-cv-00761(LGS)

Dear Judge Schofield:

  We write on behalf of Plaintiff Harrington Global Opportunity Fund, Ltd. ("Harrington") in the above-referenced action in response to the letter motion filed by Defendant UBS Securities Canada ("UBS Canada") on July 9, 2021 requesting leave to file a proposed supplemental declaration (the "Supplemental Declaration") *See* ECF No. 83 (the "Letter Motion") and this Court's July 12, 2021 Order granting such relief.  ECF No. 84.  Contrary to UBS Canada's assertion that Harrington would not be prejudiced by the filing of the Supplemental Declaration and that "Plaintiff would not need to raise new counter arguments in response to it," Harrington respectfully submits that it will be prejudiced without being afforded the opportunity to file a response.  In its July 12, 2021 Order this Court stated that "[t]he supplemental declaration will be considered if after reviewing the parties' papers it is appropriate to do so."  ECF No. 84.  Accordingly, Harrington respectfully requests that if the Court determines that it is necessary to consider the Supplemental Declaration, Harrington be permitted to file a reply, which would raise the following responsive arguments.

  *First*, in the Supplemental Declaration, UBS Canada asserts that it "conducted substantially no proprietary trading of Concordia International Corp. stock on the NASDAQ during the relevant time period."  *See* ECF No. 83 Ex. A ¶ 3.  On the basis of this assertion, UBS Canada is arguing that (1) it is not subject to personal jurisdiction; and (2) Harrington's claims exceed the territorial reach of the Exchange Act under *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010).  As to UBS Canada's *Morrison* argument, Harrington has provided no authority suggesting that supporting declarations may be considered on a Rule 12(b)(6) motion to dismiss for failure to state a claim (as opposed to a 12(b)(2) motion to dismiss for lack of personal jurisdiction).

  *Second*, as to UBS Canada's personal jurisdiction arguments, UBS Canada's assertion that it "conducted <u>substantially</u> no proprietary trading of Concordia International Corp. stock on the

Warshaw Burstein, LLP

Hon. Lorna G. Schofield
July 12, 2021
Page 2 of 2

NASDAQ during the relevant time period," fails to offer any definition, underlying data, or context for its characterization of the amount of trading as not "substantial."  *See* ECF No. 83 Ex. A ¶ 3 (emphasis added).  To the extent that the Court considers the Supplemental Declaration, Harrington respectfully requests the opportunity to submit briefing regarding the necessity of jurisdictional discovery regarding how much proprietary trading of Concordia shares on the NASDAQ UBS Canada conducted, that it considers such trading "insubstantial."

*Third*, Harrington has not had the opportunity to submit briefing addressing the following question:  where a foreign defendant manipulates the price of a stock on a U.S. Exchange and then engages in some amount of proprietary trading of that stock during the relevant period, how much of such trading is "enough," to subject that defendant to personal jurisdiction in the U.S.?  If the Court considers the Supplemental Declaration, this question becomes relevant, and accordingly, Harrington respectfully requests that it be permitted to submit briefing addressing it.

*Fourth*, the timing of the Supplemental Declaration is relevant to Harrington's arguments regarding the timeliness of its claims.  Harrington filed its Complaint on January 28, 2021.  *See* ECF No. 5.  UBS Canada's original Declaration was filed on June 7, 2021.  *See* ECF No. 78.  The Supplemental Declaration, however, was not filed until July 9, 2021.  UBS Canada offers no explanation for this delay in investigating Harrington's claims and preparing the Supplemental Declaration.  Presumably, UBS Canada was unable to file the Supplemental Declaration earlier because *even though it had access to all its own trading data*, UBS Canada nevertheless needed more than five months to determine how much it engaged in proprietary trading of Concordia shares on U.S. Exchanges during the relevant period.  If the Court considers the Supplemental Declaration, Harrington requests the opportunity to submit briefing regarding the extent to which UBS Canada's delay in investigating its own trading is relevant to assessing whether Harrington's investigation of multiple defendants – an investigation for which Harrington lacked and still lacks access to all of the relevant non-public U.S. trading data – was reasonably diligent for purposes of determining when the Statute of Limitations accrues.

If, after reviewing the parties' papers, the Court determines it is not appropriate to consider the Supplemental Declaration, Harrington needs no relief, and this Letter Motion is moot.  However, to the extent that the Court does consider the Supplemental Declaration, its submission *following* Harrington's submission of its Opposition to UBS Canada's Motion to Dismiss would prejudice Harrington by preventing it from briefing the above arguments.  Accordingly, if and when the Court determines that it will consider the Supplemental Declaration, Harrington respectfully requests the opportunity to file a response to it.

Sincerely,

/s/ Alan M. Pollack
Alan M. Pollack

cc:     All parties via ECF

{1368366.2 }