```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HARRINGTON GLOBAL OPPORTUNITY                               :
FUND, LIMITED,                                              :
                                        Plaintiff,          :    21 Civ. 761 (LGS)
                                                            :
                    -against-                               :          ORDER
                                                            :
CIBC WORLD MARKETS CORP., et al.,                           :
                                       Defendants.          :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, CIBC World Markets Corp. and CIBC World Markets Inc. ("CIBC Defendants") move for reconsideration of the February 9, 2022, Opinion and Order (the "Opinion") granting in part and denying in part their motion to dismiss (Dkt. No. 88);

WHEREAS, familiarity with the Opinion is assumed;

WHEREAS, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); *accord Lewis v. Nissan N. Am. Inc.*, No. 04 Civ. 562, 2021 WL 807126, at *1 (S.D.N.Y. Mar. 3, 2021). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted);

*accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). "It is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court . . . ." *Nat'l Union Fire Ins. Co. of Pitt., PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (summary order) (internal quotation marks omitted); *see also Tonga Partners*, 684 F.3d at 52.

WHEREAS, CIBC Defendants do not identify any change of controlling law, any new evidence, the need to correct a clear error or prevent injustice, but rather rehash arguments already briefed and rejected by the Court and present new theories.

The Court declines to consider CIBC Defendants' standing argument at this time because it was raised for the first time in their motion for reconsideration.  CIBC Defendants' motion to dismiss was not brought under Rule 12(b)(1).  A motion for reconsideration is not an appropriate vehicle for raising this issue for the first time.

CIBC Defendants' remaining arguments, which relate to loss causation and scienter, do not rise to the level meriting reconsideration because they are either based on new arguments not previously presented to the Court or do not identify anything overlooked by the Court.  CIBC Defendants concede that the Amended Complaint adequately pleads that CIBC Defendants engaged in spoofing conduct on at least four days in 2016.  CIBC Defendants acknowledge that the Amended Complaint alleges that spoofing occurred on 193 of 205 trading days during the relevant period.  The Amended Complaint also alleges, and the Opinion discusses, that over 100,000 spoofing events occurred on those 193 days and that the impact of spoofing activity "extended beyond the specific spoofing cycle . . . because the market neither immediately nor fully rebounded from the manipulated prices once each of the spoofing events were completed."

The Opinion credits and discusses these allegations in discussing scienter and loss causation to find that the Complaint sufficiently alleges scienter and loss causation as to each of the spoofing Defendants.

CIBC Defendants' attempt to make individualized arguments for the first time on a motion for reconsideration is an improper attempt to take a second bite at the apple. CIBC Defendants did not previously argue that (1) none of the specifically alleged CIBC spoofing activity occurred near Harrington's sales of Concordia shares or (2) Concordia's stock price went up during the alleged CIBC spoofing activity so there is no loss causation as to their activity. CIBC Defendants' contention that they raised these arguments previously is unsupported by the eight pages CIBC cites, which fail to mention either of the CIBC Defendants let alone the timing of trades that is the focus of CIBC Defendants' motion for reconsideration. In any event, CIBC Defendants' argument is largely based on the contention that Plaintiff must establish that "CIBC Defendants' activity, standing alone, caused the economic harm suffered by Plaintiff." However, the Opinion discussed that the Complaint alleges a cumulative effect caused by the spoofing activity such that "it would be improper to infer, at this stage of the litigation, that one Defendant contributed disproportionally to the damages alleged." It is hereby

**ORDERED** that the CIBC Defendants' motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 93.

Dated: February 24, 2022
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE