March 2, 2022

*VIA ECF*

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Centre Street, Room 1106
New York, NY 10007

      Re:   *Harrington Global Opportunity Fund, Limited v. CIBC World Markets Corp., et al.*, No. 21-cv-761 (LGS)

Dear Judge Schofield:

      Pursuant to Your Honor's order dated February 28, 2022 (ECF No. 97), Defendants submit this letter to address: (i) the broad and complex scope of discovery in this case that warrants a discovery period longer than one year (as jointly proposed by the parties), and (ii) the strong basis for ordering phased discovery with an initial phase limited to the threshold issue of statute of limitations.

**I.   Discovery Can Reasonably Be Expected to Take over a Year to Complete**

      The parties jointly proposed the timeline set forth in the civil case management plan (ECF No. 96), because they reasonably expect discovery — including fact and expert discovery — to take over a year to complete.[1] The case implicates the trading in Concordia stock between 2015 and 2016, including allegedly by the parties here, as well as the price movements in the stock in the U.S. and Canada during that period, all of which might require extensive fact and expert discovery.

      Harrington alleges that each Defendant's trading activities manipulated the overall market for Concordia stock, stating that there were "approximately 100,000 spoofing events" during the relevant period. Amended Complaint ("AC") ¶¶ 60, 67, ECF No. 63. Defendants dispute that they engaged in 100,000 (or any) spoofing events, but expect that Harrington will nonetheless ask Defendants to collect and produce large volumes of order and execution data and documents surrounding each alleged spoofing event in which such Defendant allegedly was involved. Once data has been collected and reviewed, and relevant witnesses have been identified, the parties will require significant time — several months, based on counsel's experience — to analyze this voluminous material at a granular level. Both for Harrington's case and for Defendants' respective defenses, the timing and circumstances of the various orders and executions must be closely examined to test Harrington's allegations of scienter, which are based on a theory of spoofing that this Court has identified as making economic sense only "tenuously." The supposed price impact and duration of effect also must be studied to test Harrington's allegations related to loss causation,

---

[1]   No discovery requests have been served yet. Nothing in this letter should be read as a concession to the scope of any particular request that Harrington might propound in the future. Defendants reserve the right to object to any request to the extent it is overbroad or unduly burdensome.

including Harrington's contentions that any spoofing, if it occurred at all, had more than a fleeting impact, and that any spoofing harmed Harrington itself. A full investigation will take many months to complete. After all, Harrington maintains its consultant took ten months to analyze the trade data alone. *See* AC ¶¶ 48-52.

Moreover, Defendants are entitled to explore through discovery the numerous events other than the alleged spoofing that Defendants contend caused Concordia's stock price to fall between 2015 and 2016. During the relevant period, a cascade of negative announcements from and about Concordia prompted investors to sell their stock. For example, in late 2015, Concordia's business model came under widespread criticism from financial analysts; in spring 2016, Concordia's auditor began reexamining its earnings; in June 2016, a sale of the company failed; and in August 2016, Concordia reported a major net loss in its latest quarterly report. Each event represents a separate set of trade data that must be analyzed for its price impact and duration of effect to test Harrington's allegations of loss causation. It may also require taking third-party discovery from market participants who traded large volumes of Concordia stock around these events concerning their potentially market-moving activities.

Harrington's own trading in Concordia stock is a separate topic Defendants must explore in discovery. Defendants are entitled to document discovery and depositions from Harrington regarding its trading activities. Harrington's trading activities must be studied for their timing, execution prices, and motivating factors in order to test the allegations regarding its trading losses.

The topics outlined above primarily concern events between 2015 and 2016. But Defendants must also discover the facts regarding Harrington's activities between when it first suspected market manipulation in 2016 and when it finally filed suit in 2021. Investigating the circumstances of Harrington's five-year delay and when a reasonable investor would have had sufficient information about potential market manipulation to plead a complaint is necessary to develop Defendants' statute of limitations defense. Additional facts must be developed regarding the propriety (or specifically, the lack thereof) of naming certain foreign Defendants and the reach of the securities laws.

While not intended as an exhaustive list, these topics illustrate the significant time and effort required to develop the claims and defenses in this case. Defendants intend to conduct discovery diligently and efficiently in this matter. Nevertheless, Defendants are confident — as is Harrington, as reflected by the agreed schedule — that the parties will require more than a year to complete discovery.

## II.     Phased Discovery Will Likely Result in a More Efficient Disposition of the Case

Defendants respectfully submit that the Court should order phased discovery because it will likely end the case early and serve both judicial and party economy. Rule 26 provides that discovery may "be conducted in phases or be limited to or focused on particular issues." Fed. R. Civ. P. 26(f)(3)(B). Ordering an initial phase of discovery is appropriate where a threshold issue could dispose of a case's central claim. *See, e.g.*, *Pharmacychecker.com, LLC v. Nat'l Assn' of Bds. of Pharmacy*, 2021 WL 2477070, at *1 (S.D.N.Y. June 17, 2021) (directing initial phase of discovery on "threshold requirement" for antitrust claim); *Axler v. Sci. Ecology Grp., Inc.*, 1999 WL 1209512 (D. Mass. May 21, 1999). If the initial discovery reveals no genuine issue of material

fact as to the threshold issue, an early summary judgment motion will swiftly resolve the case and obviate the need for expensive full-blown merits discovery.

The statute of limitations ("SOL") issue in this case makes it particularly well suited for phased discovery. *See Axler*, 1999 WL 1209512 at *5 (directing initial phase of discovery on SOL defense to be followed by summary judgment briefing); *Stewart-Wilson v. U.S.*, 2018 WL 3691258, at *7 (W.D. Pa. 2018) (same). SOL issues lend themselves well to phased discovery because they are narrow in scope. Discovery is limited to, and the Court on an early summary judgment motion need only decide, the date on which the limitations period began to run.

Here the applicable SOL requires that Harrington have filed its market manipulation claim within two years of the date on which a reasonably diligent investor would have discovered sufficient information to adequately plead it. *See* 28 U.S.C. § 1658(b)(1); *Fed. Housing Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding America, Inc.*, 873 F.3d 85, 118 (2d Cir. 2017). Harrington filed suit in January 2021; if early discovery reveals that a reasonably diligent investor would have filed suit before January 2019, Harrington's claim is time-barred and judgment should be entered early for Defendants. The parties would avoid the considerable time and expense of significant and costly merits discovery outlined above, and the Court would avoid having to decide the disputes such discovery engenders.

There is a reasonable basis to expect early discovery will end this case. Harrington contends the limitations period did not begin to run until May 2020, when its consultant allegedly finished analyzing the relevant trade data. But Harrington admits that it was aware of potential manipulation as early as April 2016, and that it had access to all the relevant data by March 2017. *See* AC ¶¶ 41-46. Harrington did not hire its consultant until July 2019, and after the consultant completed its analysis in May 2020, Harrington did not file suit until January 2021. *Id.* ¶¶ 48-52. Defendants contend that Harrington was not diligent, as a reasonably diligent investor would not have waited two years to hire an expert once it had the relevant data, and would not have taken nearly five years from the admitted date of inquiry notice to discover the relevant facts and file suit. Discovery can swiftly get to the bottom of this issue.

Defendants thus request that the Court phase discovery with an initial discovery phase limited to the SOL issue. Defendants do not propose at this time that the initial phase extend the end dates for discovery. Defendants request that the Court set an initial phase of ninety (90) days (with the expectation of prompt action by the parties to commence) followed by a briefing schedule for an early summary judgment motion.

Respectfully submitted,

3

| | |
|---|---|
| By: /s/ Sandra D. Hauser<br>Sandra D. Hauser<br>DENTONS US LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 768 6802<br>sandra.hauser@dentons.com<br><br>Stephen J. Senderowitz<br>DENTONS US LLP<br>233 South Wacker Drive, Suite 5900<br>Chicago, IL 60606<br>(312) 876-8000<br>stephen.senderowitz@dentons.com<br><br>*Counsel for CIBC World Markets Corp. and CIBC World Markets Inc.* | By: /s/ Abby F. Rudzin<br>Abby F. Rudzin<br>William J. Martin<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, New York 10036<br>(212) 326-2003<br>arudzin@omm.com<br>wmartin@omm.com<br><br>*Counsel for Defendants BOFA Securities, Inc., Merrill Lynch Canada Inc., and Merrill Lynch Professional Clearing Corp.*<br><br>By: /s/ Jamie Dycus<br>Jamie Dycus<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 937-7236<br>jamie.dycus@wilmerhale.com<br><br>*Counsel for TD Securities, Inc., and TD Securities (USA) LLC* |

CC: All counsel of record via ECF

4