

**ALAN M. POLLACK**
PARTNER

DIRECT DIAL: 212-984-7794
EMAIL: apollack@wbny.com

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
(212) 984-7700
www.wbny.com

March 4, 2022

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:  *Harrington Global Opportunity Fund, Ltd. V. CIBC World Markets Corp. et al.*, No. 21-cv-00761(LGS)

Dear Judge Schofield:

    We write on behalf of Plaintiff Harrington Global Opportunity Fund, Ltd. ("Harrington") pursuant to the Court's February 28, 2022 Order [Dkt. 97] and in response to the March 2, 2022 Letter filed by Defendants in the above-captioned action, [Dkt. 98] ("Defendants' Letter" or "DL"), to: (a) concur with Defendants' conclusion that the broad and complex scope of discovery in this case warrants a lengthened discovery period; and (b) oppose Defendants' request for a phased discovery process with an initial phase limited to Defendants' statute of limitations defense. Defendants are correct that discovery can reasonably be expected to take over a year to complete because, in order to determine whether Defendants engaged in spoofing conduct, "the parties will require significant time . . . to analyze [the] voluminous material at a granular level." *Id.* at 1.

    Defendants are wrong, however, that phased discovery is "likely [to] end the case early and serve both judicial and party economy." *Id.* at 2. Neither contention is true. *First*, there is no legal or factual basis for Defendants' "expect[ation that] early discovery will end this case," *id.* at 3, and Defendants' assertions to the contrary are based on flagrant misrepresentations of Harrington's allegations and recycled arguments that this Court already flatly rejected in its Opinion and Order on Defendants' motion to dismiss. *Second*, an initial discovery phase focusing on Defendants' statute of limitation defense will *not* be narrow in scope and *cannot* be completed swiftly. *Third*, phased discovery will *not* serve judicial or party economy; on the contrary, it is likely to be extremely *inefficient* and result in delay, duplication of effort, and increased costs.

**I.    Phased Discovery is *Not* "Likely to End the Case Early"**

    In explaining why they "expect" their statute of limitations defense to end the case following phased discovery and summary judgment, Defendants materially mischaracterize the

{1452207.2 }

**Warshaw Burstein, LLP**

Complaint, just as they did in their motion to dismiss. Contrary to their assertions that Harrington "waited two years to hire an expert once it had the relevant data," and took "nearly five years from the [] date of inquiry notice to discover the relevant facts and file suit," DL at 3, Harrington specifically alleged that: (1) it first retained a consultant in 2016, shortly after inquiry notice; (2) the data that Harrington obtained in 2017 was insufficient to draft a complaint with particularity; and (3) Harrington only obtained the data sufficient to *begin* their analysis in 2019. *See* Amended Complaint [Dkt. 63] ¶¶ 41-52. Indeed, this Court rejected Defendants' identical mischaracterizations of the Complaint when it denied Defendants' motion to dismiss, holding that:

> Here, the Complaint alleges that Plaintiff pursued a lengthy investigation involving an outside consultant, an application in the Ontario Superior Court of Justice, a request to FINRA and a consulting firm to bring its Complaint. After some of those efforts were unfruitful, Plaintiff retained the firm that analyzed the data sufficient for it to plead the market manipulation claims brought in the Complaint. Crediting the allegations in the Complaint, there **is no reason to conclude that Plaintiff's numerous investigative pursuits were anything but diligent**. Once the final investigation, which included analysis of gigabytes of data, was complete in May 2020, Plaintiff filed the Complaint **well within the two-year statute of limitations**.

Opinion and Order [Dkt. 88], at 18 (emphasis added). As this Court already recognized, there is no basis to conclude that Defendants' statute of limitations defense is likely to succeed on summary judgment; if anything, the opposite is true.

**II.    Discovery Regarding Defendants' Statute of Limitation Defense Will *Not* Be "Narrow in Scope" and *Cannot* Be Completed "Swiftly"**

There is no basis for Defendants' assertion that an initial summary judgment phase could be "narrow in scope" or completed "swiftly," much less within the ninety days proposed. DL, at 3. As this Court has already determined, the timeliness of Harrington's claims depends on the point in time "'when, in the course of [the plaintiff's] investigation, the reasonable plaintiff would have discovered sufficient information to plead a securities-law violation'" with "'enough detail and particularity to survive a [] motion to dismiss.'" Opinion and Order [Dkt. 88], at 18 (quoting *Fed. Housing Fin. Agency v. Nomura Holding Am., Inc.*, 873 F.3d 85, 199 (2d Cir. 2017)). Discovery relevant to that determination extends not only to *Harrington's* diligence in retaining experts and acquiring the necessary data, but also to *Defendants' trading strategy*—including their (i) patterns of placing, canceling, and executing orders, and (ii) the design and maintenance of algorithmic trading programs—to the extent that such strategy made it more difficult for Harrington to discover sufficient information to plead market manipulation with particularity or, further, to the extent it was *designed* to obscure Defendants' unlawful conduct. *See Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 164 (2013) (Sotomayor, J., concurring) ("[T]he related doctrines of equitable estoppel and fraudulent concealment may bar a defendant from enforcing a statute of limitation

**Warshaw Burstein, LLP**

when its own deception prevented a reasonably diligent plaintiff from bringing a timely claim.").

Moreover, questions regarding the sufficiency of data required to conduct certain analyses and the length such analyses should reasonably take are highly technical in nature, and thus, *expert* discovery will likely be necessary to adjudicate Defendants' statute of limitations defense. *See DiBella v. Hopkins*, 403 F.3d 102, 121 (2d Cir. 2005) (holding that expert testimony is appropriate when factfinders are tasked with "comprehending and deciding issues beyond the understanding of a layperson"). As Defendants themselves have conceded, the relevant analyses involve "voluminous material" that must be analyzed "at a granular level." DL, at 1. Simply put, the scope of discovery on this issue is not narrow and will not be completed within ninety days.

### III.   Phased Discovery Would *Not* Serve Judicial or Party Economy

Nor is there any merit to Defendants' argument that phased discovery would be efficient or reduce costs. On the contrary, it would be duplicative and inefficient, and result in delays.

*First*, there is significant overlap between the witnesses and documents relevant to Defendants' statute of limitations defense and the case in chief—as discussed above, the designers of Defendants' trading strategies and algorithms have information relevant to both merits and timeliness determinations, as do Harrington's traders and the individuals Harrington hired to analyze the data it obtained. For example, the expert who Harrington retained to analyze the gigabytes of data it obtained might ultimately be a testifying expert, and if Defendants are permitted to depose him during an initial discovery phase, they would depose him a second time during expert discovery. Deposing the same set of witnesses twice would *not* serve judicial or party economy. *See, e.g., Fisher v. Ciba Specialty Chemicals Corp.*, 245 F.R.D. 539, 543 (S.D. Ala. 2007) (referring to duplicated testimony as an inefficient "judicial *Groundhog Day*").

*Second*, Defendants' proposal to conduct discovery on their statute of limitations defense and *then* have a round of summary judgment briefing limited to that issue would result in not just duplication of effort but significant delays and increased costs. *See Gonzalez v. Texaco, Inc.*, No. C 06-02820, 2007 WL 661914, at *2 (N.D. Cal. Feb. 28, 2007) (denying request for phased discovery after finding that it would "likely result in increased costs for all involved" because "[e]xpedited discovery on one issue, along with the time and expense put into preparing for other hearings [] could realistically result in delays on other discovery if defendants are unsuccessful"); *Dizdar v. State Farm Lloyds*, No. 14 Civ. 402, 2015 WL 12780640, at *12 (S.D. Tex. Jan. 21, 2015) (denying request for phased discovery for similar reasons); *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, No. 8:10-CV-2008-T-33TGW, 2011 WL 486123, at *2 (M.D. Fla. Feb. 7, 2011) (denying phased discovery plan after finding it would "'unnecessarily prolong' [the] litigation and increase the expense involved for both sides"). Phased discovery would cause delays and waste both the parties' and Court's resources. For these reasons and all the other reasons set forth above, Defendants' request should be denied.

Warshaw Burstein, LLP

Hon. Lorna G. Schofield<br>
March 4, 2022<br>
Page 4 of 4

                              Respectfully submitted,

                         By:  <u>/s/ Alan M. Pollack</u>
                               Alan M. Pollack
                               Felicia S. Ennis
                               Leron Thumim
                               WARSHAW BURSTEIN, LLP
                               575 Lexington Avenue, 7th Floor
                               New York, New York 10022
                               Tel:  212-984-7700
                               apollack@wbny.com
                               fennis@wbny.com
                               lthumim@wbny.com

                               James Wes Christian, Esq.
                               Ardalan Attar, Esq.
                               CHRISTIAN LEVINE LAW GROUP, LLC
                               2302 Fannin, Suite 205
                               Houston, Texas  77002
                               Tel:  (713) 659-7617
                               jchristian@christianlevinelaw.com
                               aattar@christianlevinelaw.com

                             *Attorneys for Plaintiff Harrington Global Opportunity Fund*

cc:     All parties via ECF