

**ALAN M. POLLACK**
PARTNER

DIRECT DIAL: 212-984-7794
EMAIL: apollack@wbny.com

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
(212) 984-7700
www.wbny.com

November 16, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

>  Re:  *Harrington Global Opportunity Fund, Ltd. v. CIBC World Mkts. Corp.*, No. 21-cv-00761(LGS)

Dear Judge Schofield:

We write on behalf of Plaintiff Harrington Global Opportunity Fund, Ltd. ("Harrington") pursuant to (a) this Court's Individual Rule III.A.1 and Fed. R. Civ. P. 15 (a)(2) seeking a pre-motion conference in connection with filing a motion for leave to file Harrington's Second Amended Complaint (the "SAC"); and (b) this Court's October 25, 2022 Memo Endorsement (Doc. No. 124) inviting Harrington to renew its request "by pre-letter motion attaching a proposed second amended complaint showing changes from the current operative complaint." Harrington now renews its motion and seeks leave to file the SAC. As directed by the Court, a "redline" showing the changes between the SAC and the operative complaint (the "Redline") is attached hereto as Exhibit A, and a "clean" version of the SAC is attached hereto as Exhibit B.

**The Second Amended Complaint**

The SAC assert claims that arise out of the same conduct, practice, or occurrence alleged in the original and first amended complaints. Moreover, Harrington asserts the same exact causes of action—that defendants CIBC World Markets, Inc. ("CIBC Canada"),[1] TD Securities ("TD Canada"), TD Securities (USA) LLC, and BOFA Securities, Inc. and Merrill Lynch Canada Inc. (together, "Merrill," and, together with the other defendants, "Defendants") knowingly or recklessly engaged in an unlawful spoofing scheme to manipulate the market in violation of Rule 10b-5(a) and (c), and Section 9(a)(2) of the of the Securities Exchange Act of 1934.

Although the Redline demonstrates that the SAC contains extensive revisions when compared with the operative complaint, the substantive revisions fall into only three categories.

---

[1]  The SAC will not include claims against Defendant CIBC World Markets Corp. ("CIBC U.S."), as Harrington intends to discontinue this action against CIBC U.S. As discussed below, the SAC will allege in-forum conduct by CIBC Canada that is sufficient to subject it to liability in this Court under U.S. Securities Laws.

{1529387.1 }

**Warshaw Burstein, LLP**

*First*, Harrington seeks to streamline the pleadings by dropping parties and claims that are no longer part of this action—including, *inter alia*, the short selling claims against the short-selling defendants.  *Second*, Harrington seeks to update its presentation of the evidence demonstrating Defendants' participation in spoofing by replacing the analysis contained in the original complaint—which was based on the limited trading and order flow information available in the public domain—with a more accurate and fulsome analysis based on what Harrington has learned through party and nonparty discovery.  *Third*, Harrington seeks to clarify the scope and nature of its claims to reflect the facts Harrington has learned and encompass conduct for which Defendants have thus far refused to provide discovery.

As Harrington alleged in its original complaint, the SAC alleges that defendants CIBC Canada and TD Canada knowingly or recklessly participated in a spoofing scheme to manipulate the price of Concordia.  Now, based on what Harrington has recently learned during discovery, the SAC will also allege that CIBC Canada and TD Canada participated in a cross-border spoofing scheme by disseminating on Canadian exchanges thousands of their customers' Baiting Orders even though those orders lacked any legitimate financial purpose and were never intended to be executed.  The sole purpose of these Baiting Orders—as CIBC Canada and TD Canada knew or recklessly ignored—was to inject <u>false and misleading information into the market</u> concerning the declining market price of Concordia's shares.  Within seconds or sometimes nanoseconds of the placement of the Baiting Orders, CIBC Canada and TD Canada disseminated customer "Executing Orders"—to intermediary U.S. brokers including Instinet, Virtu and Citadel—which were then executed at the lower, manipulated price.  Thereafter, CIBC Canada and TD Canada cancelled the Baiting Orders.  This cycle was repeated thousands of times during the Relevant Period.  Because CIBC Canada and TD Canada disseminated the Baiting Orders <u>on Canadian exchanges</u> and routed the Executing Orders to multiple <u>brokers in the U.S.</u> the scheme had a direct and immediate adverse impact on the market price of Concordia's interlisted securities on U.S. exchanges.

**<u>Leave to Amendment is Warranted Under Applicable Rules and Case Law Directing it be "Freely Given"</u>**

Fed. R. Civ. P. 15(a)(2) directs district courts to "freely give leave when justice requires."  It is well-settled that "[i]n the absence of . . . undue delay, bad faith or dilatory motives," leave to amend should be "freely given."  *Forman v. Davis*, 371 U.S. 178, 182 (1962).  The SAC is based on facts recently learned in discovery and will not add any new parties.  Nor has Harrington unduly delayed or been motivated by bad faith or dilatory motives in making its request for leave to amend.

Following its extensive prelitigation investigation and analysis of the limited information available in the public domain, Harrington filed its original complaint in January 2021, alleging that Defendants engaged in a cross-border spoofing scheme.  Shortly after Harrington filed its complaint—but before any discovery was taken—Harrington amended its complaint pursuant to Fed. R. Civ. P. 15(a)(1).  Harrington recently obtained new evidence from Defendants and through subpoenas issued to third parties including the DTCC, Nasdaq, FINRA and Instinet.  Harrington now seeks leave to file the SAC to reflect this new evidence and further substantiate its spoofing claims.  *See Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (holding that leave to amend was properly granted where a party sought to reinstate a defense for which it "required discovery to substantiate").

**Warshaw Burstein, LLP**

Harrington's request to amend is not motivated by bad faith. Rather, Harrington seeks to litigate the case on the merits and streamline the pleadings by dropping parties and claims that are no longer part of this action. The SAC will allege how: (a) Defendants CIBC Canada and TD Canada structured and executed their cross-border spoofing schemes; (b) Defendant Merrill perpetrated its domestic and cross-border spoofing scheme; (c) Defendants' schemes impacted the market price of Concordia shares in the United States; and (d) Defendants benefitted from their unlawful conduct. This amendment is critical, because it will clarify the scope and nature of Harrington's claims to reflect the facts Harrington has learned and encompass conduct for which Defendants have thus far refused to provide discovery. And while this adjustment might modestly impact the discovery schedule, this Court has previously held that the need for additional discovery is no reason to deny leave to amend. *Allianz Global Invs. V. Bank of America Corp.*, No. 18 Civ. 10364, 2020 WL 4927575 (S.D.N.Y. Aug. 21, 2020) (Schofield, J.) (party provided "no legal authority for the proposition that the requirement that parties engage in [additional] discovery" is a valid basis to deny leave to amend).

### Amendment Would not be Futile; It Would Hold Defendants Liable for their Own Conduct

It is anticipated that Defendants will argue that it is "futile" for Harrington to be granted the right to amend its complaint because there is no legal theory upon which Harrington can hold Defendants liable for "their customers' orders" and that there is no private right of action for "aiding and abetting" under 10b-5. These arguments misconstrue Plaintiff's theory of liability. Harrington seeks to hold Defendants liable for their own unlawful conduct in disseminating and placing into the marketplace orders that they knew or should have known were false and misleading, not the unlawful conduct of any other party. The SAC's claims against Defendants based on their effectuation and dissemination of their customers' orders and trades are nuanced, complex and cannot be properly articulated in a three-page pre-motion letter—indeed, they may even involve controlling questions of law for which there is substantial ground for difference of opinion.

Harrington provides the following brief summary and legal support of its claims. By effecting trades and orders pursuant to the directions of their customers or their own traders that artificially manipulated the market price of Concordia shares, Defendants are "primary violators" of Section 10(b) of the Exchange Act of 1934. In *SEC v U.S. Envtl., Inc.*, 155 F.3d 107 (2d Cir. 1998), the Second Circuit held that any person, including banks, may be liable as a primary violator of Section 10(b) of the Exchange Act of 1934, for knowingly or recklessly engaging in a fraudulent or deceptive practice pursuant to their customers directions. Also, in *Lorenzo v SEC*, 139 S. Ct. 1094, 1096 (2019) the US Supreme Court expanded the scope of "scheme liability" from "makers" to "disseminators" of false or misleading statements and held that parties who disseminate false or misleading statements (i.e. Baiting Orders) with the intent to defraud, can be held primarily liable for employing a scheme or device or engaging in a fraudulent practice or course of business within the meaning of Rule 10b-5(a) and (c) of the Exchange Act of 1934.

Accordingly, Harrington respectfully requests leave to amend its complaint, or alternatively that this Court set a briefing schedule to file a motion for leave to amend.

**Warshaw Burstein, LLP**

Respectfully submitted,

By: /s/ Alan M. Pollack
Alan M. Pollack, Esq.
Leron Thumim, Esq.
Madison N. Kelley, Esq.
WARSHAW BURSTEIN, LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel: 212-984-7700
apollack@wbny.com
lthumim@wbny.com
mkelley@wbny.com

James Wes Christian, Esq.
Ardalan Attar, Esq.
CHRISTIAN LEVINE LAW GROUP, LLC
2302 Fannin, Suite 205
Houston, Texas 77002
Tel: (713) 659-7617
jchristian@christianlevinelaw.com
aattar@christianlevinelaw.com

*Attorneys for Plaintiff Harrington Global Opportunity Fund*

cc: All parties via ECF