# KING & SPALDING

Jamie Dycus
Partner
Direct Dial: + 1 212 556 2211
jdycus@kslaw.com

November 29, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Harrington Global Opportunity Fund, Limited v. CIBC World Markets Corp., et al.*, No. 1:21-cv-00761 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

    We represent TD Securities, Inc. and TD Securities (USA) LLC, and write on behalf of all Defendants in response to Plaintiff Harrington Global Opportunity Fund, Limited's ("Harrington") November 16, 2022 letter (ECF No. 125) seeking a pre-motion conference to obtain leave to file a proposed Second Amended Complaint (the "PSAC"). In Defendants' view, the PSAC is meritless for numerous reasons and amendment is futile. But the parties have conferred and respectfully submit that rather than briefing a motion to amend, the most efficient course is for the Court to permit Harrington to file the PSAC, for Defendants to move to dismiss, and for the Court, consistent with the Private Securities Litigation Reform Act, to stay discovery pending resolution of that motion. The parties plan to submit a stipulation and proposed order to that effect, reserving all rights.

    Harrington brought suit in January 2021 and amended its complaint in May 2021. Both complaints alleged that certain Defendants engaged in spoofing, and that certain other Defendants engaged in naked short selling, of Concordia shares to benefit financially by "buy[ing] Concordia shares at the artificially low prices that they created by their scheme." ECF No. 5 (Compl.) at ¶ 195; ECF No. 63 (Am. Compl.) at ¶ 211. In February 2022, the Court dismissed Harrington's naked short-selling claim but allowed the spoofing claim to proceed, finding that the spoofing theory made "economic sense, albeit tenuously." ECF No. 88 at 14. The remaining parties began discovery, completed their document productions, and are preparing to take depositions.

    During discovery, Harrington requested extensive information about trading by Defendants' customers that Defendants refused to provide on relevance grounds. On August 15, 2022, the Court denied Harrington's motion to compel that discovery, explaining that Harrington had "not articulated any plausible theory under which any currently named Defendant is liable for their customers' trading activity" and that "[t]he allegations in the Amended Complaint … allege only the obvious fact that the named Defendants execute trades for customers, not that those trades give rise to liability." ECF No. 120 at 4.

Harrington now seeks to amend its complaint in an attempt to hold Defendants liable for their customers' trading. Apparently realizing that its allegations in the current pleading that Defendants manipulated the market for their own benefit lack evidentiary support, Harrington seeks to abandon most of those allegations, as Harrington's redline demonstrates. Harrington instead wants to pivot to a new theory, not articulated in the existing complaint, under which Defendants' purported liability arises primarily from alleged spoofing by their customers. *See, e.g.*, PSAC ¶¶ 3, 4, 123 & n.11.[1]

Defendants disagree that Harrington is entitled to a do-over, but believe that the most efficient path forward is to permit Harrington to file the PSAC, while also permitting Defendants to test Harrington's materially new allegations with a motion to dismiss. As Defendants will show, the PSAC is fatally flawed for at least the following reasons:

- **The PSAC Is Time Barred**. The PSAC is untimely under the applicable two-year statute of limitations and five-year statute of repose because Harrington's claims are based on conduct occurring in 2016. *See* 28 U.S.C. § 1658. The PSAC's allegations are materially different from the conduct alleged in Harrington's prior two complaints, so no relation back applies. Nor in any event can relation back ever save a complaint that is untimely under a statute of repose. *See* Fed. R. Civ. P. 15(c); *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 939 F. Supp. 2d 360, 380 (S.D.N.Y. 2013) ("[W]hen a claim is barred by a statute of repose, Rule 15 may not be construed to permit relation back.") (internal quotation marks omitted).

- **The PSAC Fails to State an Exchange Act Claim.** The PSAC "seeks to hold Defendants primarily liable" for "following the directions of their customers to disseminate and/or effect Baiting Orders on Canadian Exchanges … when they knew or recklessly ignored that those orders were intended to defraud the market." PSAC ¶ 4. But the Exchange Act does not impose liability on broker-dealers for executing trades pursuant to customer direction. *See, e.g.*, *Fezzani* v. *Bear, Stearns & Co. Inc.*, 716 F.3d 18, 25 (2d Cir. 2013) (broker-dealer not liable under Section 10(b) for executing trades at share prices artificially inflated by customer as part of customer's scheme to defraud other purchasers); *S.E.C.* v. *Masri*, 523 F. Supp. 2d 361, 375 (S.D.N.Y. 2007) ("purchas[ing] 200,000 shares, without discretion, at the end of a day after [broker's] being directed to do so by his principal" did not support an Exchange Act violation). Harrington still has "not articulated any plausible theory under which any … Defendant is liable for their customers' trading activity." ECF No. 120 at 4. Harrington acknowledges that its novel theory of liability "may involve controlling questions of law for which there is substantial ground for difference of opinion," ECF No. 125 at 3, but this understates the lack of support for Harrington's theory. Defendants are unaware of any decision sustaining a complaint on allegations like those in the PSAC, and Harrington has identified none. At most, the PSAC alleges a violation of a Canadian industry rule, yet such a violation cannot be the basis for a private action under U.S. securities laws. *See, e.g.*, *de Kwiatkowski v. Bear, Stearns & Co., Inc.*, 306 F.3d 1293, 1311 (2d Cir. 2002).

---

[1] Harrington is also abandoning its claims against CIBC's U.S. affiliate.

- **The PSAC Fails to Plead with Particularity Conduct by Specific Defendants**. Harrington has received extensive discovery from Defendants and third parties, including voluminous trading data and electronic communications, *see, e.g.*, PSAC ¶ 121 (stating that Harrington has obtained data reflecting "all orders, cancels and trades" in Concordia), but fails, among other things, to allege facts sufficient to show scienter or provide particularity as the PSLRA requires.  Harrington instead inappropriately conflates Defendants' alleged activities and doggedly refuses to plead specific misconduct by specific Defendants. *See, e.g.*, PSAC ¶¶ 46-47 (alleging that "Defendants" engaged in a single spoofing "scheme" without any allegations of a conspiracy or agreement among them), 50 (alleging number of "baiting orders" entered by "Defendants" collectively), 84-86 (alleging spoofing activity conducted by "TD-Canada, TD-U.S., and their affiliates," without further specification), 93-98 (same as to Merrill), 78-83 (same as to CIBC).  Nor does the PSAC contain any facts that could give rise to the requisite "strong inference" that any Defendant knew or acted with extreme recklessness in ignoring alleged customer spoofing.  *See* 15 U.S. Code § 78u–4(b)(2)(A). As the Court put it in denying Defendants' previous motion to dismiss: "A claim of manipulation can involve facts solely within the defendant's knowledge; therefore, at the early stages of litigation, [Harrington] need not plead manipulation to the same degree of specificity as a plain misrepresentation claim." ECF No. 88 at 13-14 (internal quotation marks omitted).  But Harrington has now taken months of discovery, and Defendants' document productions are complete.  *See* ECF No. 125 at 2 (admitting that the PSAC "replac[es] the analysis contained in the original complaint . . . with a more accurate and fulsome analysis based on what Harrington has learned through party and nonparty discovery").  The PSAC should not receive the deference previously afforded to Harrington.

- **The PSAC's New or Missing Allegations Undermine Harrington's Claims Against Foreign Defendants.**  Some or all Defendants intend to seek dismissal on the ground that the PSAC's new theory and recast of Harrington's allegations concerning the Canadian Defendants' trading activity mean that Harrington cannot satisfy its burden to prove that the Court has personal jurisdiction over the Canadian Defendants and demonstrates the impermissible extraterritoriality of Harrington's claims against them.

The parties will submit for the Court's consideration a stipulation and proposed order setting forth a schedule for the filing of the PSAC and briefing on motions to dismiss, while making clear that Defendants do not waive any of their defenses or arguments concerning the futility of the PSAC.  In the alternative, if the Court prefers, Defendants are prepared to brief an opposition to an eventual motion for leave to file the PSAC.

We are available to discuss at the Court's convenience.

Respectfully submitted,

*/s/ Jamie Dycus*
Jamie Dycus

3

David Lesser
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
(212) 556-2100
jdycus@kslaw.com
dlesser@kslaw.com

*Counsel for Defendants TD Securities, Inc.*
*and TD Securities (USA) LLC*