UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRINGTON GLOBAL OPPORTUNITY
FUND, LIMITED,

               Plaintiff,

v.

CIBC WORLD MARKETS INC., et al.,

               Defendants.

Civil Action: 21-cv-00761 (LGS)

**DECLARATION OF JOHN ANTHONY CANCELLARA
IN SUPPORT CIBC WORLD MARKETS INC.'S
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

I, John Anthony Cancellara, hereby declare pursuant to 28 U.S.C. § 1746 the truth of the following statements based upon personal knowledge and knowledge gained from the review of relevant business records and from discussions with others with such knowledge.

1. I am an adult and competent to testify to the matters below. I submit this declaration in support of the motion of CIBC World Markets Inc. ("CIBC Canada") to dismiss for lack of personal jurisdiction.

2. I am Executive Director in Supervision & Governance at CIBC Canada. I am authorized to make this declaration on behalf of CIBC Canada.

3. CIBC Canada is incorporated in Ontario, Canada and is a Canadian-based subsidiary of the Canadian Imperial Bank of Commerce. CIBC Canada's headquarters, registered office, and principal place of business is at 161 Bay Street, Brookfield Place, Toronto, ON, CA, M5L 1A2.

4. CIBC Canada is a broker-dealer of equity securities and related products. CIBC Canada executes orders in Canada on Canadian securities markets on an agency basis for retail and institutional customers. In order to facilitate certain types of customer orders, CIBC Canada

from time to time executes orders in Canada on Canadian markets on a principal basis for its own account.

5. I have reviewed the Second Amended Complaint ("SAC") and in particular the allegations that between January 27, 2016 and November 15, 2016 (the "Relevant Period") CIBC Canada routed orders for shares of Concordia Healthcare, Inc. ("Concordia") to U.S. markets for execution through U.S. broker-dealer Instinet, LLC. I understand that Plaintiff purports to base these allegations on order data produced in this action by non-party Instinet, LLC (the "Instinet Data"). I have reviewed the Instinet Data.

6. Instinet is an independent third-party that is not affiliated with CIBC Canada.

7. During the Relevant Period, a relatively small number of orders for Concordia shares that passed through CIBC Canada's systems were executed on U.S. trading venues by Instinet. Approximately ninety-nine percent (99%) of those orders, and all that are challenged in the SAC, were entered directly by customers of CIBC Canada. Approximately one percent (1%) of the orders were entered by CIBC Canada for its own account, none of which are challenged in the SAC. I base these conclusions on the following facts:

    a. 99% of the orders in the Instinet Data were marked "A" for agency when transmitted to Instinet, indicating that the orders were entered by customers of CIBC Canada. The other 1% of orders were marked "P" for principal, indicating that CIBC Canada entered the orders for its own account.

    b. Business records of CIBC Canada produced in this case confirm that CIBC Canada executed orders for its own account on U.S. markets on the same days and times as the executed orders marked P in the Instinet Data.

8. The SAC at Paragraphs 87 to 89 alleges that on June 1, 2016 "[f]rom 10:53:25 to 10:58:35, CIBC Canada and its affiliates placed 600 shares of Baiting Orders on U.S. Markets through Instinet LLC"; that "[a]t 10:58:25 CIBC Canada and its affiliates … executed Executing Purchases to buy a total of 100 shares"; and that "[b]y 11:03:25 CIBC-Canada and its affiliates had cancelled all their Baiting Orders" (the "June 1st U.S. Trading Activity").

9. The orders for Concordia shares identified in the June 1st U.S. Trading Activity were entered directly by customers of CIBC Canada. CIBC Canada did not enter the orders. CIBC Canada customers elected to have the orders routed to U.S. markets. A U.S. broker-dealer not affiliated with CIBC Canada executed the customer orders on U.S. markets. I base my conclusions on the following facts:

   a. The orders are marked "A" rather than "P" in the Instinet Data, indicating that the orders were entered by customers rather than by CIBC Canada for its own account.

   b. Concordia's shares are interlisted on the Toronto Stock Exchange and on the NASDAQ stock market and traded on Canadian and U.S. markets. When CIBC Canada customers place orders for interlisted securities, those orders are routed to U.S. markets only if a customer elects to have the orders routed to U.S. markets in order to achieve best execution or for some other reason.

   c. Instinet was the executing broker-dealer on the orders in the Instinet Data. Instinet is not an affiliate of CIBC Canada. CIBC Canada has only one affiliate in the U.S., CIBC World Markets, Corp. ("CIBC US"). CIBC US was not involved in executing the orders in the Instinet Data on U.S. markets.

   d. The customers are not affiliates of CIBC Canada. Rather they are independent third parties that use both the CIBC Canada and Instinet systems to execute trades.

10. The SAC at Paragraphs 90 to 92 alleges that on June 24, 2016 "[f]rom 15:27:40 to 15:32:40 CIBC-Canada and its affiliates placed 28,100 shares of Baiting Orders on the U.S. Markets through Instinet LLC"; that at 3:32 p.m. "CIBC Canada and its affiliates … executed Executing Purchases to buy a total of 100 shares"; and that by 3:37 p.m. "CIBC Canada and its affiliates had cancelled all their Baiting Orders" (the "June 24th U.S. Trading Activity").

11. The orders for Concordia shares identified in the June 24th U.S. Trading Activity were entered directly by customers of CIBC Canada. CIBC Canada did not enter the orders. CIBC Canada customers elected to have the orders routed to U.S. markets. A U.S. broker-dealer not affiliated with CIBC Canada executed the customer orders on U.S. markets. I base my conclusions on the fact that the orders are marked "A" rather than "P" in the Instinet Data, and on the additional facts offered in support of my statements in Paragraph 9 above.

12. As the executing broker, Instinet is responsible for trade execution surveillance of the U.S. trading activity described in the SAC.

13. CIBC Canada did not employ personnel in the U.S. with responsibility for any trading activity described in the SAC.

Pursuant to 28 U.S.C. 1748, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 27, 2023          __John Cancellara_____
                                                                                  John Anthony Cancellara

4