

O'Melveny & Myers LLP  
Times Square Tower  
7 Times Square  
New York, NY 10036-6537

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com

**Abby F. Rudzin**  
D: +1 212 326 2033  
arudzin@omm.com

February 12, 2024

The Honorable Lorna G. Schofield  
United States District Court, Southern District of New York  
500 Pearl Street  
New York, NY 10007

**Re:** *Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al.*, No. 1:21-cv-00761 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

  We write on behalf of the Merrill Lynch Defendants regarding Plaintiff Harrington Global Opportunity Fund, Ltd.'s failure to comply with Your Honor's February 1 order (ECF No. 189). That order directed Harrington to either (1) comply with the Court's December 13, 2023 order (ECF No. 167), i.e., "provide to Defendant information identifying each trade upon which the Complaint is based," or "[i]f Plaintiff does not have information that identifies the alleged baiting orders with greater specificity," (2) "file a letter stating as much by February 7, 2024" (ECF No. 189, at 1-2). Harrington has done neither. We met and conferred with Harrington's counsel by phone on February 9 but were unable to resolve this issue. We now respectfully ask that Harrington be compelled to comply with the Court's February 1 order.

  Harrington has not provided information "identifying each trade upon which the Complaint is based," the first choice the Court afforded it. (*See id.* at 1-2.) Harrington alleged that Merrill Lynch had entered and subsequently canceled "Baiting Orders" totaling *precisely* 85,133,679 shares. (SAC ¶ 56 (ECF No. 133).) Harrington responded to the Court's December 13, 2023 order by producing data for orders totaling more than 124 million shares, without distinguishing the alleged Baiting Orders from the other Merrill Lynch orders for nearly 40 million shares that Harrington included in the production. So while Harrington's production might *contain* data concerning the alleged Baiting Orders, it does not "identify" those orders, as this Court has now repeatedly directed Harrington to do.

  Nor does Harrington's February 7 letter satisfy the alternative option that the Court's February 1 order offered: for Harrington to file a letter stating that it "does not have information that identifies the alleged baiting orders with greater specificity than has already been provided to Defendants." (ECF No. 189, at 2.) Instead of complying with that instruction, Harrington seeks to relitigate the Court's earlier orders by arguing that, in fact, its data production was "not a reflection of Harrington withholding any data, but rather Harrington not providing its underlying analysis." (ECF No. 190, at 2-3.) But the Court has already rejected Harrington's argument that identifying the Baiting Orders would improperly reveal Harrington's expert analysis, holding that

Harrington waived any work product protection over how it calculated its precise numbers by relying on them to withstand Merrill Lynch's motion to dismiss.  (*See* ECF No. 167, at 2.)

Harrington also attempts to side-step the Court's February 1 order by asserting that "the data that Harrington produced—all temporally proximate market activity—is all relevant.  To omit any of it would mean to fail to capture spoofing."  (ECF No. 190, at 2.)  But the Court's assignment to Harrington was not to identify "all temporally proximate market activity" or to "capture spoofing."  It was that Harrington identify the Baiting Orders *it was talking about* in its complaint—or else state that it cannot.  Similarly unhelpful is Harrington's contention that "the data that Harrington produced *include* all the underlying data . . . that it used to allege that Merrill placed Baiting Orders totaling 85,133,679 shares."  (*Id.* (emphasis added).)  The Court did not tell Harrington to include the Baiting Orders among a larger undifferentiated set of Merrill Lynch orders but to specifically *identify* them.

Other aspects of Harrington's lengthy letter fare no better.  Harrington presents a didactic explanation of its view of spoofing and refers to its supposedly "holistic" analysis of market data.  But 85,133,679 is not a "holistic" number, and Harrington pleaded that Merrill Lynch improperly placed and subsequently canceled orders for precisely that number of shares.  (SAC ¶ 56.)  Harrington's statement that it never "isolate[d] and match[ed] a limited set of Baiting Orders on a one-to-one order-identifier basis" with their cancellations (ECF No. 190, at 2) appears to be an admission that it lacked a good-faith basis for the figures it alleged in its complaint.  And in denying Defendants' motion to dismiss, the Court explicitly credited Harrington's argument that "the SAC illustrate[d] 'how *Harrington distinguishes* alleged 'Baiting Orders' from any other sell orders.'"  (ECF No. 147, at 12 (quoting Harrington's opposition (ECF No. 141, at 15 n.9) (emphasis added)).)  Harrington should not be heard to argue that it need not draw such distinctions now.

The Court's instruction to Harrington was clear: Harrington must provide additional information "identifying each trade upon which the Complaint is based" or state that it cannot do so, i.e., admit that, despite its very specific allegation about the quantity of shares attributable to orders Merrill Lynch supposedly entered and subsequently canceled, Harrington cannot identify those orders.  One way or the other, Harrington should comply.

\* \* \*

Application DENIED.  The February 1, 2024, Order directed Plaintiff to "provide Defendants with the information described in the December 13, 2023, Order, with the level of specificity possessed by Plaintiff."  In its February 7, 2024, letter, Plaintiff stated "[t]hat is what Harrington has done."  Accordingly, the Court interprets Plaintiff's letter to mean that it does not possess information with a greater level of specificity than has already been provided.

Ultimately, it will be Plaintiff's burden, on either summary judgment or at trial, to prove its allegations using data it has provided to Defendants.  Defendants shall comply with their discovery obligations to the best of their ability based on the information Plaintiff has provided.

Dated: February 13, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE