# HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Avenue*
*New York, New York 10017*
*www.hsgllp.com*

*Gregory J. Dubinsky*
*(646) 837-5151*
*gdubinsky@hsgllp.com*

March 4, 2024

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Harrington Global Opportunity Fund, Ltd. v. BofA Securities, Inc.</u>, No. 21-CV-761

Dear Judge Schofield:

    We write on behalf of Plaintiff Harrington Global Opportunity Fund, Limited ("Harrington"). On February 1, 2024, the Court adjourned the fact discovery deadline in this matter to May 10, 2024 and required Defendants to "file a letter certifying that they have substantially completed their document productions, including compliance with the January 10, 2024, Order" by March 1, 2024. ECF No. 189 at 2. On March 1, Defendants each filed letters certifying that they have substantially completed their document productions. ECF No. 195; ECF No. 197; ECF No. 198.

    Harrington respectfully writes to inform the Court that Defendants' document productions, including compliance with the Court's January 10, 2024 Order, are not substantially complete. As Harrington informed Defendants before and on March 1, 2024, Defendants have seemingly failed to search for and produce entire categories of key documents and communications, including, among other items, communications related to their clients' trading in Concordia during the relevant period, algorithms relating to the market activity that is at the core of this case, stock journals concerning client trades in Concordia, documents and communications sufficient to identify the parties, trading strategies, and portfolio managers responsible for Defendants' or their clients' trading and order activity in Concordia shares, and documents showing Defendants' relevant profit and loss from client trading in Concordia. Defendants' productions have been highly limited; Defendants' productions collectively are in the very low thousands of documents. *Compare Fort Worth Empls. Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 101–02 (S.D.N.Y. 2013) (noting that, in securities case, defendant J.P. Morgan had "turned over roughly 100,000 documents thus far and anticipate[d] producing millions of additional pages of responsive documents" (internal quotation marks omitted)). Indeed, one Defendant, CIBC, has so far produced only a handful of emails sent by a human being. Moreover, even as to the limited set of documents that have been produced, the parties are meeting and conferring to resolve a number of open issues.

Harrington is attempting to resolve outstanding issues in good faith.  Unless the parties are able to resolve deficiencies promptly, Harrington expects to raise to the Court, as soon as practicable, Defendants' failures to produce key, non-privileged documents going to the heart of this case.

Respectfully submitted,

HOLWELL SHUSTER & GOLDBERG LLP

By:  /s/ *Gregory J. Dubinsky*
Richard J. Holwell
Gregory Dubinsky
Andrew C. Indorf
Aditi Shah
425 Lexington Avenue
New York, NY 10017
Tel.: (646) 837-5151
rholwell@hsgllp.com
gdubinsky@hsgllp.com
aindorf@hsgllp.com
ashah@hsgllp.com

WARSHAW BURSTEIN LLP
Alan M. Pollack
Felicia S. Ennis
Thomas Filardo
Leron Thumim
Matthew A. Marcucci
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel.: (212) 984-7700
apollack@wbny.com
fennis@wbny.com
tfilardo@wbny.com
lthumim@wbny.com
mmarcucci@wbny.com

CHRISTIAN ATTAR
James Wes Christian
Ardalan Attar
2302 Fannin, Suite 205
Houston, Texas 77002
Tel.: (713) 659-7617
jchristian@christianattarlaw.com
aattar@christianattarlaw.com
