# Exhibit 1

**From:** Thumim, Leron <lthumim@wbny.com>
**Sent:** Monday, October 23, 2023 8:35 PM
**To:** Hauser, Sandra D. <sandra.hauser@dentons.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Pollack, Alan <APollack@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>
**Subject:** RE: Harrington v. CIBC Meet and Confer -- CIBC

**[WARNING: EXTERNAL SENDER]**

Steve,

During our meet and confer, we discussed a possible compromise approach to our initial discovery ask—in which we would give you data for the spoofing episodes identified as associated with CIBC in the chart in paragraph 56 of the SAC, and in return, CIBC would produce to us complete trading and order data (with the exception of customer names) for trades and orders in the vicinity of those spoofing episodes. We have spoken with our expert and concluded that such a production would be insufficient. Rather, we also require a production of trade and order data encompassing <u>all</u> trades and orders in Concordia placed and executed under the CIBC umbrella throughout the relevant period.

The spoofing episodes referenced in the chart in paragraph 56 of the SAC are <u>not</u> necessarily all the spoofing episodes that CIBC is alleged to have participated in during the Relevant Period, and Harrington's claims are not limited to the episodes referenced in the chart. Rather, the chart refers only to the spoofing episodes that we were able to identify from the limited set of deanonymized data that we were able to obtain regarding in trading in Concordia on NASDAQ and the TSX. Only once we have data for <u>all</u> trades and orders in Concordia placed or executed by CIBC during the relevant period will we be in a position to identify the <u>full</u> set of spoofing episodes CIBC engaged in. The full set of spoofing episodes is relevant and essential to Harrington's claims for several reasons. *First*, they are included in the SAC's claims. *Second*, they are relevant for scienter, in that the more spoofing episodes that occurred, the stronger the evidence that CIBC knowingly or recklessly participated in schemes to manipulate the market by spoofing. *Third*, a determination of the full amount of spoofing in Concordia that occurred during the relevant period is relevant to any determination of damages.

All of that said, we are mindful of the need for proportionality, and accordingly offer the following compromise regarding the production of trade and order data.

**For the spoofing episodes that we have already identified and which are referenced in paragraph 56 of the SAC**:
- For each of the spoofing episodes referenced in the chart in paragraph 56 of the SAC, we will provide the time and date of the executing purchase.

1

  CIBC will produce data for <u>all</u> trade and order activity occurring within 30 minutes of the executing purchase.
- All trading and order data produced by CIBC will be provided in the format requested in our RFPs, and with all the data fields specified in our RFPs (with the sole exception being that for this initial production of trading and order data, CIBC will replace customer/originator/source names with unique identifiers associated with that customer/originator/source).
    - For the avoidance of doubt, this means that even if a customer has multiple accounts with CIBC, all accounts associated with that customer will share the same unique identifier indicating that that customer is the source of those orders and trades.
    - To be clear, in addition to basic information on the trade and order events such as timestamps, quantities, prices, etc.—all specified in our RFPs—the following fields <u>must</u> be included with the trading data:
        - The order identifier(s) and the identifier(s) for any parent order(s);
        - The identity of the counterparty of the order, trade or transaction, if known;
        - The capacity in which the order was sent (agent vs. principal);
        - The Source ID for the trade or order;
        - The unique identifier that will be common to all trades and orders originating from each customer/originator/source, regardless of whether that customer/originator/source used multiple account numbers.
- Data dictionaries sufficient to identify the meaning of each field in each file containing trading and order data.

**For the rest of the trade and order activity:**
- CIBC will produce data concerning CIBC's trading and order activity in Concordia's shares on U.S. and Canadian exchanges, alternative trading systems and other trading venues, including:
    - Parent orders;
    - Child order messages (including creation, cancellations, updates, modifications, and other relevant updates); and
    - Execution and any other transaction data.
- The data produced should encompass orders sent by CIBC to <u>any</u> counterparty, not only exchanges. (We have observed order flow and correspondent clearing through other entities and will be comparing the data received to all productions we have received from nonparties.)
- This data shall be produced with the fields specified in section 12 of the instructions in our RFPs.
- If Harrington identifies additional spoofing episodes, Harrington will provide data for those spoofing episodes to CIBC, after which CIBC will provide the more complete data requested above.

Although we believe that the above proposal represents a reasonable first step for the production of trading data, Plaintiff reserves all rights to later seek production of the full discovery it has requested, including the deanonymized names and contact information for all of CIBC's customers that traded or placed orders in Concordia during the relevant period.

Please let us know whether CIBC accepts this proposal; if so, we will promptly produce the data for the CIBC spoofing episodes.

Best,



Leron Thumim · Counsel
Warshaw Burstein, LLP
575 Lexington Avenue · New York, NY 10022 · www.wbny.com
Direct Telephone:  212-984-7833 · Facsimile:  212-972-9150
E-Mail:  lthumim@wbny.com

_____

NOTICE: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential or exempt from disclosure under applicable law. If you are not the intended recipient of this message, or the employee or agent responsible for delivering this message to the intended recipient, you are advised that any dissemination, distribution or copying of this message, or acting on the information contained herein, may be a violation of applicable law and is strictly prohibited. If you have received this message in error, please notify the sender immediately by replying to this message.