**DENTONS**

**Sandra D. Hauser**

sandra.hauser@dentons.com
D   +1 212-768-6802

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States
dentons.com

March 21, 2024
*VIA ECF*

The Honorable Lorna G. Schofield
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Harrington v. BofA Securities, Inc., et al.*, 21-cv-00761 Response to Rule 37.2 Letter (ECF No. 208)

Dear Judge Schofield:

      This firm represents defendant CIBC World Markets, Inc. ("CIBC").  CIBC sought relief from this Court regarding Plaintiff Harrington Global's ("Harrington") demand for deanonymized customer data (ECF No. 203, "CIBC's Motion").  The only issue before the Court on CIBC's Motion was Harrington's demand for deanonymization of data.  It was Harrington who drafted the Joint Statement framing the issue in CIBC's Motion, which spoke exclusively to the issue of whether already produced data should remain masked (*Id.*).  This Court granted CIBC's request that its customer data remain "anonymized" except in those instances of "specific trades Harrington identifies that occurred in the same millisecond and that may be relevant to Plaintiff's allegations of coordination." (ECF No. 207.)  CIBC was therefore shocked when Harrington asserted that the Court had granted *its* "cross-motion" and compelled CIBC to re-produce a new and incredibly broad set of data when that issue, namely the scope of CIBC's already completed production, **was never before the Court.**  CIBC respectfully asks this Court to affirm that its Order (ECF No. 207) addressed the issue at hand – anonymization – not the scope of a previously agreed and long ago completed production.[1]

      This Court directs parties to prepare a Joint Statement on discovery motions. (ECF No. 189.)  Here, Harrington drafted the Joint Statement for CIBC's Motion, which identified the disputed issues as "(i) Harrington's request that CIBC produce customer-identifying information, and (ii) CIBC's refusal to do so." (ECF No. 203.)  The Joint Statement *did not* identify a dispute about the scope of data produced by CIBC pursuant to the parties' prior agreement.  Harrington's fictional "cross-motion" to compel a different scope of production violates this Court's Local Rules and practices requiring the parties to meet and confer on such issues before seeking Court intervention and should denied for this simple and straightforward reason.  *See* L.R. 37.2; ECF No. 189.

      The discovery negotiation history is critical here if the Court does choose to consider the merits of Harrington's new, broadened discovery demand.  On November 15, 2023, CIBC and Harrington reached an agreement regarding the scope of CIBC's data production. (ECF No. 206-1, wherein Harrington's counsel stated, "We are in agreement.")  Per that agreement, counsel for Harrington agreed to accept from CIBC:

---

[1] Notably, the docket does not describe Harrington's filing (ECF No. 205) as a motion seeking affirmative relief, and this Court's order only addresses CIBC's requested relief, not Harrington's ("CIBC's request for a Protective Order is GRANTED in part." (ECF No. 207). Accordingly, the Court viewed Harrington's response as just that – a response, not a motion to compel.

> (1) information for all trades and orders … for the entirety of the relevant period, but <u>without</u> unique identifiers for customers; and
>
> …
>
> (2) the data regarding trades and orders within the 30-minute spoofing windows surrounding the executing purchases, with unique customer identifiers.

(*Id.* pp. 1, 3, emphasis in original.)

CIBC produced data in both categories pursuant to the parties' agreement on December 27, 2023. It is no surprise that Harrington agreed with CIBC to these categories and limitations, because CIBC *produced all data of possible relevance* with masked identifiers to Harrington's claims – *i.e.*, data for all trading activity proximate in time to Harrington's alleged spoofing episodes. *See Nw. Biotherapeutics, Inc. v. Canaccord Genuity LLC*, No. 22CIV10185GHWGS, 2023 WL 9102400, at *29 (S.D.N.Y. Dec. 29, 2023), *report and recommendation adopted sub nom. Nw. Biotherpeutics, Inc. v. Canaccord Genuity LLC*, No. 1:22-CV-10185-GHW-GS, 2024 WL 620648 (S.D.N.Y. Feb. 14, 2024) ("In *Gamma Traders*, the Second Circuit held that courts 'cannot reasonably infer that spoofing's effects last throughout the day' in the absence of factual allegations justifying an inference that the effects of the spoof linger for that long. Thus, absent such allegations, '[e]ven pleading same-day, post-spoof trades does not justify an inference of injury.") (citing *Gamma Traders – I LLC v. Merrill Lynch Commodities, Inc.*, 41 F. 4th 71, 80 (2d Cir. 2022)). The remainder of the data – that it now wants re-produced with unique masked identifiers – is not relevant to the alleged spoofing episodes.

The recent meet and confer process and CIBC's Motion addressed the masked data CIBC produced, because Harrington now wanted this data with customer names instead of "unique customer identifiers." The scope of CIBC's remaining data production ***was not*** at issue in any of the meet and confers between the parties or addressed in connection with CIBC's request for a protective order. Notably, per Harrington's own request, each of the Defendants certified on March 1, 2024 that its production was substantially complete. (*See* ECF Nos. 195, 197, and 198.) It is patently unfair for Harrington to claim that – via a single half-line in a letter to the Court that it asserts was a "cross-motion" – the Court somehow ruled that Harrington can repudiate the agreement it made in November 2023 regarding the scope of discovery, and demand that CIBC ***re-produce*** entirely irrelevant and overbroad data. Harrington merely asked for relief in its favor, opposing the relief CIBC requested – *i.e.*, whether produced data can properly be unmasked in light of the serious privacy and relevance concerns raised by CIBC.

This is just another example of Harrington's refusal to abide by the agreement it entered regarding the scope of discovery – yet this time Harrington is attempting to get around that by misrepresenting its own filings and this Court's Order. Enough is enough. It is critical that the Court enforce the parties' discovery agreement according to its terms. "Courts enforce discovery deals not only because lawyers should abide by their agreements, **but also because if the parties could not rely on courts to enforce discovery agreements, there would be little incentive for parties to make them**." *See PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20CV5649LAKBCM, 2022 WL 18027565, at *6 (S.D.N.Y. Dec. 30, 2022) (enforcing parties' discovery agreement and denying motion to compel) (emphasis added); *see also Pinks v. M&T Bank Corp.*, No. 13CV1730LAKRLE, 2016 WL 1216813, at *4 (S.D.N.Y. Mar. 25, 2016) (enforcing parties' discovery agreement to deny motion to compel additional discovery).

In addition to relevance and proportionality, CIBC and Harrington reached the November 15, 2023 agreement due to the immense scope of the data sought by Harrington if there was literally

no limitation as to timing of orders/trades within the "Relevant Period."  Applying consistent masking identifiers is a burdensome, time consuming endeavor, requiring close attention to detail in a massive data set.  In demanding that CIBC start over again from square one and **re-**produce additional anonymized data – *none* of which relates to the alleged spoofing episodes in the Second Amended Complaint – Harrington is asking CIBC to re-produce and mask approximately **127,800,000 additional lines of data**.  This eleventh-hour demand – which essentially restarts discovery and could lead to substantial delays and to no relevant end – would impose substantial burden on CIBC and is not proportional to the needs of the case.  If ultimately any re-production is ordered, it must be at Harrington's expense for having reneged on its deal, not CIBC's.  Fed. R. Civ. P. 26(b).

It is critical that the parties move forward to complete discovery instead of retreading issues that were resolved months or even years ago.  CIBC fully intends to comply with any Order of this Court.  It simply asks that this Court not countenance gamesmanship by Harrington in overreading this Court's prior order in a disingenuous way.  CIBC respectfully asks this Court to deny the relief requested by Harrington in its March 20, 2024 Letter (ECF No. 208), affirm that Harrington abide by the Parties' agreement as to its long-completed data production, and allow this case to move towards completion of discovery.

Sincerely,

*/s Sandra Hauser*

Sandra D. Hauser
Stephen Senderowitz
Timothy Storino
DENTONS US LLP
1221 Avenue of Americas
New York, New York 10020
Telephone: (212) 768-6700
Fax: (212) 768-6800
*Attorneys for Defendant CIBC World Markets, Inc.*

126474031