# HOLWELL SHUSTER & GOLDBERG LLP

425 Lexington Avenue
New York, New York 10017

*Richard J. Holwell*
*(646) 837-5151 | rholwell@hsgllp.com*

March 20, 2024

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
500 Pearl Street, New York, NY 10007

Re:   *Harrington Global Opportunity Fund, Ltd. v. BofA Securities, Inc.*, No. 21-CV-761

Dear Judge Schofield:

We write on behalf of Plaintiff Harrington Global Opportunity Fund, Ltd. ("Harrington") to respectfully seek relief in connection with Defendant CIBC World Markets, Inc.'s ("CIBC") refusal to abide by the Court's March 18 Order. Dkt. 207. CIBC baselessly asserts that the Court—which directed CIBC to "provide generally the data Harrington seeks in anonymized format" (*id.* at 4)—"did not order CIBC to produce further anonymized data beyond what CIBC produced months ago pursuant to the parties' discovery agreement." Ex. 1 at 6.[1] Indeed, during a meet-and-confer earlier today, CIBC brazenly claimed that the Court's March 18 Order did not grant any relief to Harrington. CIBC's reading of the Order is meritless, and the Court should not brook CIBC's gamesmanship in refusing to comply with its unambiguous Order. Harrington respectfully requests that the Court direct CIBC to fully comply with the March 18 Order and produce all anonymized trade and order customer data for the Relevant Period. *See* Dkt. 205 at 1, 3 (setting forth the data Harrington sought).

As the Court knows, Harrington explained that CIBC had produced only "(1) anonymized identifiers for client orders in 15-minute windows of executing purchases identified in the SAC and (2) **zero** identifying information—including anonymized identifiers—for all remaining orders (the vast bulk)." *Id.* at 1.[2] Harrington thus opposed CIBC's motion for a protective order and moved the Court for an order directing "CIBC to produce all deanonymized trade and order data for the Relevant Period." *Id.* at 1, 3 (emphasis added).

In its March 18 Order, the Court did not hold that CIBC was required to produce all deanonymized trade and order data, but instead ordered that "CIBC shall provide generally the data Harrington seeks in anonymized format" and "shall provide deanonymized data for specific trades Harrington identifies that occurred in the same millisecond and that may be relevant to Plaintiff's allegations of coordination." Dkt. 207 at 4.

On March 19, citing the Court's Order, Harrington asked CIBC to "confirm that CIBC will produce promptly" the anonymized "trade and order data for the Relevant Period." Ex. 1 at 6–7. CIBC responded as follows: "Your email fundamentally misapprehends the court's order. CIBC moved for

---

[1] JOINT STATEMENT: The parties emailed on March 19 and met and conferred by video conference on March 20, but were unable to resolve their disagreement as to whether the Court's March 18 Order directed CIBC to produce any anonymized trade data beyond what CIBC has already produced.

[2] Harrington's March 12 letter also noted that CIBC fully redacted customer names from certain emails concerning suspicious trading activity. *See* Dkt. 205 at 2 n.4. Although CIBC initially refused to provide anonymized customer identifiers associated with those customers following the Court's March 18 Order, CIBC has since agreed to provide the requested customer identifiers, in anonymized form, for each of the customer(s) referenced in those emails.

a protective order and the court granted it. The court did not order CIBC to produce further anonymized data beyond what CIBC produced months ago pursuant to the parties' discovery agreement." *Id.* at 5–6. After Harrington informed CIBC that the Court's Order "encompasse[d] CIBC customer trade and order data for the Relevant Period," CIBC responded that Harrington's "broad reading of the Order is nothing short of extreme hubris[.]" *Id.* at 4–5.

CIBC is, of course, flatly wrong about the Court's Order. As CIBC misleadingly omitted in its communications with Harrington (Ex. 1), the Court granted CIBC's motion only "in part." Dkt. 207 at 4. CIBC requested an order "declaring that CIBC need not 'unmask' its data or document production, nor otherwise disclose identifying information about its customers." *Id.* at 1. Meanwhile, Harrington requested an order compelling CIBC to produce all deanonymized trade and order data for the Relevant Period, explaining that it needed to "prove up all spoofing activity, including spoofing coordinated via related entities and accounts." Dkt. 205 at 2.

Balancing the parties' concerns, the Court ordered that (1) Harrington <u>is</u> "generally" entitled to "the data Harrington seeks"—i.e., full customer trade and order data for the Relevant Period—"in anonymized format" and (2) to ensure that Harrington could prove spoofing activity coordinated by related accounts and entities, Harrington <u>is</u> entitled to "deanonymized data for specific trades Harrington identifies that occurred in the same millisecond and that may be relevant to Plaintiff's allegations of coordination." Dkt. 207 at 4.

Because CIBC has not produced even anonymized identifiers beyond a tiny fraction of customer orders, CIBC's refusal to provide anonymized data for the entire Relevant Period as the Court ordered will—as CIBC well knows—prevent Harrington from conducting an analysis to identify "specific trades . . . that occurred in the same millisecond" to show coordination among different customer entities and accounts. Dkt. 207 at 4. Thus, CIBC would have Harrington hamstrung in seeking to prove up all spoofing, including that coordinated via different entities and accounts. That is plainly not what the Court ordered.

*       *       *

CIBC's unfortunate gamesmanship is the latest in a train of delays and other meritless discovery positions that Defendants have taken. Harrington respectfully requests the Court to direct CIBC to fully comply with its March 18 Order and produce forthwith <u>all</u> customer trade and order data for the Relevant Period in anonymized format.

Application GRANTED. As the March 18, 2024, Order directed, CIBC shall provide the data Harrington seeks in anonymized format. CIBC shall provide deanonymized data for specific trades Harrington identifies that occurred in the same millisecond and that may be relevant to Plaintiff's allegations of coordination.

The parties are reminded of the February 1, 2024, Order stating that, for all discovery disputes, the parties shall meet and confer in a good-faith effort to resolve the dispute prior to filing a letter with the Court. The Court is not convinced by the perfunctory footnote in this letter that the parties have made a good-faith effort to first resolve this dispute without Court involvement. Any future requests regarding discovery must be preceded by at least an hour of good-faith, in-person or video conferenced negotiations. Any letter motion shall include a statement by both parties explaining what concessions were offered in negotiations and why negotiations were not fruitful.

Dated: March 21, 2024
New York, New York

Respectfully submitted,

HOLWELL SHUSTER & GOLDBERG LLP

By: /s/ *Richard J. Holwell*
Richard J. Holwell
Gregory Dubinsky
Andrew C. Indorf
Aditi Shah
425 Lexington Avenue
New York, NY 10017
Tel.: (646) 837-5151
rholwell@hsgllp.com
gdubinsky@hsgllp.com

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2