**HOLWELL SHUSTER & GOLDBERG LLP**

Gregory J. Dubinsky
(646) 837-5151 · gdubinsky@hsgllp.com

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
500 Pearl Street, New York, NY 10007

Defendants shall respond no later than **April 30, 2024**.

So Ordered.

Dated: April 25, 2024
New York, New York

*[signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Harrington Global Opportunity Fund, Ltd. v. BofA Securities, Inc.*, No. 21-CV-761

Dear Judge Schofield:

We write on behalf of Plaintiff Harrington to request a pre-motion conference to compel Merrill to provide—within three business days of the Court's order—complete responses to (1) Interrogatories 1, 3, 4, and 5 seeking names of persons with relevant knowledge or information; (2) the six compliance-related topics (the "Six Categories") for which the Court ordered Merrill to identify persons on January 10, 2024.[1]

Harrington has endeavored to advance discovery within the given timeframe, but Merrill's strategy has been to stonewall and deprive Harrington of basic information. Merrill's refusal to provide complete responses has stymied Harrington's efforts to negotiate custodians for types of documents Merrill has yet to produce. This includes, critically, communications between Merrill employees and clients or among Merrill employees regarding client trading in Concordia. Merrill's complete responses also are necessary for Harrington to determine appropriate individuals to depose. Merrill has refused to negotiate reasonably. For example, Merrill has refused, without explanation, to provide an organization chart identifying employees during the Relevant Period even though it would significantly aid efforts to reach a compromise on appropriate custodians to search for client communications. Merrill's obstructionist conduct must end.

**Interrogatory 1:** Harrington's Interrogatory 1 asks Merrill to identify "all Persons with knowledge and/or information concerning the subject matter of this action, and for each such Person describe their knowledge and/or information concerning the subject matter of this action." Notwithstanding the fact that the "subject matter of this action" includes issues ranging, for example, from day-to-day knowledge of principal and client trading in Concordia and Merrill's client trading program in general to the profit and loss generated from clients who traded in Concordia, to date Merrill has identified ***only two employees*** with knowledge on ***only one topic***, "[t]he policies, procedures and practices concerning how [Merrill] placed, executed, and cancelled trades during the Relevant Period." This is obviously inadequate. Even on its own terms, Merrill's position that only two persons have knowledge of trading practices by these broker-dealers engaging in vast amounts of trading beggars belief. *BMO Harris Bank, N.A. v. Platinum Rapid Funding Grp., Ltd.*, 2023 WL 9101321, at *1 (S.D.N.Y. Dec. 27, 2023) (directing supplemented responses to

---

[1] JOINT STATEMENT: Harrington seeks to compel responses or amended responses to Interrogatories 1, 3, 4, and 5 and to compel Merrill to identify additional persons with knowledge of six compliance-related topics. The parties met-and-conferred via Zoom on April 18, with discussions including each item, and held a 60-minute call on March 7, with discussions including Interrogatory 4. Harrington explained its view that Merrill's responses to Interrogatories 1 and 3 do not reflect reasonable searches. Merrill responded that the individuals it has identified are a sufficient response. The parties also disagree regarding the scope of Interrogatory 3. On Interrogatory 4, the Court granted Harrington's motion to compel Merrill to respond to it on January 10. Merrill explained its view that it had conducted a reasonable investigation and responded with the information it could obtain; Harrington disagreed that Merrill's response reflects a reasonable search. On Interrogatory 5, Harrington asked Merrill whether, as a compromise to resolve one issue, Merrill would identify persons who possessed or controlled ESI for which metadata do not identify any individual custodian; Merrill responded that some documents, such as firm-wide policies, do not have an individual document custodian, and it has complied with the ESI Protocol in providing metadata. Harrington also reiterated its view that Merrill's response to Interrogatory 5 does not reflect a reasonable search; Merrill disagreed. On the six categories, Harrington requested a date certain for Merrill's responses; Merrill said that it had provided the information it could obtain and was unable to promise a date for any additional information.

interrogatories asking "all persons with document knowledge" where defendant identified "only" one person, as "[t]he Court does not credit Defendant's assertion that [this] is the only person with knowledge").

Merrill has offered shifting explanations for how it came to identify only two persons. Merrill initially represented that its approach was to identify the "person most knowledgeable" rather than "all Persons" likely to have knowledge as requested by the Interrogatories. During the parties' last meet-and-confer, Merrill changed its tune and claimed it conducted a "reasonable search" and chose to identify those two employees only. Whatever Merrill's actual approach, it has not complied with its discovery obligations. First, Merrill cannot simply cherry-pick the one or two persons it deems "most knowledgeable." *Edebali v. Bankers Standard Ins. Co.*, 2016 WL 4621077, at *2 (E.D.N.Y. Sept. 6, 2016) ("[T]he responding party is required to make an inquiry and obtain information . . . to fully and completely answer the interrogatories[.]") (quotation marks omitted); *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 286 (E.D.N.Y. 2009) ("[N]o reasonable person, especially an attorney, could dispute that the *initial* step in resolving [the discovery] conflict would be to seek the guidance of the Court rather than pick a route of its own unilaterally."); Fed. R. Civ. P. 33(b)(3). Second, as to its latest position, Merrill has not explained how it chose to identify only two employees, even while it admits they are not "all Persons" likely to have knowledge and refuses to provide any information on its investigation. "[L]itigation is not a game, and . . . [p]artial compliance does not satisfy a party's discovery obligation." *Benthos Master Fund, Ltd. v. Etra*, 2022 WL 1527315, at *12 (S.D.N.Y. Mar. 14, 2022); *see also Edebali*, 2016 WL 4621077, at *2 ("a party's failure to describe his efforts to obtain the information sought . . . renders his responses insufficient").

To the extent Merrill objects to Interrogatory 1 as "overbroad," "burdensome," "not proportional," or "vague," it is well-established that "[b]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, while producing no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse." *Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012) (second alteration in original) (quotation marks and citation omitted). "A party resisting discovery has the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, . . . by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* at 128–29 (quotation marks and citation omitted). Merrill has not substantiated its objections. Thus, Harrington is entitled to ***the names and positions of all former and current Merrill employees likely to have knowledge regarding the claims and defenses in this case***.

**Interrogatory 3:** Interrogatory 3 asks Merrill to identify "all Persons who traded in any of Concordia's shares on U.S. and/or Canadian exchanges on behalf of or at the direction of Merrill during the Relevant Period." This Interrogatory calls for all former and current Merrill employees who traded in Concordia during the Relevant Period on behalf of or at the direction of Merrill, whether for (1) Merrill's principal accounts or (2) Merrill's clients. Until ***Monday, April 22***, Merrill had not identified ***any names*** in response to Interrogatory 3. On April 22, Merrill ***identified only four trading employees***, the same trading employees whose ESI it happens to have already searched. Merrill has refused to perform a separate search to identify all responsive persons. Although it has now identified these four trading employees, it has not represented that these are ***all*** Merrill employees who traded in Concordia during the Relevant Period for Merrill's principal accounts. Merrill has failed to offer any justification for refusing to identify ***all former and current Merrill employees who traded in Concordia during the Relevant Period for Merrill's principal accounts***. *See Pegoraro*, 281 F.R.D. at 128–29.

Nor is there any merit to Merrill's position that Interrogatory 3 does not cover Merrill employees involved in ***client*** trading—in a case alleging market manipulation by Merrill's clients. *Shim-Larkin v. City of New York*, 2018 WL 3187327, at *12 (S.D.N.Y. June 28, 2018) ("[T]he Advisory Notes . . . make clear that interrogatories 'should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to

appropriate sanctions." In Court denying Defendants' motion to dismiss, "[t]he SAC details a pattern of spoofing activity that strongly suggests Defendants shirked [their] duties" to ensure that "[their] customers' order flow" was lawful. Dkt. 147 at 17. Harrington explained to Merrill in a November 27, 2023 email that while it was "entitled to serve supplemental Requests for Production," it "believe[d] that [certain requested discovery was] already encompassed by [] existing requests, and engaging in another round of formal written discovery would not be an efficient use of time and resources." Merrill then produced client trade and order data—which it now says was out of the goodness of its heart, not from any discovery obligation. At this late stage, Merrill's unjustifiable position that it is not required to identify **all former and current Merrill employees who traded in Concordia for Merrill's clients during the Relevant Period** should be rejected. In any event, such employees would be covered by Interrogatory 1.[2]

**Interrogatory 4:** Interrogatory 4 asks Merrill to identify "all Persons employed by or acting at the direction of Merrill who are responsible for ensuring that the individuals identified by Interrogatories 2 and 3 act in compliance with any applicable law, statute, regulation, policy, or procedure." Merrill has identified **only two employees** and refuses to identify anyone else, even though it has identified additional employees in response to Interrogatories 2 and 3. As with Merrill's objections to the other Interrogatories, it has not carried its burden of showing how or why this Interrogatory is, as it claims, "vague and ambiguous." Nor has it offered any justification for its unilateral decision to "interpret" the Interrogatory "to mean those employees of either Merrill Defendant whose responsibilities include the development and implementation of those company policies and procedures that are designed to ensure that individuals identified in response to Interrogatories 2 and 3 act in compliance with applicable laws[.]" *Cf. Travel Sentry*, 669 F. Supp. 2d at 286. The Court should order Merrill to immediately identify **all former and current employees responsible for ensuring that those identified for Interrogatories 2 and 3 acted in compliance with the law**.

**Interrogatory 5:** Interrogatory 5 asks Merrill to identify "all Persons who possess or control documents responsive to the below Document Requests, and the location(s) of such documents." Merrill has refused to provide **any names**. Instead, it has relied on the ESI Order, Dkt. 110, stating it "will identify custodians and maintain document metadata." But as Harrington pointed out, metadata in **more than 470 of Merrill's documents fail to identify any individual custodian** and instead identify only "Bank of America." Harrington offered to compromise on this issue by asking Merrill to identify person(s) who possessed or controlled these documents, but Merrill declined. Merrill's approach to responding to Interrogatory 5 is insufficient in any event—it cannot merely identify custodians of ESI it decided to produce; **it must identify all persons likely to have documents responsive to RFPs, so that Harrington knows whether there are relevant custodians whose ESI has *not* been searched or produced**. For example, Merrill has refused to identify employees who controlled certain compliance documents that Merrill has not yet produced. Merrill's refusal to identify such employees significantly limits Harrington's ability to select appropriate individuals to depose. The Court should require Merrill to identify **all persons who possessed or controlled responsive documents, and, if that is not possible, to submit an affidavit or sworn declaration as to why**.

**Six Categories:** Merrill's conduct in respect of the Court's January 10 and February 1 Orders has been egregious. Merrill has known of Harrington's request for names in the Six Categories since December 20, 2023, and was directed to produce them by the Court's January 10 and February 1 Orders. Inexcusably, Merrill resisted compliance with the Orders for months—until March 8. Even after finally relenting, Merrill has provided **only two names** in response to two or three categories, and has refused to provide a date by which it will provide complete responses. Merrill would not even commit to providing names before the previous close of fact discovery. To avoid further prejudice, Harrington respectfully requests that the Court **require Merrill to provide complete responses to the Six Categories within 3 business days of its order**.

---

[2] Harrington would respectfully seek leave to serve a supplemental interrogatory (with a shortened timeframe of 7 days for Merrill's response) should the Court determine that Harrington's existing Interrogatories do not cover such employees.

3

Respectfully submitted,

HOLWELL SHUSTER & GOLDBERG LLP

By: /s/ *Gregory J. Dubinsky*
Richard J. Holwell
Gregory Dubinsky
Matthew Gurgel
Andrew C. Indorf
Aditi Shah
425 Lexington Avenue
New York, NY 10017
Tel.: (646) 837-5151
rholwell@hsgllp.com
gdubinsky@hsgllp.com
mgurgel@hsgllp.com
aindorf@hsgllp.com
ashah@hsgllp.com

WARSHAW BURSTEIN LLP
Alan M. Pollack
Felicia S. Ennis
Thomas Filardo
Leron Thumim
Matthew A. Marcucci
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel.: (212) 984-7700
apollack@wbny.com
fennis@wbny.com
tfilardo@wbny.com
lthumim@wbny.com
mmarcucci@wbny.com

CHRISTIAN ATTAR
James Wes Christian
Ardalan Attar
2302 Fannin, Suite 205
Houston, Texas 77002
Tel.: (713) 659-7617
jchristian@christianattarlaw.com
aattar@christianattarlaw.com