```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HARRINGTON GLOBAL OPPORTUNITY                               :
FUND, LIMITED ,                                             :
                               Plaintiff,                   :    21 Civ. 761 (LGS)
                                                            :
-against-                                                   :        ORDER
                                                            :
BOFA SECURITIES, et al.,                                    :
                               Defendants.                  :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff has filed a request to serve subpoenas through alternative means upon four non-parties identified as potentially relevant to Plaintiff's claims of spoofing. Plaintiff seeks to serve these entities through both certified mail and email. Plaintiff also seeks leave to serve any future subpoenas on similar non-parties via the same alternative means.

WHEREAS, Plaintiff has been unable to serve the four non-parties through traditional methods of service.

WHEREAS, Rule 45 of the Federal Rules of Civil Procedure states that "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Because "the word 'delivering' is not defined," courts in the Second Circuit have held that "Rule 45 does not require in-hand service nor prohibit alternative means of service." *Ramchandani v. CitiBank Nat'l Ass'n*, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022).

WHEREAS, courts in the Second Circuit have allowed alternative service of subpoenas under Rule 45 as long as the method of service is "calculated to provide timely actual notice." *Knopf v. Esposito*, No. 17 Civ. 5833, 2020 WL 6589593, at *1 (S.D.N.Y. Nov. 11, 2020). Certified mail with a return receipt is an appropriate means of service when personal service has failed. *See Sec. & Exch. Comm'n v. Pence*, 323 F.R.D. 179, 192 (S.D.N.Y. 2017) ("the Court

finds that the means of service used by the parties, consisting of certified mail, . . . is sufficient"). Likewise, service by email has been accepted as a sufficient alternative means of service when accompanied by service via certified mail. *See QED, LLC v. Faber Daeufer & Itrato, P.C.*, No. 20 Civ. 2767, 2020 WL 5642256, at *2 (S.D.N.Y. Sept. 22, 2020) (allowing service "by certified mail, with return receipt requested, along with a copy by email" where personal service had failed).

WHEREAS, Plaintiff has shown the impracticability of serving the four non-parties through traditional means of service. Plaintiff has attempted personal service on each non-party but has been unsuccessful.

WHEREAS, service via certified mail and email are reasonably calculated to provide timely notice to the non-parties. *See Pence*, 323 F.R.D. at 192; *Ramchandani*, 616 F. Supp. 3d at 357; *QED, LLC*, No. 20 Civ. 2767, 2020 WL 5642256, at *2.

**ORDERED** that Plaintiff's motion for alternative service as to the four non-parties is **GRANTED**. Plaintiff shall effect service through certified mail and email. It is further

**ORDERED** that should Plaintiff seek to serve subpoenas through alternative means on additional non-parties, Plaintiff shall file a letter explaining why alternative service is necessary.

Dated: May 16, 2024
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE