# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRINGTON GLOBAL OPPORTUNITY FUND, LIMITED, <br><br>           Plaintiff, <br><br> v. <br><br> CIBC WORLD MARKETS CORP., *et al.*, <br><br>           Defendants. | Index No.: 21-cv-00761 (LGS) <br><br> Hon. Lorna G. Schofield <br><br> PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS |

TO:    Bank of America Securities Inc.
        Merrill Lynch Canada Inc.
        c/o Abby F. Rudzin, Esq.
        O'MELVENY & MYERS LLP
        Times Square Tower
        7 Times Square
        New York, New York 10036

PLEASE TAKE NOTICE that pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of the United States District Court for the Southern District of New York, Plaintiff Harrington Global Opportunity Fund, Limited ("Plaintiff" or "Harrington"), by and through its undersigned attorneys, hereby propounds the following interrogatories (the "Interrogatories") and requests for production of documents (the "Document Requests") to Defendants Bank of Americas Securities, Inc. and Merrill Lynch Canada Inc. (together, "Merrill"), to be answered in the time allowable under the Federal Rules of Civil Procedure.

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories and Requests (collectively, the "Discovery Requests") shall be deemed to continue beyond the date

when Merrill responds to them.  If any document or information is acquired by Merrill, Merrill's agents, representatives, or attorneys subsequent to the date of the original responses, Merrill shall promptly amend the responses.

## **INSTRUCTIONS**

For purposes of the Discovery Requests, the following instructions shall apply:

1.      Separate responses shall be provided in response to each request, including subparts.

2.      The Discovery Requests cover all documents in Merrill's possession, custody or control, whether they are located in any of its offices or any other place maintained by it, or whether they are in the possession, custody or control of any of its representatives, agents or attorneys.

3.      If any document responsive to these requests was, but no longer is, within Merrill's possession, custody or control, state: (i) what disposition was made of the document; (ii) who disposed of the document; (iii) the reason for such disposition; (iv) the date upon which the document was so disposed; (v) the efforts You made to locate the document; (vi) the identity of the Person(s) who has control of the document; and (vii) the location of the document.

4.      Where a complete answer to an Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

5.      Merrill is referred to Local Civil Rule 26.2 of the United States District Court for the Southern District of New York, which is incorporated in this document as if fully set forth herein.

{1468110.5 }

6.      If Merrill refuses to answer any Interrogatory, in whole or in part, describe the factual basis for its refusal to answer, including any claim of privilege, in sufficient detail as to permit the Court to adjudicate the validity of its refusal.

7.      If Merrill claims that any document or communication requested herein is privileged or constitutes attorney-client work product, submit a written statement for each document or communication so withheld sufficient to evaluate the claim of privilege or work product, including information that:

(a)      identifies the person who prepared or authored the document;

(b)      identifies all recipients or addressees of the document, including recipients of copies or blind copies;

(c)      identifies the date on which the document was prepared or transmitted;

(d)      describes the nature of the document (e.g., letter, memorandum, notice, etc.);

(e)      identifies the general subject matter of the document;

(f)      if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and

(g)      sets forth the nature of and basis for the privilege asserted.

8.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, such portion of the document subject to a claim of privilege may be redacted from the document so that the rest of the document can be produced.  Any such documents shall bear notations reflecting where portions were redacted.  If documents requested below are produced in a redacted version, identify each document that has been redacted and set forth the basis or grounds for the redaction in sufficient detail.

9.      Where the Interrogatory requests the identification of witnesses, if no such witnesses are known to Merrill, Merrill should so state.

10.     Where Merrill identifies in response to any Interrogatory any individual who was at one point employed by Merrill but who is no longer employed by Merrill, provide the date on which that individual's employment with Merrill ended and the individual's last-known address.

11.     With respect to all Document Requests regarding trading and order activity, the timestamps provided in connection with such documents should reflect maximal precision, ideally down to the nanosecond.

12.     With respect to all Document Requests regarding trading and order activity, all trading data must be produced with at least the following data fields:

(a)     the order identifier(s) and the identifier(s) for any parent order(s);

(b)     the type of event;

(c)     the date and time of the order event, trade or transaction, to nanosecond precision;

(d)     the price of the order;

(e)     the quantity of the order;

(f)     for each execution, the price and quantity traded;

(g)     the venue to which the order was routed, and if applicable the venue on which it was executed;

(h)     the identity of the counterparty of the order, trade or transaction, if known;

(i)     the capacity in which the order was sent (agent vs. principal);

(j)     any flags or order type settings that were set on the order (e.g., visibility, TIF and execution conditions); and

(k)      the portfolio manager, trader, algorithmic or other strategy and/or any other internal identifier indicating which internal party was responsible for the order, trade or transaction.

13.      Unless otherwise indicated, the time period for each of the Discovery Requests is from January 27, 2016 to November 15, 2016 (the "Relevant Period").

14.      All documents to be produced in response to these Discovery Requests, including all Electronically Stored Information ("ESI"), is to be produced in accordance with the Electronic Discovery Stipulation and Order entered into by and between the parties in the above-captioned action and ordered by the Court on April 12, 2022 [Doc. No. 110].

## DEFINITIONS

1.      Plaintiff incorporates herein by reference and utilizes the Definitions set forth in Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New York.

2.      The "Answer" shall refer to Merrill's Answer, filed on March 28, 2022 in the above-captioned action [Doc. No. 103].

3.      "Concordia" shall refer to Concordia International Corp. and any agents, employees, or persons acting on behalf or subject to the control of Concordia.

4.      "Plaintiff" as used herein shall refer to plaintiff Harrington Global Opportunity Fund, Limited.

5.      In accordance with Local Rule 26.3, "You" or "Merrill" as used herein shall mean defendants Bank of Americas Securities, Inc. and Merrill Lynch Canada Inc. and their officers, directors, employees, partners, corporate parents, subsidiaries, and affiliates.

6.      All capitalized terms herein that are not otherwise defined shall have the same definition as in the Amended Complaint filed by Plaintiff in this action on April 22, 2021 [Doc. No. 56].

## INTERROGATORIES

**INTERROGATORY 1:**      Identify all Persons with knowledge and/or information concerning the subject matter of this action, and for each such Person describe their knowledge and/or information concerning the subject matter of this action.

**INTERROGATORY 2:**      Identify all Persons involved in the development, coding, or implementation of algorithms utilized by Merrill that traded in any of Concordia's shares on U.S. and/or Canadian exchanges, alternative trading systems and any other trading venue during the Relevant Period, including the coders who developed the actual code underlying the algorithm as well as the drafters of manuals, and decision-makers responsible for determining the goals, purpose and strategies of these trading algorithms.

**INTERROGATORY 3:**      Identify all Persons who traded in any of Concordia's shares on U.S. and/or Canadian exchanges on behalf of or at the direction of Merrill during the Relevant Period.

**INTERROGATORY 4:**      Identify all Persons employed by or acting at the direction of Merrill who are responsible for ensuring that the individuals identified by Interrogatories 2 and 3 act in compliance with any applicable law, statute, regulation, policy, or procedure.

**INTERROGATORY 5:**      Identify all Persons who possess or control documents responsive to the below Document Requests, and the location(s) of such documents.

Dated: New York, New York
       April 22, 2022

By:  /s/ Alan M. Pollack

Alan M. Pollack
Felicia S. Ennis
Leron Thumim
Madison N. Kelley
WARSHAW BURSTEIN, LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel:  212-984-7700
apollack@wbny.com
fennis@wbny.com
lthumim@wbny.com
mkelley@wbny.com

James Wes Christian, Esq.
Ardalan Attar, Esq.
Christian Levine Law Group, LLC
2302 Fannin, Suite 205
Houston, Texas  77002
Tel:  (713) 659-7617
jchristian@christianlevinelaw.com
aattar@christianlevinelaw.com

*Attorneys for Plaintiff Harrington Global*
*Opportunity Fund*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served by e-mail the foregoing Plaintiff Harrington Global Opportunity Fund, Limited's First Set of Interrogatories and Requests for Production of Documents to the following attorney of record:

Abby F. Rudzin, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
arudzin@omm.com

This 22nd day of April 2022.

Respectfully submitted,