# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRINGTON GLOBAL OPPORTUNITY FUND, LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CIBC WORLD MARKETS CORP., *et al.*,<br><br>　　　　Defendants. | Civil Action No.: 1:21-cv-00761-LGS<br><br>Hon. Lorna G. Schofield |

**MERRILL DEFENDANTS' OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-23)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants BofA Securities, Inc. ("Merrill-US") and Merrill Lynch Canada Inc. ("Merrill-Canada") (collectively, "Merrill Defendants") hereby object and respond to Plaintiff's First Request for Production of Documents to Merrill Defendants as follows:

**GENERAL OBJECTIONS**

Merrill Defendants object to the Instructions to the extent they attempt to impose obligations beyond those provided under Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, any protocol governing the production of documents or information in this action, the orders of this Court, and any agreement of the parties about document production. Merrill Defendants will not follow such "instructions" from Plaintiff but will comply with the law.

Merrill Defendants object that the definition of "You" and "Your" is overbroad because it includes, inter alia, parents and affiliates that have nothing to do with securities trading. Merrill

Defendants further object to Plaintiffs' implication that the conduct of these distinct corporate entities was linked, or worse yet that they are one company, without justification.  Merrill Defendants will interpret these words to apply solely to Merrill-US and Merrill-Canada, and their respective officers and employees.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications concerning Merrill's trading and order activity in Concordia's shares on U.S. and Canadian exchanges, alternative trading systems and any other trading venue, including but not limited to:

(a) parent orders;

(b) child order messages (including creation, cancellations, updates, modification and any other relevant updates); and

(c) execution and any other transaction data in Concordia's shares.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Merrill Defendants object to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to the parties' claims or defenses.  Merrill Defendants further object to this Request as vague and ambiguous for its use of the term "Merrill's trading and order activity."  Merrill Defendants will interpret "Merrill's trading and order activity" to mean trades and orders placed for the principal accounts of either Merrill Defendant.  Merrill Defendants further object to this Request as vague and ambiguous for its use of the terms "alternative trading systems" and "any other trading venue."  Merrill Defendants will interpret both terms to mean what is defined in Regulation ATS [17 CFR § 242.300].

Without waiving the foregoing objections, Merrill Defendants will produce documents sufficient to show trades in and orders for Concordia common stock placed for the principal

accounts of either Merrill Defendant from January 27, 2016 to November 15, 2016 (the "Relevant Period").

**REQUEST FOR PRODUCTION NO. 2:**

A cross-reference file identifying all parties and counterparties to all trades and orders identified by Request 1, including account number, full name, address, and type of account—with the type of account specifying whether it is a cash, margin, DVP/RVP, firm trading, firm operations, firm control, and/or error account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Merrill Defendants object to this Request as overbroad and seeking information that is not relevant to the parties' claims or defenses. Merrill Defendants further object that this Request seeks information not in Merrill Defendants' possession, custody, or control to the extent it seeks the identities of "counterparties" to trades made on exchanges by either Merrill Defendant. Merrill Defendants state that in such circumstances, the exchange is its nominal counterparty on all such trades and the actual counterparty is known only to the exchange.

Without waiving the foregoing objections, Merrill Defendants will produce documents sufficient to show the beneficial owner or other party with authority to cause the submission of orders and execution of trades to be identified in response to Request for Production No. 1, and related account type(s) and, if available, counterparty information for such orders and trades.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and Communications sufficient to identify the parties, counterparties, trading strategies and/or portfolio managers responsible for Merrill's trading and order activity in Concordia's shares on U.S. and Canadian exchanges, alternative trading systems and any other trading venue, including but not limited to parent orders, child order messages (including

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Merrill Defendants object to this Request as vague and ambiguous for its use of the phrase "offer as evidence at any time."

Without waiving the foregoing objection, Merrill Defendants will produce any documents that Merrill Defendants currently intend to present as evidence at trial.

| | |
|---|---|
| Dated:  June 6, 2022 | O'MELVENY & MYERS LLP |
| | |
| | _/s/ Abby F. Rudzin_ |
| | Abby F. Rudzin |
| | William J. Martin |
| | Seven Times Square |
| | New York, NY 10026 |
| | Telephone: (212) 326-2000 |
| | arudzin@omm.com |
| | wmartin@omm.com |
| | *Attorneys for BofA Securities, Inc. and Merrill Lynch Canada Inc.* |

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing document was served on counsel for the parties via electronic mail on June 6, 2022.

>  */s/ William J. Martin*
>  William J. Martin