# EXHIBIT A

| | |
|---|---|
| **From:** | Matthew Gurgel |
| **To:** | stephen.senderowitz@dentons.com |
| **Cc:** | Rosen, Marilyn B.; sandra.hauser@dentons.com; Petts, Nicholas W.; Storino, Timothy J.; Gregory J. Dubinsky; Andrew C. Indorf; Aditi Shah; Jonathon R. La Chapelle; Arian Soroush; Pollack, Alan; Filardo, Thomas; Ennis, Felicia; Thumim, Leron; Hallinan, Meghan; smanzolillo@wbny.com; Marcucci, Matthew A.; James Wes Christian; Ardalan Attar |
| **Subject:** | RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production |
| **Date:** | Thursday, May 16, 2024 11:10:31 PM |

Stephen,

Further to our meet-and-confer discussion today, I feel compelled to take note of what has become a pattern of unprofessional conduct by you during our meet and confers, including repeatedly speaking over Harrington's counsel, making unfounded insinuations that counsel lack understanding of basic issues, making other disparaging remarks about my junior colleagues, and otherwise behaving disruptively in a manner that inhibits productive, good-faith discussion.

I also note that today we again asked whether CIBC received or had access to information concerning the individual executions underlying ███████████ accumulated positions at any time during or after each relevant trading day.  You immediately changed the subject and would not discuss the issue further.

Regards,
Matt

Matthew Gurgel | he/him/his/himself
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-5137 | Mobile: (347) 414-3076 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

**From:** Andrew C. Indorf <aindorf@hsgllp.com>
**Sent:** Thursday, May 16, 2024 2:47 PM
**To:** Petts, Nicholas W. <nicholas.petts@dentons.com>; Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Counsel,

This process has taken far too long given the fact discovery schedule, and Harrington's questions and

requests for production remain unanswered.  It has been weeks since we requested production of documents concerning the correspondent clearing transactions at issue; we have met-and-conferred on several occasions; and we have repeatedly withheld our motion to the Court based on your representations that you would shortly provide information that may materially impact our decision.  You told us last week that you would confirm for us whether CIBC received or had access to information concerning the individual executions underlying ███ accumulated positions during or after each trading day.  That deadline came and went without an answer.  And on Tuesday you provided only a partial answer:  You stated only that "trade execution data underlying the positions transferred by ███ from its external account to its prime brokerage account at CIBC" do not "exist" today, while reiterating your position that whatever additional information CIBC does have is—in your view—not "responsive" to Harrington's requests for production.

You have repeatedly evaded the simple question we posed weeks ago:  Did CIBC receive or have access to information concerning the individual executions underlying ████████████████ accumulated positions <u>at any time</u> during or after each relevant trading day?  You have stated that CIBC did not receive that information "as part of the position transfers."  You have stated that CIBC did not receive that information "as part of the transfer clearing process."  And you have now stated that the information does not "exist" today.  None of those responses answers the question, and at this point we have no choice but to conclude that you do not intend to answer it.

As to the documents we are seeking relating to ████████████████, it appears that we are at an impasse.  But as a final attempt at reaching an agreement, we are requesting that CIBC search for and produce the following information:

1. Documents sufficient to show that CIBC settled and cleared the ███ transactions that are the subject of these discussions (i.e., the incoming transfers of Concordia shares from ███, ████████).
2. All agreements between CIBC and ████████████ concerning the settlement or clearance of these ███ transactions, or other documents detailing the procedures and requirements for these ███ transactions, including but not limited to ███ agreements and documents concerning commissions, fees, risk analytics, financial limits or other conditions concerning these ███████.
3. Documents and communications concerning CIBC's knowledge of or access to the trading data underlying ███████████ accumulated positions.  We understand from your email last night that it is your position that "trade execution data" is not available concerning ███, but again, if there are other documents or communications concerning whether CIBC had knowledge or access to the data, those materials are relevant.

Please confirm by EOD tomorrow whether CIBC will search for and produce this information, and, if so, provide a date certain by when you will agree to complete production.  While we are happy to discuss on our call at 4:00 PM today, we ask that you provide your comments on the joint statement by tomorrow regardless.  We intend to move the Court early next week if we are unable to reach a mutually acceptable resolution.

Thank you,

Drew

**JOINT STATEMENT:**

The parties dispute whether CIBC must produce certain documents concerning CIBC's clearing transactions of Concordia shares during the Relevant Period.  The parties exchanged multiple letters and dozens of emails concerning this issue since February 9, 2024, and the parties also met-and-conferred by videoconference for a total of approximately 2 hours on April 23 and April 25 to attempt to resolve the issue.  CIBC contends that the documents Harrington seek are not relevant to Harrington's claims; Harrington disagrees, and contends that the documents are relevant.  CIBC offered, and ultimately did, share certain information with Harrington concerning the identity of the CIBC client that cleared shares to CIBC from ▓▓▓▓▓▓▓, as well as CIBC's understanding of the nature of the clearing transactions.  Harrington maintains that the documents are relevant and seeks an order compelling CIBC to produce them.


Andrew C. Indorf

HOLWELL SHUSTER & GOLDBERG LLP

Office: (646) 837-8717 | Mobile: (802) 522-3202 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Petts, Nicholas W. <nicholas.petts@dentons.com>
**Sent:** Tuesday, May 14, 2024 9:54 PM
**To:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Andrew C. Indorf <aindorf@hsgllp.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production


Counsel,

After conducting additional searches, our client has confirmed that no additional documents responsive to Request for Production 1 exist, including trade execution data underlying the positions transferred by ▓▓▓▓ from its external account to its prime brokerage account at CIBC.  CIBC has produced all trade and order data in its possession for trading in Concordia during the relevant period.

Regards,

Nicholas W. Petts

Senior Managing Associate

| +1 202 496 7356

---

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Monday, May 13, 2024 5:43 PM
**To:** Petts, Nicholas W. <nicholas.petts@dentons.com>; Andrew C. Indorf <aindorf@hsgllp.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

**[WARNING: EXTERNAL SENDER]**

---

On Thursday, you told us you would provide us information on Friday. It is now three days later, and you do not set forth a date certain. If you are unable to provide a date certain by which you will provide the requested information, we intend to move the Court to compel you to provide documents relating to this issue by a date certain, and we will follow up with a joint statement shortly.

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

**From:** Petts, Nicholas W. <nicholas.petts@dentons.com>
**Sent:** Monday, May 13, 2024 5:17 PM
**To:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Andrew C. Indorf <aindorf@hsgllp.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Counsel - we advised you that we are working with our client.  We will provide an answer as soon as we confirm the information.  The constant emails are not helpful, we are not delaying.

**Nicholas W. Petts**
Senior Managing Associate

| +1 202 496 7356

---

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Monday, May 13, 2024 4:51 PM
**To:** Petts, Nicholas W. <nicholas.petts@dentons.com>; Andrew C. Indorf <aindorf@hsgllp.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

**[WARNING: EXTERNAL SENDER]**

---

Counsel – the parties have been emailing about these issues for weeks.  When will you provide a response?  We reserve all rights.

Thanks,
Greg

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Monday, May 13, 2024 10:56 AM
**To:** Petts, Nicholas W. <nicholas.petts@dentons.com>; Andrew C. Indorf <aindorf@hsgllp.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar

<aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle
<jlachapelle@hsgllp.com>
**Subject:** Re: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Counsel: Please respond.

Thanks,
Greg

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Saturday, May 11, 2024 9:04:35 AM
**To:** Petts, Nicholas W. <nicholas.petts@dentons.com>; Andrew C. Indorf <aindorf@hsgllp.com>;
Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>;
Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D.
<sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia
<FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A.
<MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy
<smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar
<aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle
<jlachapelle@hsgllp.com>
**Subject:** Re: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Counsel:

Do you have an update?

Thanks,
Greg

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Petts, Nicholas W. <nicholas.petts@dentons.com>
**Sent:** Thursday, May 9, 2024 9:28:55 PM
**To:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Andrew C. Indorf <aindorf@hsgllp.com>;
Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>;
Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D.
<sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia

<FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A.
<MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy
<smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar
<aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle
<jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Counsel,

As we previously indicated, CIBC committed to continue to make all efforts to search database
records to re-confirm that CIBC did not receive or have access to information concerning the
individual executions underlying ███ accumulated positions during/after each trading day.  We
are working with our client to do so.  We hope to be in a position to provide additional information
tomorrow.

Best,

Nicholas W. Petts
Senior Managing Associate


| +1 202 496 7356


---

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Thursday, May 09, 2024 5:46 PM
**To:** Andrew C. Indorf <aindorf@hsgllp.com>; Petts, Nicholas W. <nicholas.petts@dentons.com>;
Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>;
Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D.
<sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia
<FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A.
<MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy
<smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar
<aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle
<jlachapelle@hsgllp.com>
**Subject:** Re: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

**[WARNING: EXTERNAL SENDER]**

Counsel:  Please respond.

Thanks,
Greg

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Andrew C. Indorf <aindorf@hsgllp.com>
**Sent:** Thursday, May 9, 2024 11:14:03 AM
**To:** Petts, Nicholas W. <nicholas.petts@dentons.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Hi Nick,

I'm writing to follow up regarding our request concerning the ███ correspondent clearing transactions.  Would you please advise by when you will have a response on those items noted below?

Thanks,
Drew

Andrew C. Indorf
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8717 | Mobile: (802) 522-3202 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Petts, Nicholas W. <nicholas.petts@dentons.com>
**Sent:** Tuesday, May 7, 2024 6:26 PM
**To:** Andrew C. Indorf <aindorf@hsgllp.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Drew,

In response to your request for an update, we can advise as follows:

Our client has confirmed that the ██████ and ██████ clearing records do not reflect any US trade executions through CIBC on behalf of customers.  CIBC does not execute trades through ██████ or ██████, nor is ██████ or ██████ a customer of CIBC's equities business.  Rather, CIBC has customers in common with both US brokers, and the ██████ records reflect the movement of shares on behalf of those mutual customers from accounts at one broker to accounts at the other.  Any US trading records would be in the possession of the mutual customers or ██████████████.  CIBC received neither US trade execution data nor drop copies related to this activity.

We will be back to you as soon as possible on your remaining questions about the ██████ transfers.

Regards,

**Nicholas W. Petts**
Senior Managing Associate

| +1 202 496 7356

---

**From:** Andrew C. Indorf <aindorf@hsgllp.com>
**Sent:** Tuesday, May 07, 2024 5:43 PM
**To:** Petts, Nicholas W. <nicholas.petts@dentons.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

**[WARNING: EXTERNAL SENDER]**

Nick,

We received the customer information you produced on Sunday, but we have not received a

response to the balance of my email below.

Please let us know promptly when you expect to have an answer as to whether CIBC received or had access to information concerning the individual executions underlying ███████████████ accumulated positions _at any time_ during or after each relevant trading day.  As noted below, that includes but is not limited to whether CIBC received "drop copies" or other information regarding the underlying executions.

Please also promptly confirm whether CIBC will produce documents and data concerning correspondent clearing transfers with ████████ and ████████ .

Thank you,
Drew


Andrew C. Indorf
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8717 | Mobile: (802) 522-3202 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

**From:** Andrew C. Indorf <aindorf@hsgllp.com>
**Sent:** Saturday, May 4, 2024 5:59 PM
**To:** Petts, Nicholas W. <nicholas.petts@dentons.com>; Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Nick,

Thank you for providing the name of the customer involved in the correspondent clearing transactions through ████ .  Would you please provide the anonymized identifier for ███████████ ████ , to the extent that entity placed orders through CIBC for shares of CXR as well?  And would you please confirm for us by when you expect to have an answer as to whether CIBC received or had access to information concerning the individual executions underlying ███████████████ accumulated positions _at any time_ during or after each relevant trading day?  As my email below explained, that may include (but is not limited to) determining whether CIBC received "drop copies" of the underlying executions (regardless of whether CIBC still has such copies today).

Separately, we have also requested that CIBC produce documents and data concerning

correspondent clearing transfers between CIBC and ██████, on the one hand, and CIBC and ██████, on the other hand.  You stated on our meet-and-confer nearly two weeks ago that you were investigating those transactions with your client.  Would you please provide an update on Monday, as well as your position as to whether you will produce documents and/or data concerning those transactions?

Thank you,
Drew


Andrew C. Indorf
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8717  |  Mobile: (802) 522-3202  |  Bio
425 Lexington Ave  |  New York, New York 10017  |  hsgllp.com

**From:** Petts, Nicholas W. <nicholas.petts@dentons.com>
**Sent:** Thursday, May 2, 2024 2:08 PM
**To:** Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Drew,

Further to my email below, please find attached correspondence regarding the customer name.

Regards,

Nicholas W. Petts
Senior Managing Associate


| +1 202 496 7356


**From:** Petts, Nicholas W.
**Sent:** Thursday, May 02, 2024 11:29 AM

**To:** Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Andrew:

Below please find our revised version of your proposed joint statement.  We will write separately with respect to the customer name.

++++++

The parties met and conferred for a total of approximately two hours on April 23 and April 25 to discuss plaintiff's request that CIBC produce documents concerning clearing records plaintiff obtained from the ██████████████████████████████ and had additional calls and emails since that time to and through May 1.  CIBC has explained that the ████ records in question do not reflect any order or trade in Concordia stock by, through or on behalf of CIBC, nor do they reflect purchases by CIBC of positions in Concordia stock, and that CIBC already has produced all trade and order data in its possession for customer trading in Concordia during the entire relevant period.  CIBC further maintained that post-trade clearing records are not called for under Plaintiff's discovery requests nor relevant to Harrington's claims.  Harrington disagrees, and contends that the records are relevant.  CIBC offered to share additional information that it contends would impact Harrington's analysis and simply in attempt to resolve this dispute, on May 2 disclosed the name of its clearing customer.  At plaintiff's request, CIBC has also promised to initiate additional searches for any "drop copies" related to the clearing activity, notwithstanding its belief that it received none.  Given the impending fact discovery deadline, Harrington informed CIBC that it would seek an order compelling production.

Nicholas W. Petts
Senior Managing Associate

| +1 202 496 7356

**From:** Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>

**Sent:** Wednesday, May 01, 2024 10:47 PM
**To:** Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Petts, Nicholas W.
<nicholas.petts@dentons.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B.
<marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser,
Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia
<FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A.
<MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy
<smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar
<aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle
<jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Andrew,

I write in response to your email to clarify several of the points that are misstated therein. CIBC has advised us as follows:

1. You mischaracterize as a purchase, the transfer of positions that are cleared and settled in the market maker's CIBC account.  CIBC thus does not agree with your statement that the ██ data reflects purchases by CIBC from ██ .

2. The data relating to the trades that ██ made underlying its positions is not conveyed to CIBC as part of the position transfer clearing process.

3. You have asserted that you believe drop copies of the transactions underlying the transferred positions may exist, and while we have been advised by our client that is not the case, we have requested that they make additional searches to confirm that fact.

4. In spite of the above and everything else we have told you, and your acknowledgment that the transactions underlying the positions transferred from ██ were not processed through CIBC, you have stated you will file with the Court a motion to compel production—although we don't understand what you are seeking to compel that CIBC has.  As stated above, CIBC will continue to make all efforts to search database records to re-confirm that there is no data responsive to your request, including no drop copies.  If contrary to our current understanding any such data is uncovered, it will be produced to you on a non-waiver basis as previously agreed to in our prior email correspondence.   If no such data is uncovered, we can also provide a declaration as to why we have nothing to produce.

We will send you our version of the Joint Statement first thing in morning.  It needs to be changed to reflect the parties' positions.

Regards,

Stephen

**Stephen J. Senderowitz**
Partner

| |+1 312 876 8141   |   | |+1 312 493 8769

Chicago

---

**From:** Andrew C. Indorf <aindorf@hsgllp.com>
**Sent:** Wednesday, May 01, 2024 7:33 PM
**To:** Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Petts, Nicholas W. <nicholas.petts@dentons.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

**[WARNING: EXTERNAL SENDER]**

---

Steve:

On April 24 your team committed to responding with any edits to a joint statement within one business day.  We sent you our joint statement on Monday, and have received no response in the two business days since.  Please provide your comments promptly as agreed.

Drew

Andrew C. Indorf
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8717 | Mobile: (802) 522-3202 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

**From:** Andrew C. Indorf <aindorf@hsgllp.com>
**Sent:** Wednesday, May 1, 2024 1:09 PM

**To:** Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Petts, Nicholas W.
<nicholas.petts@dentons.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B.
<marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser,
Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia
<FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A.
<MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy
<smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar
<aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle
<jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Steve:

You appear to be deliberately refusing to engage with us regarding the points we've raised at
multiple meet-and-confers regarding the nature of these transactions and the relevance of this
data.  The information you've provided below does not respond to the points we've raised and is
mostly not new information.  Without responding to the balance of your email, we note:

1. You state that the transactions referenced "are not themselves trades in Concordia stock" and
   "are instead *clearing* transactions to CIBC's prime brokerage."  We explained this to you
   during our calls.  As we also explained at length during a meet and confer, the fact that the
   transactions are clearing transactions does not obviate their relevance to whether CIBC
   participated with scienter in a spoofing scheme.

2. You state that the data reflects "transfers of accumulated positions" by a market-maker to
   their own account at CIBC, that the transfers occurred after trading hours for settlement, and
   that CIBC played no role in "trading execution" whatsoever.  These statements do not provide
   any information that obviate the relevance of the data.  The only new information provided
   here is that the CIBC client at issue in these clearing transfers is a purported market-maker,
   but you provide no reason why this fact is pertinent.  An ostensible market maker can still
   engage in manipulative strategies.

3. In our email of April 26, I noted our understanding that the ███ data appear to reflect that
   CIBC in fact purchased the incoming shares from ███ for the prices reflected in the ███
   data.  Given that you have not responded to the April 26 email nor addressed the issue below,
   we understand that you no longer disagree with us on that issue.  You fail to explain how
   CIBC's payment for the incoming shares would be consistent with "position" transfers and you
   do not deny that these transfers may reflect underlying executions.

4. You state that information concerning the individual executions underlying the accumulated
   positions was not provided to CIBC "as part of the position transfers from ███."  Again, you
   ignore our actual question.  We did not ask whether the information was provided "as part of
   the position transfers."  As we repeated multiple times during our meet-and-confers, we
   asked you whether CIBC received or had access to information concerning the individual

executions underlying the accumulated positions <u>at any time</u> during or after the trading day. We explained our expectation, based on expert consultations, that it would be standard practice for CIBC to have access to the underlying trading activity via a "drop copy" or other form of information.  You have repeatedly refused to respond to that question.

Unfortunately, apart from your bare and unexplained assertion, you have offered no basis for why it will become "completely apparent" to us that the underlying premise of our inquiry is wrong once you decide to inform us of the identity of the client at issue.  None of the information you have provided to date contradicts our explanation of the relevance of these correspondent clearing transactions, and the Court has <u>twice</u> ordered you to produce the data Harrington seeks.  Nor is your barely veiled threat of sanctions well taken.  Indeed, it is CIBC that egregiously and baselessly refused to comply with a court order in this matter, necessitating unnecessary motion practice before the Court.  Please provide comments to our joint statement.

Drew


Andrew C. Indorf
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8717 | Mobile: (802) 522-3202 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

**From:** Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Sent:** Tuesday, April 30, 2024 1:46 PM
**To:** Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Petts, Nicholas W. <nicholas.petts@dentons.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Andrew,

Consistent with the information we have provided to you on two occasions in the past week, and based upon information we have received from our client, be advised:

1. The ████ to CIBC ████ entries you have referenced are not themselves trades in Concordia stock.  These are instead *clearing* transactions to CIBC's prime brokerage.

2. The data reflects transfers of accumulated positions in Concordia stock by a market-maker to that market-maker's own account(s) at CIBC. There were 87 such transfers over 86 days.

They were all done after trading hours, as the data itself reflects.  This is simply an entity moving its position from one of its accounts, to another of its accounts, for settlement, with CIBC playing no trading execution role whatsoever.

3. Information concerning the individual executions underlying the accumulated positions was not provided to CIBC as part of the position transfers from ███, nor would it be.

4. On a non-waiver basis, we proposed disclosing to you the name of the CIBC customer involved in the above referenced position transfers, at which time it will be completely apparent to you that the underlying premise of your inquiry is wrong.

You have conceded that none of the executions that may have underlain these position transfers were done through CIBC. General discovery by you of positions in our clients' accounts is not authorized under the court's orders.

Since we are proposing to disclose CIBC's customer name, simply in order to resolve this dispute, and without waiving any objection to relevance, our client is required to notify its customer of this intended disclosure which requires additional time.  We can provide the information by the morning of Monday, May 6.

Further, any disclosure is pursuant to the conditions that you agreed to yesterday, specifically plaintiff "will not treat any voluntary disclosures concerning these clearing transactions as a waiver of CIBC's right to oppose further discovery concerning them or as a concession by CIBC that account positional data is relevant to Harrington's claims."

If you do not accept this offer and choose to go to the Court (1) you are needlessly multiplying the proceedings, and (2) the request will be mooted by the time the Court considers it.

Please advise if the above is acceptable to your client.

Stephen


Stephen J. Senderowitz
Partner


|  |+1 312 876 8141  |  |  |+1 312 493 8769

Chicago

---

**From:** Andrew C. Indorf <aindorf@hsgllp.com>
**Sent:** Monday, April 29, 2024 10:13 PM
**To:** Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Petts, Nicholas W. <nicholas.petts@dentons.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B.

<[marilyn.rosen@dentons.com](mailto:marilyn.rosen@dentons.com)>; Storino, Timothy J. <[timothy.storino@dentons.com](mailto:timothy.storino@dentons.com)>; Hauser, Sandra D. <[sandra.hauser@dentons.com](mailto:sandra.hauser@dentons.com)>; Filardo, Thomas <[TFilardo@wbny.com](mailto:TFilardo@wbny.com)>; Ennis, Felicia <[FEnnis@wbny.com](mailto:FEnnis@wbny.com)>; Pollack, Alan <[APollack@wbny.com](mailto:APollack@wbny.com)>; Marcucci, Matthew A. <[MMarcucci@wbny.com](mailto:MMarcucci@wbny.com)>; Hallinan, Meghan <[MHallinan@wbny.com](mailto:MHallinan@wbny.com)>; Manzolillo, Sandy <[smanzolillo@wbny.com](mailto:smanzolillo@wbny.com)>; James Wes Christian <[jchristian@christianattarlaw.com](mailto:jchristian@christianattarlaw.com)>; Ardalan Attar <[aattar@christianattarlaw.com](mailto:aattar@christianattarlaw.com)>; Aditi Shah <[AShah@hsgllp.com](mailto:AShah@hsgllp.com)>; Jonathon R. La Chapelle <[jlachapelle@hsgllp.com](mailto:jlachapelle@hsgllp.com)>
**Subject:** RE: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

**[WARNING: EXTERNAL SENDER]**

Steve:

Your offer to "initiate disclosure of information" in <u>nine days</u> is not acceptable.  We are now six weeks from the close of fact discovery, and we have gone back and forth on CIBC's failure to produce this data since February.  Since then, the Court has ordered you—twice—to produce the data Harrington seeks for the Relevant Period.  We have explained why the clearing data are relevant, and we have set forth our reasons why your assessment of the data and their relevance to our claims is incorrect.  You have stated that you intend to provide additional information that may impact our assessment.  While we made clear that we will consider whatever information you wish to offer, we cannot wait nine days for you to "initiate disclosure of information," particularly when we have no confidence that the "disclosure" will resolve the dispute.

As it stands, we are at an impasse and intend to move the Court for an order compelling CIBC to produce the data Harrington requests.  Below is a joint statement.  Pursuant to the parties' agreement, please provide your comments within the next business day.

Drew

**JOINT STATEMENT:**

The parties met and conferred for a total of approximately two hours on April 23 and April 25 to discuss whether CIBC will produce documents concerning the correspondent clearing data at issue. The parties also exchanged multiple letters and emails on this issue beginning on February 9, 2024. CIBC contends that the data Harrington seeks is not relevant to Harrington's claims; Harrington disagrees, and contends that the data is relevant.  CIBC offered to share additional information that it contends would impact Harrington's analysis, but after a full week of meeting and conferring, CIBC stated that it would require nine more days to "initiate disclosure" of information to Harrington. Given the impending fact discovery deadline, and the fact that Harrington has been seeking the data and documents for two months, Harrington informed CIBC that it would seek an order compelling production of the data it seeks.

Andrew C. Indorf
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8717 | Mobile: (802) 522-3202 | Bio

425 Lexington Ave | New York, New York 10017 | hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Senderowitz, Stephen J. <stephen.senderowitz@dentons.com>
**Sent:** Monday, April 29, 2024 5:41 PM
**To:** Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Petts, Nicholas W. <nicholas.petts@dentons.com>; Thumim, Leron <lthumim@wbny.com>; Rosen, Marilyn B. <marilyn.rosen@dentons.com>; Storino, Timothy J. <timothy.storino@dentons.com>; Hauser, Sandra D. <sandra.hauser@dentons.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Pollack, Alan <APollack@wbny.com>; Marcucci, Matthew A. <MMarcucci@wbny.com>; Hallinan, Meghan <MHallinan@wbny.com>; Manzolillo, Sandy <smanzolillo@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>; Aditi Shah <AShah@hsgllp.com>; Jonathon R. La Chapelle <jlachapelle@hsgllp.com>
**Subject:** Re: Harrington v. BofA, No. 21 Civ. 761 re CIBC Data Production

Andrew,

To be exact, In our conversation I referenced a discussion I would have with my client relating to producing information and if needed a declaration that would be sufficient to satisfy your inquiry.  I did not reference other documents. The next steps were contingent on plaintiff providing certain assurances as you have attempted to do in your message.  I will proceed to discuss your message with my client and as always I will do so in a timely fashion. That said, it is unrealistic to expect by this Wednesday for me to consult with my client, fine tune if necessary any agreement with plaintiff, and prepare and present the  information disclosure. This is especially so, because as you know I am involved all week in witness preparation for a trial in Denver where I return on Thursday. Nevertheless, assuming there is an agreement acceptable to both sides, I will aim to initiate disclosure of information next Wednesday. In the meantime I will update you as necessary on any developments on this particular issue and related timing.

Best regards,

Stephen


Stephen J. Senderowitz
Partner


| +1 312 876 8141    |    | +1 312 493 8769

Chicago

On Apr 29, 2024, at 3:45 PM, Andrew C. Indorf <aindorf@hsgllp.com> wrote:

**[WARNING: EXTERNAL SENDER]**

Steve:

Thank you for your call earlier today.  We understand that you would like to voluntarily produce certain documents and information related to the correspondent clearing transactions between CIBC and ███, and that you would like to make those productions and share that information without waiver of CIBC's right to oppose any discovery requests concerning client account positions during the Relevant Period.  We agree to your request.  While Harrington reserves all rights to seek all discovery that it believes is relevant to its claims, we will not treat any voluntary disclosures concerning these clearing transactions as a waiver of your right to oppose further discovery concerning them or as a concession by you that account positional data is relevant to Harrington's claims.

In light of the above, would you be in a position to share the documents or information that you would like to discuss with us by Wednesday of this week?  We can also be available to confer at your earliest convenience.

Thanks,
Drew

Andrew C. Indorf
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8717 | Mobile: (802) 522-3202 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

Nicholas W. Petts
Senior Managing Associate

+1 202 496 7356

Nicholas W. Petts
Senior Managing Associate

+1 202 496 7356