# HOLWELL SHUSTER & GOLDBERG LLP

Defendants shall respond no later than **May 22, 2024.**

*Gregory J. Dubinsky*
*(646) 837-5151*
*gdubinsky@hsgllp.com*

So Ordered.

*LORNA G. SCHOFIELD*
UNITED STATES DISTRICT JUDGE

**VIA ECF**

Dated: May 20, 2024
New York, New York

May 16, 2024

The Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
500 Pearl Street, New York, NY 10007

Re:     *Harrington Global Opportunity Fund, Ltd. v. BofA Securities, Inc.*, No. 21-CV-761

Dear Judge Schofield:

Pursuant to Rule I.B.1 of Your Honor's Individual Rules and Procedures, we write on behalf of Plaintiff Harrington Global Opportunity Fund, Limited ("Harrington") to respectfully request that the Court compel Merrill to produce data sufficient to show whether orders that Merrill placed, on its own behalf or for clients, were marked visible or hidden to other market participants, such as and including whether they were "iceberg orders." This basic information is lacking from the data provided by Merrill, and it is relevant to any spoofing analysis. Merrill has asserted that Harrington's inquiry for this data is "a new request" to which Merrill need not respond and has improperly refused to assert or specify any other objection or even state whether it is withholding this data. Merrill's claim that this is a "new request" is utterly meritless. Harrington requested in 2022 that Merrill provide "[a]ll Documents and Communications concerning Merrill's trading and order activity in Concordia's shares"—to which Merrill has responded by providing client order and trade data—and its requests specifically instructed Merrill to provide "trading data" with "the following data fields . . . (j) any flags or order type settings that were set on the order (e.g., *visibility* . . . )."[1] Ex. A at 5 (emphasis added), Ex. B at 3.

Hidden or non-visible orders are those that traders can have "hidden from other participants than the participant entering it." NASDAQ, *Efficient Execution of Large Orders Directly in Central Order Book* ("NASDAQ, *Efficient Execution*")[2]; *see also* NASDAQ, *Order Types and Modifiers* ("Non-Display[:] Orders are hidden from the marketplace.").[3] "[F]or the NASDAQ in the period 2008-2013 the average volume for hidden orders was 13%," and "these numbers have only risen" since 2013. Martins Lenczewski, *Hidden and Fast Liquidity: Hidden Orders and High-Frequency Trading*, 16 Fin. Inter. Q. 27, 29 (2020).[4] As the Second Circuit has explained, one way in which an order can be hidden is to make it "[a]n iceberg order," which "entails placing a large

---

[1] JOINT STATEMENT:  The parties met and conferred on May 10 by videoconference for an hour but were unable to resolve their dispute regarding Harrington's May 7 request that Merrill produce additional data showing whether each client order was, in Harrington's words, "instructed to be hidden or displayed" when sent to an exchange or other venue.  The parties do not agree on whether this constitutes a new request to which Merrill need not respond.

[2] *Available at* https://www.nasdaq.com/solutions/large-in-scale#:~:text=Non%2Ddisplayed%20Limit%20Orders%20are,Orders%20at%20the%20same%20price (last visited May 16, 2024).

[3] *Available at* https://www.nasdaqtrader.com/content/productsservices/trading/ordertypesg.pdf (last visited May 16, 2024).

[4] *Available at* https://www.econstor.eu/bitstream/10419/266836/1/1100.pdf (last visited May 16, 2024).

*Gamma Traders - I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 75 (2d Cir. 2022).

Harrington has identified at least **_6,000 Merrill orders_** in Concordia during the Relevant Period sent to NASDAQ—a public exchange—that were marked to be hidden from other market participants. *See* Ex. C (red highlight in PDF version of exemplar matched order between Merrill data and NASDAQ data).

This data as to all Merrill orders (wherever routed) is relevant to this case about spoofing. As the Court knows, a spoofer seeks to induce other market participants to react to baiting orders, which "create the illusion of market interest in a security at an artificial price in order to cause other market participants to follow either the selling or buying trend created by the Baiting Orders." Second Amended Complaint ("SAC"), Dkt. 133 ¶ 40. As is obvious from the fact that spoofing is a form of manipulation intended to deceive other market participants, it is relevant to understand which orders were visible or hidden to other market participants, including which were iceberg orders, in assessing whether the data evince an intent to spoof. *See Gamma Traders*, 41 F.4th at 75 (explaining that spoofers can use hidden and visible orders to effectuate their schemes: "'[S]poofing' [is] a fraudulent practice in which the spoofing traders send false supply and demand signals to the market by placing orders to buy or sell that they never intend to execute. . . . The spoofing trader . . . hopes that other traders, who can see the number of orders available in the market, will respond to the perceived uptick in demand for gold by temporarily pushing the actual market price higher. . . . In addition to publicly placing orders she does *not* intend to execute, a spoofing trader can also conceal her actual intention —to trade in the direction opposite her spoofing—by placing 'iceberg' orders.")[5]; NASDAQ, *Efficient Execution* ("Non-displayed orders remain hidden up until execution. By keeping your trading interest confidential, market impact is minimized[.]").

In its correspondence and discussion with Harrington, Merrill has not disputed any of the foregoing. Concerningly, Merrill refused to engage with Harrington at all regarding the relevance or proportionality of the data or the burden involved in producing it, let alone to state whether Merrill was withholding responsive documents. Even after Harrington noted in a meet-and-confer that it would be far more efficient for the parties to discuss any concerns Merrill had on burden, relevance, or other grounds **before** seeking the Court's intervention as to this data— rather than for the first time in motion practice before the Court—counsel for Merrill categorically refused to assert, let alone explain, any objections beyond that the inquiry was "a new request." Merrill's refusal to articulate its objections and their bases is not consistent with its discovery obligations. *See Wang v. Shanghai You Garden, Inc.*, 2023 WL 5670772, at *5 (E.D.N.Y. Mar. 31, 2023) (defendants "were required to meet and confer with plaintiff in an effort to . . . at the very least explain the nature and extent of the burden"); *Michael Kors, L.L.C. v. Su Yan Ye*, 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019) ("Rule 26(C)(1) requires parties to meet and confer in good faith in an effort to resolve disputes without the need for court action. Similarly, Local Civil Rule 26.4(a) states that 'counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process.'"). By contrast, at Merrill's request,

---

[5] *Id.* ("Thus, a trader wishing to sell a commodity might attempt to spoof the market by placing many buy orders she does not intend to execute—falsely signaling high demand for the commodity and thus driving up the price—while simultaneously placing sell orders above market price using the iceberg technique to prevent the downward pricing pressure that would otherwise be generated by revealing a large sell order to other traders."). Of course, the same logic holds for spoofs that seek to artificially drive the price downwards.

Harrington provided Merrill the complaint. And Merrill ordered to do so, it would not investigate this data deficiency. *See* Exs. C, D at 2.

As noted above, Merrill's position that this is a "new request" rather than a deficiency in Merrill's data production is meritless. Nor has Merrill contested the relevance of the data or asserted any burden, let alone a specific and weighty burden, in searching for and producing it. The Court should order Merrill to produce data sufficient to show whether Merrill's orders, including orders for clients, to purchase or sell Concordia during the Relevant Period were visible or hidden, including whether they were iceberg orders.

Respectfully submitted,

*/s/ Gregory J. Dubinsky*
Gregory J. Dubinsky

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARRINGTON GLOBAL OPPORTUNITY FUND, LIMITED,<br><br>             Plaintiff,<br><br>    v.<br><br>CIBC WORLD MARKETS CORP., *et al.*,<br><br>             Defendants. | Index No.: 21-cv-00761 (LGS)<br><br>Hon. Lorna G. Schofield<br><br><u>PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS</u> |

TO:    Bank of America Securities Inc.
        Merrill Lynch Canada Inc.
        c/o Abby F. Rudzin, Esq.
        O'MELVENY & MYERS LLP
        Times Square Tower
        7 Times Square
        New York, New York 10036

PLEASE TAKE NOTICE that pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of the United States District Court for the Southern District of New York, Plaintiff Harrington Global Opportunity Fund, Limited ("Plaintiff" or "Harrington"), by and through its undersigned attorneys, hereby propounds the following interrogatories (the "Interrogatories") and requests for production of documents (the "Document Requests") to Defendants Bank of Americas Securities, Inc. and Merrill Lynch Canada Inc. (together, "Merrill"), to be answered in the time allowable under the Federal Rules of Civil Procedure.

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories and Requests (collectively, the "Discovery Requests") shall be deemed to continue beyond the date

when Merrill responds to them.  If any document or information is acquired by Merrill, Merrill's agents, representatives, or attorneys subsequent to the date of the original responses, Merrill shall promptly amend the responses.

## **INSTRUCTIONS**

For purposes of the Discovery Requests, the following instructions shall apply:

1.      Separate responses shall be provided in response to each request, including subparts.

2.      The Discovery Requests cover all documents in Merrill's possession, custody or control, whether they are located in any of its offices or any other place maintained by it, or whether they are in the possession, custody or control of any of its representatives, agents or attorneys.

3.      If any document responsive to these requests was, but no longer is, within Merrill's possession, custody or control, state: (i) what disposition was made of the document; (ii) who disposed of the document; (iii) the reason for such disposition; (iv) the date upon which the document was so disposed; (v) the efforts You made to locate the document; (vi) the identity of the Person(s) who has control of the document; and (vii) the location of the document.

4.      Where a complete answer to an Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

5.      Merrill is referred to Local Civil Rule 26.2 of the United States District Court for the Southern District of New York, which is incorporated in this document as if fully set forth herein.

{1468110.5 }

6.      If Merrill refuses to answer any Interrogatory, in whole or in part, describe the factual basis for its refusal to answer, including any claim of privilege, in sufficient detail as to permit the Court to adjudicate the validity of its refusal.

7.      If Merrill claims that any document or communication requested herein is privileged or constitutes attorney-client work product, submit a written statement for each document or communication so withheld sufficient to evaluate the claim of privilege or work product, including information that:

(a)      identifies the person who prepared or authored the document;

(b)      identifies all recipients or addressees of the document, including recipients of copies or blind copies;

(c)      identifies the date on which the document was prepared or transmitted;

(d)      describes the nature of the document (e.g., letter, memorandum, notice, etc.);

(e)      identifies the general subject matter of the document;

(f)      if the document refers or relates to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation and describes who those persons are; and

(g)      sets forth the nature of and basis for the privilege asserted.

8.      If a portion of an otherwise responsive document contains information subject to a claim of privilege, such portion of the document subject to a claim of privilege may be redacted from the document so that the rest of the document can be produced.  Any such documents shall bear notations reflecting where portions were redacted.  If documents requested below are produced in a redacted version, identify each document that has been redacted and set forth the basis or grounds for the redaction in sufficient detail.

9.      Where the Interrogatory requests the identification of witnesses, if no such witnesses are known to Merrill, Merrill should so state.

10.     Where Merrill identifies in response to any Interrogatory any individual who was at one point employed by Merrill but who is no longer employed by Merrill, provide the date on which that individual's employment with Merrill ended and the individual's last-known address.

11.     With respect to all Document Requests regarding trading and order activity, the timestamps provided in connection with such documents should reflect maximal precision, ideally down to the nanosecond.

12.     With respect to all Document Requests regarding trading and order activity, all trading data must be produced with at least the following data fields:

(a)     the order identifier(s) and the identifier(s) for any parent order(s);

(b)     the type of event;

(c)     the date and time of the order event, trade or transaction, to nanosecond precision;

(d)     the price of the order;

(e)     the quantity of the order;

(f)     for each execution, the price and quantity traded;

(g)     the venue to which the order was routed, and if applicable the venue on which it was executed;

(h)     the identity of the counterparty of the order, trade or transaction, if known;

(i)     the capacity in which the order was sent (agent vs. principal);

(j)     any flags or order type settings that were set on the order (e.g., visibility, TIF and execution conditions); and

(k)      the portfolio manager, trader, algorithmic or other strategy and/or any other

internal identifier indicating which internal party was responsible for the order, trade or

transaction.

13.      Unless otherwise indicated, the time period for each of the Discovery Requests is

from January 27, 2016 to November 15, 2016 (the "Relevant Period").

14.      All documents to be produced in response to these Discovery Requests, including

all Electronically Stored Information ("ESI"), is to be produced in accordance with the

Electronic Discovery Stipulation and Order entered into by and between the parties in the above-

captioned action and ordered by the Court on April 12, 2022 [Doc. No. 110].

## **DEFINITIONS**

1.      Plaintiff incorporates herein by reference and utilizes the Definitions set forth in

Rule 26.3 of the Local Rules for the United States District Court for the Southern District of New

York.

2.      The "Answer" shall refer to Merrill's Answer, filed on March 28, 2022 in the

above-captioned action [Doc. No. 103].

3.      "Concordia" shall refer to Concordia International Corp. and any agents,

employees, or persons acting on behalf or subject to the control of Concordia.

4.      "Plaintiff" as used herein shall refer to plaintiff Harrington Global Opportunity

Fund, Limited.

5.      In accordance with Local Rule 26.3, "You" or "Merrill" as used herein shall mean

defendants Bank of Americas Securities, Inc. and Merrill Lynch Canada Inc. and their officers,

directors, employees, partners, corporate parents, subsidiaries, and affiliates.

{1468110.5 }

6.      All capitalized terms herein that are not otherwise defined shall have the same definition as in the Amended Complaint filed by Plaintiff in this action on April 22, 2021 [Doc. No. 56].

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY 1:</u>**      Identify all Persons with knowledge and/or information concerning the subject matter of this action, and for each such Person describe their knowledge and/or information concerning the subject matter of this action.

**<u>INTERROGATORY 2:</u>**      Identify all Persons involved in the development, coding, or implementation of algorithms utilized by Merrill that traded in any of Concordia's shares on U.S. and/or Canadian exchanges, alternative trading systems and any other trading venue during the Relevant Period, including the coders who developed the actual code underlying the algorithm as well as the drafters of manuals, and decision-makers responsible for determining the goals, purpose and strategies of these trading algorithms.

**<u>INTERROGATORY 3:</u>**      Identify all Persons who traded in any of Concordia's shares on U.S. and/or Canadian exchanges on behalf of or at the direction of Merrill during the Relevant Period.

**<u>INTERROGATORY 4:</u>**      Identify all Persons employed by or acting at the direction of Merrill who are responsible for ensuring that the individuals identified by Interrogatories 2 and 3 act in compliance with any applicable law, statute, regulation, policy, or procedure.

**<u>INTERROGATORY 5:</u>**      Identify all Persons who possess or control documents responsive to the below Document Requests, and the location(s) of such documents.

Dated: New York, New York
     April 22, 2022

By:  /s/ Alan M. Pollack
    Alan M. Pollack
    Felicia S. Ennis
    Leron Thumim
    Madison N. Kelley
    WARSHAW BURSTEIN, LLP
    575 Lexington Avenue, 7th Floor
    New York, New York 10022
    Tel:  212-984-7700
    apollack@wbny.com
    fennis@wbny.com
    lthumim@wbny.com
    mkelley@wbny.com

    James Wes Christian, Esq.
    Ardalan Attar, Esq.
    Christian Levine Law Group, LLC
    2302 Fannin, Suite 205
    Houston, Texas  77002
    Tel:  (713) 659-7617
    jchristian@christianlevinelaw.com
    aattar@christianlevinelaw.com

    *Attorneys for Plaintiff Harrington Global Opportunity Fund*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served by e-mail the foregoing Plaintiff Harrington

Global Opportunity Fund, Limited's First Set of Interrogatories and Requests for Production of

Documents to the following attorney of record:

> Abby F. Rudzin, Esq.
> O'MELVENY & MYERS LLP
> Times Square Tower
> 7 Times Square
> New York, New York 10036
> arudzin@omm.com

This $\underline{22}^{nd}$ day of April 2022.

Respectfully submitted,

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

HARRINGTON GLOBAL OPPORTUNITY
FUND, LIMITED,

        Plaintiff,

      v.

CIBC WORLD MARKETS CORP., *et al.*,

        Defendants.

Civil Action No.:  1:21-cv-00761-LGS

Hon. Lorna G. Schofield

## MERRILL DEFENDANTS' OBJECTIONS AND RESPONSES
## TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-23)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants BofA Securities, Inc. ("Merrill-US") and Merrill Lynch Canada Inc. ("Merrill-Canada") (collectively, "Merrill Defendants") hereby object and respond to Plaintiff's First Request for Production of Documents to Merrill Defendants as follows:

## GENERAL OBJECTIONS

Merrill Defendants object to the Instructions to the extent they attempt to impose obligations beyond those provided under Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, any protocol governing the production of documents or information in this action, the orders of this Court, and any agreement of the parties about document production. Merrill Defendants will not follow such "instructions" from Plaintiff but will comply with the law.

Merrill Defendants object that the definition of "You" and "Your" is overbroad because it includes, inter alia, parents and affiliates that have nothing to do with securities trading.  Merrill

Defendants further object to Plaintiffs' implication that the conduct of these distinct corporate entities was linked, or worse yet that they are one company, without justification.  Merrill Defendants will interpret these words to apply solely to Merrill-US and Merrill-Canada, and their respective officers and employees.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications concerning Merrill's trading and order activity in Concordia's shares on U.S. and Canadian exchanges, alternative trading systems and any other trading venue, including but not limited to:

(a) parent orders;

(b) child order messages (including creation, cancellations, updates, modification and any other relevant updates); and

(c) execution and any other transaction data in Concordia's shares.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Merrill Defendants object to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to the parties' claims or defenses.  Merrill Defendants further object to this Request as vague and ambiguous for its use of the term "Merrill's trading and order activity."  Merrill Defendants will interpret "Merrill's trading and order activity" to mean trades and orders placed for the principal accounts of either Merrill Defendant.  Merrill Defendants further object to this Request as vague and ambiguous for its use of the terms "alternative trading systems" and "any other trading venue."  Merrill Defendants will interpret both terms to mean what is defined in Regulation ATS [17 CFR § 242.300].

Without waiving the foregoing objections, Merrill Defendants will produce documents sufficient to show trades in and orders for Concordia common stock placed for the principal

accounts of either Merrill Defendant from January 27, 2016 to November 15, 2016 (the

"Relevant Period").

## REQUEST FOR PRODUCTION NO. 2:

A cross-reference file identifying all parties and counterparties to all trades and orders

identified by Request 1, including account number, full name, address, and type of account—

with the type of account specifying whether it is a cash, margin, DVP/RVP, firm trading, firm

operations, firm control, and/or error account.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Merrill Defendants object to this Request as overbroad and seeking information that is

not relevant to the parties' claims or defenses.  Merrill Defendants further object that this

Request seeks information not in Merrill Defendants' possession, custody, or control to the

extent it seeks the identities of "counterparties" to trades made on exchanges by either Merrill

Defendant.  Merrill Defendants state that in such circumstances, the exchange is its nominal

counterparty on all such trades and the actual counterparty is known only to the exchange.

Without waiving the foregoing objections, Merrill Defendants will produce documents

sufficient to show the beneficial owner or other party with authority to cause the submission of

orders and execution of trades to be identified in response to Request for Production No. 1, and

related account type(s) and, if available, counterparty information for such orders and trades.

## REQUEST FOR PRODUCTION NO. 3:

Documents and Communications sufficient to identify the parties, counterparties,

trading strategies and/or portfolio managers responsible for Merrill's trading and order activity

in Concordia's shares on U.S. and Canadian exchanges, alternative trading systems and any

other trading venue, including but not limited to parent orders, child order messages (including

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Merrill Defendants object to this Request as vague and ambiguous for its use of the phrase "offer as evidence at any time."

Without waiving the foregoing objection, Merrill Defendants will produce any documents that Merrill Defendants currently intend to present as evidence at trial.

Dated:  June 6, 2022                     O'MELVENY & MYERS LLP

                                          _/s/ Abby F. Rudzin_____
                                          Abby F. Rudzin
                                          William J. Martin
                                          Seven Times Square
                                          New York, NY 10026
                                          Telephone: (212) 326-2000
                                          arudzin@omm.com
                                          wmartin@omm.com
                                          *Attorneys for BofA Securities, Inc. and*
                                          *Merrill Lynch Canada Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing document was served on counsel for the parties via electronic mail on June 6, 2022.

*/s/ William J. Martin*
William J. Martin

# EXHIBIT C
# (FILED UNDER SEAL)



| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | date | time | humantime | mykey | sequence | source | user | token | buysell | shares | minimum | symbol | price | displayprice | timeinforce | longshort |
| 2 | MERRILL DATA | | | | | | | | | B | 400 | | CXRX | 20.01 | | | |
| 3 | NASDAQ DATA | 7/6/2016 | 4.51E+13 | 12:31:21.686.862.526 | 336141875 | 174002893 | S15B09 | A100 | 100034519 | B | 400 | 0 | CXRX | 20.01 | 0 | 0 | |

| | R | S | T | U | V | W | X | Y | Z | AA | AB | AC | AD | AE | AF | AG | AH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | firm | capacity | isoflag | divisible | display | clearing | decfrac | postonly | previoussequence | tradethruflag | shortflag | bboflag | aiqflag | aiqgroupid | priorityupdate | limitprice | luldflag |
| 2 | | | | | | | | | | | | | | | | | |
| 3 | MLCO | A | R | X | N | Q | D | | 0 | T | N | | 0 | N | | 20.01 | L |

| | AI | AJ | AK | AL | AM | AN | AO | AP |
|---|---|---|---|---|---|---|---|---|
| 1 | msgtype | commandprice | commanddisplay | date2 | time2 | orderexeclevel | eventtype | clientid_anonymized |
| 2 | | | | 6-Jul-16 | 1/1/1960 12:31 | Order | NW | c0d28bb1f64859a1d447051c92d22af9d4286c19bb78aa92e9792d12f4eda833 |
| 3 | O | | | 6-Jul-16 | 1/1/1960 12:31 | | | |

| | AQ | AR | AS | AT | AU | AV | AW |
|---|---|---|---|---|---|---|---|
| 1 | account_anonymized | clordid | tradedate | rule80a | orderreceivedtime | ordersenttime | ordstatus |
| 2 | 478ad20ea2204416e0b6b9631ce88f473ab7149afdcf7e714a152a76766631ed | A100100034519 | 20160706 | Agency | 20160706-12:31:21.686 | 20160706-12:31:21.686 | D |
| 3 | | | | | | | |

| | AX | AY | AZ | BA | BB | BC | BD | BE | BF | BG | BH | BI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | routedvenue | ordtype | goodtilltime | heldorderind | solicitedind | specialhandling | locatereqd | locatebroker | locateid | locatetag5703 | canceledorderid | canceltime |
| 2 | NSDQ | LMT | | Not Held | Not Solicited | ISO | | | | | | |
| 3 | | | | | | | | | | | | |

| | BJ | BK | BL | BM | BN | BO | BP | BQ | BR | BS | BT | BU |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | settlementdate | oatsotsorderid | mpid | firmmnemonic | branchseqnum | businessrejectreason | flow | closingoffset | filename | lastcapacity | executiontime | exectype |
| 2 | 20160711 | A100100034519 | MLCO | | | | FTEN-BD | | merrill_02946.csv | | | |
| 3 | | | | | | | | | | | | |

| | BV | BW | BX | BY | BZ | CA |
|---|---|---|---|---|---|---|
| 1 | execbroker | liquidityind | execvenue | contrabroker | messagetime | month |
| 2 | | | | | | 7 |
| 3 | | | | | | |

# EXHIBIT D

| From: | Gregory J. Dubinsky |
|---|---|
| To: | Martin, Bill; Andrew C. Indorf |
| Cc: | Rudzin, Abby F.; Quinn, Brian P.; Matthew Gurgel; Aditi Shah; Pollack, Alan; Filardo, Thomas; Ennis, Felicia; Thumim, Leron; James Wes Christian; Ardalan Attar |
| Subject: | Re: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-00761-LGS (S.D.N.Y.) |
| Date: | Wednesday, May 15, 2024 11:33:08 AM |
| Attachments: | MERRILL_nasdaq_dark.xlsx |

Bill:

Thanks for the information you provided.

After receipt of your email, we conducted further analysis and have located a tiny fraction of orders that contain odd-lot sizes (less than 1% of the total market events). We are still puzzled by this seeming aberration. Please let us know whether Merrill make inquiries into this issue and, if so, by when we can expect a response.

We note that you chose not to respond to our request below regarding account IDs. After further analysis, we understand that at least 1.4 million market events are seemingly missing account IDs. These events are attributable to 6 client IDs, which we can provide you. We do not understand why the data lack account IDs for so many market events. Please let us know whether Merrill make inquiries into this issue and, if so, by when we can expect a response.

As for your requests for examples, I do not understand what you are requesting in relation to the foregoing. That said, please see attached what we understand to be an exemplar Merrill Nasdaq order that was hidden (see the display column). I provide this in good faith even though you have refused to look into this issue.

Thanks,
Greg


Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

**From:** Martin, Bill <wmartin@omm.com>
**Date:** Tuesday, May 14, 2024 at 11:00 AM
**To:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>, Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>, Quinn, Brian P. <bquinn@omm.com>, Matthew Gurgel <mgurgel@hsgllp.com>, Aditi Shah <AShah@hsgllp.com>, Pollack, Alan <APollack@wbny.com>, Filardo, Thomas <TFilardo@wbny.com>, Ennis, Felicia <FEnnis@wbny.com>, Thumim, Leron <lthumim@wbny.com>, James Wes Christian <jchristian@christianattarlaw.com>, Ardalan Attar <aattar@christianattarlaw.com>

**Subject:** RE: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-00761-LGS (S.D.N.Y.)

Greg,

For the three bullet points in your May 12 email about Merrill's data, as well as Harrington's May 7 request that Merrill identify which orders were "instructed to be hidden," it is difficult to ascertain exactly what you're describing based on your emails or what you said during our meet-and-confer on May 10. During our meet-and-confer, I suggested that you provide examples from Merrill's data that you believe illustrate the issues you are raising so that we can better understand Harrington's requests. I don't believe we have received those examples yet.

In any case, we are seeing examples of odd lot sizes for orders in both the customer order data produced on December 8, 2023, as well as the FTEN order data produced thereafter, so we believe that you are incorrect in stating that such orders do not exist in Merrill's order data. In addition, for pegged orders, it is our understanding that any update in price occurs on the trading venue to which the order was routed. In other words, the executing broker would not continually cancel and replace its order in response to changes in the pegged value. If you have information to the contrary, you may want to share that information with us.

Yesterday evening, you added yet another request to these four requests. Harrington is now also requesting that Merrill identify whether venues to which it routed orders were "lit" or "dark," despite the fact that you stated in your May 7 email that Harrington already generally has this information.

If you insist on seeking court intervention now on your May 7 request, we believe the Joint Statement should state the following and, in accordance with LR 37.1, include as an Exhibit the full text of RFP 1 and our Response and Objections:

> JOINT STATEMENT: The parties met and conferred on May 10 by videoconference for an hour but were unable to resolve their dispute regarding Harrington's May 7 request that Merrill produce additional data showing whether each client order was, in Harrington's words, "instructed to be hidden or displayed" when sent to an exchange or other venue. The parties do not agree on whether this constitutes a new request to which Merrill need not respond.

William J. Martin
O: +1-212-728-5942
C: +1-917-582-2461
wmartin@omm.com

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Monday, May 13, 2024 5:16 PM
**To:** Martin, Bill <wmartin@omm.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Matthew Gurgel <mgurgel@hsgllp.com>; Aditi Shah <AShah@hsgllp.com>; Pollack, Alan <APollack@wbny.com>;

Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Thumim, Leron <lthumim@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>

**Subject:** RE: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-00761-LGS (S.D.N.Y.)

## [EXTERNAL MESSAGE]

In addition, we assume that your position that data showing whether Merrill orders were displayed or hidden constitutes a new request extends also to data showing whether the venues to which Merrill orders were sent were "lit" or "dark."  Please tell us if that is not correct.

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Sunday, May 12, 2024 8:57 PM
**To:** Martin, Bill <wmartin@omm.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Matthew Gurgel <mgurgel@hsgllp.com>; Aditi Shah <AShah@hsgllp.com>; Pollack, Alan <APollack@wbny.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Thumim, Leron <lthumim@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>
**Subject:** Re: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-00761-LGS (S.D.N.Y.)

Counsel:

As you know, we seek to ensure Plaintiff has—as it is entitled to—complete and accurate trade and order data that permits it to track the order book positions of Merrill's clients, including all messages that influence a client's standing on any venue and on any order book as well as their holdings. This also includes which order book positions were available to those tracking publicly accessible markets, exchanges, and venues.

As discussed with you May 10, we ask that you look into the following issues in respect of your client trade and order data production.

- The data you provided appear to be missing at least tens of thousands of account IDs.
- The data you provided do not appear to contain order information as to any order quantities that do not end in "00."
- The data you provided do not appear to have cancel-replace order events for "pegged orders," i.e., orders pegged to a particular value.  One would expect to see cancel-replace order events for pegged order as the pegged value changes.

Please let us know immediately whether you will look into the issues discussed above.

We have your position that Merrill regards data regarding whether Merrill customer orders were displayed or hidden as supposedly a "new request."   Please provide comments on the following joint statement:

JOINT STATEMENT:  The parties met and conferred on May 10 by videoconference but were unable to resolve their dispute regarding whether Merrill will agree to produce data sufficient to show whether Merrill client orders were instructed to be hidden or displayed when sent to exchanges and/or any other venue. The parties did not agree on whether this constitutes a "new request" to which Merrill need not respond.

As always, we reserve all rights.

Thanks,
Greg

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Martin, Bill <wmartin@omm.com>
**Sent:** Thursday, May 9, 2024 2:31:53 PM
**To:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Matthew Gurgel <mgurgel@hsgllp.com>; Aditi Shah <AShah@hsgllp.com>; Pollack, Alan <APollack@wbny.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Thumim, Leron <lthumim@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>
**Subject:** RE: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-00761-LGS (S.D.N.Y.)

Again, we disagree.  We have no obligation to respond to new requests, so we will not accede to your demand that we come prepared with responses as if we did. You, by contrast, need to explain how this is not a new request—and we don't think that obligation is satisfied by Harrington merely citing a broad request for every single document about Concordia—and why Harrington is entitled to raise this issue now, given that our objections and the fact that Merrill would not produce this information have been clear since June 2022.

William J. Martin
O: +1-212-728-5942
C: +1-917-582-2461
wmartin@omm.com

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Thursday, May 9, 2024 12:19 PM
**To:** Martin, Bill <wmartin@omm.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Matthew Gurgel <mgurgel@hsgllp.com>; Aditi Shah <AShah@hsgllp.com>; Pollack, Alan <APollack@wbny.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Thumim, Leron <lthumim@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>
**Subject:** Re: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-00761-LGS (S.D.N.Y.)

## [EXTERNAL MESSAGE]

We will pencil that time in. Our communications to you have been clear in regard to what we are seeking and what RFP it is covered by. This data is relevant because, among other things, whether an order is flagged as visible may pertain to whether it is part of a spoofing scheme. Please be prepared to address (1) whether you dispute the relevance of this data, and why; (2) the burden, if any, in obtaining and producing it; and (3) by when you can commit to producing it. We do not want yet another iteration in which Merrill comes unprepared to a meet and confer to discuss any point in respect of relevance, burden, or timing.

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Martin, Bill <wmartin@omm.com>
**Sent:** Thursday, May 9, 2024 10:18:35 AM
**To:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Matthew Gurgel <mgurgel@hsgllp.com>; Aditi Shah <AShah@hsgllp.com>; Pollack, Alan <APollack@wbny.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Thumim, Leron <lthumim@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>
**Subject:** RE: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-00761-LGS (S.D.N.Y.)

Let's plan on 6:30. If the deposition appears to be running long, I will let you know.

William J. Martin
O: +1-212-728-5942
C: +1-917-582-2461
wmartin@omm.com

---

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Thursday, May 9, 2024 10:09 AM

**To:** Martin, Bill <wmartin@omm.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Matthew Gurgel
<mgurgel@hsgllp.com>; Aditi Shah <AShah@hsgllp.com>; Pollack, Alan <APollack@wbny.com>;
Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Thumim, Leron
<lthumim@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar
<aattar@christianattarlaw.com>
**Subject:** Re: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-
00761-LGS (S.D.N.Y.)

## [EXTERNAL MESSAGE]

Can you please offer a specific time or times?

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Martin, Bill <wmartin@omm.com>
**Sent:** Thursday, May 9, 2024 10:07:11 AM
**To:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Matthew Gurgel
<mgurgel@hsgllp.com>; Aditi Shah <AShah@hsgllp.com>; Pollack, Alan <APollack@wbny.com>;
Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Thumim, Leron
<lthumim@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar
<aattar@christianattarlaw.com>
**Subject:** RE: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-
00761-LGS (S.D.N.Y.)

We disagree.  We're available to meet and confer tomorrow after Danny Guy's deposition is
completed.

William J. Martin
O: +1-212-728-5942
C: +1-917-582-2461
wmartin@omm.com

---

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Wednesday, May 8, 2024 6:21 PM
**To:** Martin, Bill <wmartin@omm.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Matthew Gurgel
<mgurgel@hsgllp.com>; Aditi Shah <AShah@hsgllp.com>; Pollack, Alan <APollack@wbny.com>;
Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Thumim, Leron
<lthumim@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar
<aattar@christianattarlaw.com>
**Subject:** Re: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-

00761-LGS (S.D.N.Y.)

---

[EXTERNAL MESSAGE]

Bill, this is not a "new request," but an apparent deficiency in your production. As you know, we disagree that you substantially completed production when you certified as much. You do not say that the data is not relevant, not covered by an RFP, or burdensome for Merrill to produce. Pursuant to the parties' discovery agreement, please provide a time to meet and confer this week.

Thanks,
Greg

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

---

**From:** Martin, Bill <wmartin@omm.com>
**Sent:** Wednesday, May 8, 2024 4:17 PM
**To:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Matthew Gurgel <mgurgel@hsgllp.com>; Aditi Shah <AShah@hsgllp.com>; Pollack, Alan <APollack@wbny.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Thumim, Leron <lthumim@wbny.com>; James Wes Christian <jchristian@christianattarlaw.com>; Ardalan Attar <aattar@christianattarlaw.com>
**Subject:** RE: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-00761-LGS (S.D.N.Y.)

Merrill substantially completed its data production more than two months ago.  We are not entertaining new requests, which are in any event prohibited by the Court's December 18 order.

William J. Martin
O: +1-212-728-5942
C: +1-917-582-2461
wmartin@omm.com

---

**From:** Gregory J. Dubinsky <gdubinsky@hsgllp.com>
**Sent:** Tuesday, May 7, 2024 5:38 PM
**To:** Martin, Bill <wmartin@omm.com>; Andrew C. Indorf <aindorf@hsgllp.com>
**Cc:** Rudzin, Abby F. <arudzin@omm.com>; Quinn, Brian P. <bquinn@omm.com>; Matthew Gurgel <mgurgel@hsgllp.com>; Aditi Shah <AShah@hsgllp.com>; Pollack, Alan <APollack@wbny.com>; Filardo, Thomas <TFilardo@wbny.com>; Ennis, Felicia <FEnnis@wbny.com>; Thumim, Leron

&lt;lthumim@wbny.com&gt;; James Wes Christian &lt;jchristian@christianattarlaw.com&gt;; Ardalan Attar &lt;aattar@christianattarlaw.com&gt;

**Subject:** RE: Harrington Global Opportunity Fund, Limited v. BofA Securities, Inc., et al., 1:21-cv-00761-LGS (S.D.N.Y.)

## [EXTERNAL MESSAGE]

Counsel:

Although we can determine whether the venues/exchanges on which orders were placed were generally "lit" or "dark," the trade and order data you produced does not appear to indicate whether each order was flagged as a visible order or a hidden order. Is this data that exists and is within your possession, custody, or control? Please let us know if you are willing to search for and produce documents that would provide this information, which is plainly covered by RFP No. 1 ("All Documents and Communications concerning Merrill's trading and order activity in Concordia's shares on U.S. and Canadian exchanges, alternative trading systems and any other trading venue"). Thank you.

Best,
Greg

Gregory J. Dubinsky
HOLWELL SHUSTER & GOLDBERG LLP
Office: (646) 837-8554 | Bio
425 Lexington Ave | New York, New York 10017 | hsgllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.