```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
HARRINGTON GLOBAL OPPORTUNITY               :
FUND, LIMITED,                              :
                                                    :
                              Plaintiff,    :       21 Civ. 761 (LGS)
                                                    :
               -against-                    :       ORDER
                                                    :
BOFA SECURITIES, INC., et al,               :
                              Defendants.   :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 16, 2024, Plaintiff filed a pre-motion letter requesting a conference to compel Merrill Defendants to produce data to allow Plaintiff to determine whether placed orders were visible to or hidden from market participants (the "Hidden Order Data"). Plaintiff argues Defendants are improperly refusing to produce relevant information that has been subject to prior requests for production.

WHEREAS, on May 16, 2024, Plaintiff filed a pre-motion letter requesting a conference to compel Merrill Defendants to produce policies, manuals, and/or procedures regarding the adequacy of Merrill's monitoring of customer and proprietary trading (the "Compliance Documents"). Plaintiff argues Defendants are improperly refusing to produce relevant information that has been subject to prior requests for production and prior Court orders.

WHEREAS, on May 16, 2024, Plaintiff also filed a request to extend fact discovery to four weeks after completion of Defendants' and third parties' data and document productions and resolution of the parties' document discovery disputes. Plaintiff argues that Defendants' obstructive conduct has resulted in delays that would prevent Plaintiff from completing discovery by the current deadline. The letter also sought a referral of these and future discovery-related disputes to a Magistrate Judge, in order to reduce the burden on this Court.

WHEREAS, on May 20, 2024, Plaintiff filed a letter seeking clarification of the Court's May 16, 2024, Order regarding certain search terms. Plaintiff argues that the Order, which states the parties should negotiate terms that "hit on Concordia and client/account-related terms," should be construed to require terms that hit on either Concordia or client/account-related terms to capture all relevant documents.

WHEREAS, on May 20, 2024, Merrill Defendants responded to Plaintiff's letter to seek clarification of the Court's May 16, 2024, Order. Merrill argues that both terms should be required under the language of the Order.

WHEREAS, on May 20, 2024, Defendants also responded to Plaintiff's request to extend discovery and for a referral, arguing that neither was necessary or warranted under the circumstances, and that delays had been primarily caused by Plaintiff.

WHEREAS, on May 21, 2024, Plaintiff sought leave to reply to Defendant's response to its letter motion to clarify the Court's May 16, 2024, Order. The Court's Individual Rules do not permit such a response.

WHEREAS, on May 21, 2024, Plaintiff filed a letter motion seeking to compel Merrill Defendants to produce certain documents over which Defendants have asserted the bank examination privilege. Plaintiff argues that this assertion was overbroad and the privilege cannot be asserted by Merrill Defendants over the types of documents at issue.

WHEREAS, on May 22, 2024, Merrill Defendants responded to Plaintiff's letter regarding the Hidden Order Data, arguing that production of the data would be overly burdensome, as it is not readily available, and that Plaintiff's request comes too late.

WHEREAS, on May 22, 2024, Merrill Defendants filed a response to Plaintiff's letter seeking to compel production of the Compliance Documents, arguing that the documents requested are not covered by prior Court orders and are not relevant to Plaintiff's claims of spoofing.

WHEREAS, on May 23, 2024, the Court requested a response from Merrill Defendants to Plaintiff's letter regarding Defendants' assertion of the bank examination privilege.

WHEREAS, fact discovery is scheduled to close on June 10, 2024.  It is hereby **ORDERED** that Plaintiff's letter seeking to compel production of the Hidden Order Data is **DENIED**.  While Plaintiff states that it has identified approximately 6,000 hidden orders in the 17 million orders for which Merrill Defendants have produced data, Plaintiff raises this issue too late.  Plaintiff has known this information was missing from the data since its production in December of 2022 and December of 2023.  Merrill Defendants credibly state that retrieval of this information would impose an undue burden, especially given the short period remaining in discovery.  Plaintiff's request to file a reply to Defendants' response to its letter to compel the Hidden Order Data is denied as moot.

**ORDERED** that Plaintiff's letter seeking to compel production of the Compliance Documents is **DENIED**.  Plaintiff argues that the documents requested are those that the Court has previously ordered produced.  In its January 10, 2024, Order, the Court stated that "Plaintiff is not entitled to all documents relating to the adequacy of Defendants' compliance program, policies and procedures," but only to those that "relate to spoofing or Concordia."  Plaintiff states that it should receive documents referenced in other compliance documents that have been produced, but Plaintiff does not identify how these documents themselves may relate to spoofing or Concordia.  Additionally, Plaintiff's request for these documents comes too late.

3

**ORDERED** that Plaintiff's letter seeking to clarify the Court's May 16, 2024, Order is **GRANTED** as follows:  The Order states that both terms should be included.  Plaintiff's claims relate to spoofing in Concordia.  Balancing the likely relevance of documents referencing clients/accounts that do not reference Concordia against the burden of collecting and reviewing hits on broader terms at this point in the discovery process, terms that focus on both Concordia and clients/accounts are warranted.

**ORDERED** that Plaintiff's letter seeking an extension of fact discovery is **DENIED**.  On December 18, 2023, the Court granted a six-week discovery extension at the parties' joint request.  On February 1, 2024, the Court granted a twelve-week extension at Plaintiff's request.  On April 19, 2024, the Court again granted a four-week extension at Plaintiff's request.  Further extension less than a month before the close of fact discovery is unwarranted.

Dated: May 28, 2024
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**