**Sandra D. Hauser**

sandra.hauser@dentons.com
D  +1 212-768-6802

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

dentons.com

September 9, 2024

**VIA ECF**

The Honorable Valerie Figueredo
United States District Court, Southern District of New York
500 Pearl Street, New York, NY 10007

Re:  Harrington Global Opportunity Fund v. BofA Securities, et al., No. 1:21-cv-761

Dear Judge Figueredo:

On behalf of Defendant CIBC World Markets, Inc. ("CIBC"), and pursuant to Your Honor's Individual Practices in Civil Cases Rule I.g, we write to request approval to file CIBC's response to plaintiff's motion to compel a third party to produce its 2016 US trading data in Concordia (ECF No. 345) under seal and publicly file a version in which certain portions are redacted. The third party is a CIBC customer whose identity CIBC previously designated as Confidential Discovery pursuant to the Protective Order (ECF No. 111). For the reasons below, CIBC respectfully requests that any mention of the customer's name in CIBC's response be permanently sealed from public disclosure.

The decision to seal a document is in the discretion of the trial court. *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022). In exercising that discretion courts consider "the weight to be given to the presumption of access," and whether the presumption is overcome by "countervailing factors"—particularly "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-220 (2d Cir. 2006). Sealing is warranted when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 115 (2d Cir. 1987). CIBC respectfully submits that redaction of the customer's name is narrowly tailored to protect sensitive competitive information of CIBC and the privacy interests of the customer.

Disclosure of the customer's name poses potential harm to CIBC's commercial interests. "[C]ourts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information." *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (collecting cases). Customer names in particular are regularly regarded as competitively sensitive material deserving of sealing. *See Optionality Consulting Pte. Ltd v. Edge Tech. Grp. LLC*, No. 18-CV-5393 (ALC) (KHP), 2024 WL 3534372, at *2 (S.D.N.Y. July 25, 2024) (sealing "information about Plaintiff's clients and pricing"); *City of Providence v. BATS Glob. Markets, Inc.*, No. 14-CV-2811 (JMF), 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022) (sealing customer names and revenues); *Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists). Here, CIBC has a commercial interest in keeping customer identifying information out of the public case file

because current and prospective customers will be reluctant to communicate with CIBC if they believe that their otherwise confidential information—including what and how the customer trades—will be shared publicly in a lawsuit to which the customer is not and cannot be a party.

Public disclosure also poses potential harm to the customer itself. "The privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citation omitted). CIBC's response addresses plaintiff's serious and unsupported allegations that the customer may have engaged in spoofing. As this Court has previously recognized, "unadjudicated allegations of wrongdoing" against a third party are a valid basis to seal documents and information. *In re B&C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, J.).

Balanced against these strong interests, the presumption of access in this case is weak. Plaintiff's letter motion presents a discovery dispute, and "the presumption of public access in filings submitted in connection with discovery disputes or motions in limine is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Further, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power" (*Lugosch*, 435 F.3d at 119), making the presumption strongest "[w]hen the information at issue forms the basis of the court's adjudication." *Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*, No. 04 CIV. 5044 (NRB), 2005 WL 1216292, at *6 (S.D.N.Y. May 23, 2005). Here, the name of the customer has little bearing on the Court's consideration of plaintiff's motion to compel production of its trade data.

CIBC's commercial interests and the interests of its customer thus outweigh any public right of access in seeing the identity of the customer in a discovery motion. *See also City of Providence*, 2022 WL 539438, at *5 (sealing "identifying information of nonparty market participants" because "the significant interest in protecting sensitive financial information related to third parties is sufficient to rebut the weak presumption of access for that information given the limited role that nonparty identifying information will play in the Court's adjudication of the pending motions") (citation omitted). Accordingly, CIBC respectfully requests that its customer's name be permanently redacted from CIBC's response to plaintiff's letter motion.

cc: All counsel of record via ECF

Respectfully submitted,

/s/ *Sandra D. Hauser*
Sandra D. Hauser

---

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
DATED:   9-11-2024

Defendant's application is hereby GRANTED. Defendant has made a showing that the information merits sealing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The Clerk of Court is respectfully directed to terminate the motion at ECF No. 353.