

File Number: _____

O'Melveny & Myers LLP  
1301 Avenue of the Americas  
Suite 1700  
New York, NY 10019-6022

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com

**Abby F. Rudzin**  
D: +1 212 326 2033  
arudzin@omm.com

September 19, 2024

The Honorable Valerie Figueredo  
United States District Court, Southern District of New York  
500 Pearl Street  
New York, NY 10007

Re: *Harrington Global Opportunity Fund v. BofA Securities, et al.*, No. 1:21-cv-761

Dear Judge Figueredo:

We write to request, pursuant to this Court's September 9 order (ECF 352), that the Court maintain under seal Merrill's confidential material: competitively sensitive information, names of its customers, and regulatory matters.[1] While the order did not request briefing on Harrington's recently filed motion to extend the expert discovery schedule (ECF 349) or defendants' response thereto (ECF 366), Merrill requests that the Court also continue sealing the unredacted versions of both filings.[2] For the reasons below, Merrill respectfully requests that these filings be permanently sealed from public disclosure.

***Legal standard.*** For a sealing request, courts consider "the weight to be given to the presumption of access," and whether it is overcome by "countervailing factors [that] include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006) (internal quotation marks omitted). Sealing is warranted when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.

Courts evaluate the role of the sealed information in the context of the broader litigation. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he presumption of [public] access has only 'modest' weight where the document is submitted in connection with discovery motions, motions to compel testimony, and motions to exclude certain deposition testimony." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023).

---

[1] These filings are located in the record at ECF 230, 236, 241, 244, 252, 261, 264, 273, and 280. The filing party redacted potentially confidential information in public versions. (ECF 229, 235, 240, 243, 251, 260, 263, 272, 281.) Where redacted text quotes from or describes Merrill documents, such documents have been designated as Highly Confidential under the Protective Order. (ECF 111.) As Merrill does not request that all of the information redacted in Harrington's papers remain sealed, it proposes more limited redactions. (Exs. A–D.)

[2] Public versions of both filings were also filed with necessary redactions. (ECF 350, 367.)

***Names of Customers.***  Several Harrington motions or attachments to such motions contain the names and other identifying information for Merrill customers.  (ECF 230, 236, 244, 252, 273.)  Customer names in particular are regularly regarded as competitively sensitive material deserving of sealing.  *See Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists).

The potential harm to Merrill's customers posed by the disclosure of their names also favors sealing.  *See Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").  This Court recognizes that the public perception after disclosure that such non-parties engaged in wrongdoing may cause reputational harm that is difficult, if not impossible, to repair.  *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, J.) ("unadjudicated allegations of wrongdoing" against third party are valid basis to seal documents and information).  Finally, the names of the customers had no bearing on the Court's consideration of Harrington's motions.  *See Amodeo*, 71 F.3d at 1050 ("weight of the presumption [of public access] is low" where sealed information had "only a negligible role" in court's adjudication of matter).

***Compliance Policies, Procedures, and Assessments.***  Harrington's motions to compel Merrill to produce certain compliance-related documents (ECF 241, 264), and Merrill's response to one (ECF 280), quote from or describe Merrill's internal policies and procedures and internal compliance assessments.  These documents contain commercially sensitive information courts commonly seal.  *See B & C KB*, 2023 WL 2021299, at *1 ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").  Merrill conducted those assessments in response to a 2014 consent order with the Office of the Comptroller of the Currency.  A bank's evaluation of, and suggestions for improvements to, its compliance policies and procedures lies at the heart of "commercially sensitive information" that should be sealed.  *Cf. In re Health Mgmt. Inc.*, 1999 WL 33594132, *7 (E.D.N.Y. Sept. 25, 1999) (protecting firm's communications during peer review process because "self-evaluative privilege serves the public interest by encouraging self-improvement through uninhibited self-analysis and evaluation").

In addition, where the scope and focus of these assessments might reflect non-public communications between the Bank and its regulator, their disclosure would frustrate the need for banks and their regulators to engage in candid discussions.  Courts have recognized that sealing the SEC's communications with parties under investigation was "necessary to preserve higher values that overcome the presumption of public access, including . . . the need for recipients of SEC subpoenas and document requests to communicate with the agency to resolve matters." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023); *see also Fed. Trade Comm'n v. Seven & I Holdings, Co.*, 2023 WL 11730304, at *2 (D.D.C. Dec. 6, 2023) (sealing complaint where regulator argued unsealing posed "potential harm to future litigation . . . [by] prevent[ing] the Commission from receiving full disclosure of information . . . as it performs its investigations" (internal quotation marks omitted)).

***Order and Trade Data.***  Harrington has also filed motions with exhibits excerpting Merrill's order and trade data (ECF 244, 261, 273), one of which shows details of a customer's orders and trades merely to illustrate how such data indicates whether an order was "hidden" or

not (ECF 244-3).  The data itself has no relevance to the Court's adjudication of the motion, and its disclosure would implicate the customer's privacy interests.  *See Amodeo*, 71 F.3d at 1050 ("privacy interests of innocent third parties" should "weigh heavily" in sealing analysis).

Other exhibits show the specific data fields Merrill maintains to track order flow and executed trades.  (ECF 244-4, 261-1, 273-2.)  This again reflects "commercially sensitive information" appropriate for sealing.  *See B & C KB*, 2023 WL 2021299, at *1.  The motions to which these exhibits were attached did not turn on specific orders or trades, or data fields, thus further supporting sealing the motions.  *See Amodeo*, 71 F.3d at 1050 (low weight to presumption of public access where information played only "negligible role" in litigation).

**Regulatory Inquiry.**  While the Court's order (ECF 352) did not request briefing on sealing Harrington's motion to extend the expert discovery schedule (ECF 349) or defendants' response (ECF 366), Merrill requests that the Court continue sealing the unredacted versions of both.  Harrington's motion quotes information in a Merrill document that might eventually be attributed to customers, thus raising concerns about the privacy interests of and potential reputational harm to such customers.  *Amodeo*, 71 F.3d at 1050 ("privacy interests of innocent third parties" should "weigh heavily" in sealing analysis); *B & C KB*, 2023 WL 2021299, at *1 ("unadjudicated allegations of wrongdoing" against third party should be sealed).[3]

Moreover, disclosure of a regulator's inquiry poses potential harm to the regulator's ability to receive promptly information in investigations.  *See Ripple Labs,* 2023 WL 3477552, at *7 ("higher values that overcome the presumption of public access" include "the need for recipients of SEC subpoenas and document requests to communicate with the agency to resolve matters").  Like the "minimally relevant" Wells submission in *Ripple Labs*, the requested redactions here have no bearing on Harrington's claim.  *Id.*  The fact of a regulator's data inquiry says nothing about whether spoofing occurred, much less that Merrill committed intentional fraud by not catching it.

\*     \*     \*

The public versions of the filings Merrill requests be sealed permanently have only limited, necessary redactions, and the redacted text had, or should have, no bearing on the Court's adjudication of Harrington's discovery motions, much less its substantive claim.  The public right of access to the courthouse is thus not impinged.  *See Rosario v. Cmty. Hous. Mgmt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (sealing information about non-parties where redactions were "narrowly tailored . . . [to] seal only information that has minimal, if any, relevance to the claims in this action").  Accordingly, Merrill respectfully requests that the Court maintain under seal the aforementioned filings and order Harrington to refile those where no or fewer redactions are necessary.  (*See* Exs. A–B (proposing no redactions for refiled public versions of ECF 229-2 and  ECF 229-3); C–D (fewer redactions for ECF 243-4 and ECF 263-1).)

---

[3] Harrington's motion (ECF 349) also contains CIBC's sensitive information, which CIBC has addressed in a separate filing (ECF 373).

O'Melveny

          Respectfully submitted,

          */s/ Abby F. Rudzin*

          Abby F. Rudzin
          *of* O'MELVENY & MYERS LLP

cc: All counsel of record via ECF

---

**MEMO ENDORSED**

*[Signature]*

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
DATED: 9-20-2024

Defendant Merrill Lynch Canada, Inc.'s motion to seal is hereby GRANTED. Defendant has made a showing that the documents at ECF Nos. 230, 236, 241, 244, 252, 261, 264, 273, 280, and 366 merit a permanent seal under the standard advanced in <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006). ECF No. 349 merits a permanent seal based on the arguments advanced in this motion and those by CIBC World Markets, Inc. at ECF No. 373. Plaintiff is directed to refile ECF Nos. 229-2, 229-3, 243-4 and 263-1 in accordance with the redactions proposed by Defendant at ECF Nos. 374-1, 374-2, 374-3, and 374-4 on or before **Friday, September 27, 2024**. The Clerk of Court is directed to permanently seal ECF Nos. 230, 236, 241, 244, 252, 261, 264, 273, 280, and 366. The Clerk of Court is also directed to terminate the motions at ECF Nos. 228, 234, 239, 242, 250, 259, 262, 271, 279, 348, and 365.