**Sandra D. Hauser**

sandra.hauser@dentons.com
D   +1 212-768-6802

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

September 16, 2024

*VIA ECF*

The Honorable Valerie Figueredo
United States District Court, Southern District of New York
500 Pearl Street, New York, NY 10007

Re:   Harrington Global Opportunity Fund v. BofA Securities, et al., No. 1:21-cv-761

Dear Judge Figueredo:

On behalf of Defendant CIBC World Markets, Inc. ("CIBC"), we write pursuant to Your Honor's Individual Practices in Civil Cases Rule I.g to respectfully request that the Court permanently seal certain documents currently under temporary seal, at ECF Nos. 247, 273, 276, 286, 317, 339, 344, 349, and 363.  Each document contains the same customer identifying information as another document the Court recently sealed from public disclosure at CIBC's request.  For the reasons below and as set forth in CIBC's original request (ECF No. 353), CIBC respectfully submits that these additional documents should also be sealed in accordance with the principles established in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

On September 4, 2024, Plaintiff filed a letter motion to compel a CIBC customer to produce its Concordia trade data in response to a third-party subpoena.  ECF No. 344.  Five days later, CIBC and the customer filed oppositions to the letter motion under temporary seal, along with requests that the Court permanently seal any mention of the customer's name in their filings.  ECF Nos. 353, 356, 359-360.  As explained in the requests, disclosure posed potential harm to CIBC and the customer.  Current and prospective customers would be reluctant to communicate with CIBC if they believed that their confidential information, including what and how they trade, would be shared publicly in a lawsuit to which the customer is not a party.  This customer would also be harmed because the filings address unadjudicated allegations of wrongdoing, specifically Plaintiff's allegation that the customer may have engaged in spoofing. Moreover, the presumption of access was weak, as the filings related to a discovery motion rather than a dispositive motion and the customer name had no role in the Court's consideration of that motion.  On September 11, the Court granted the sealing requests.  ECF Nos. 370 & 371.

The same customer name also appears in the following nine filings currently under temporary seal:

- Plaintiff's Letter Motion for Extension of Time to Complete Discovery and Referral to Magistrate Judge, dated May 16, 2024 (ECF No. 247);

- Plaintiff's Letter Motion for Leave to Conduct Additional Depositions, dated May 24, 2024 (ECF No. 273);[1]
- Plaintiff's Letter Motion to Compel CIBC to Produce Documents, dated May 24, 2024 (ECF No. 276);
- CIBC's Response to Plaintiff's Letter Motion to Compel, dated May 30, 2024 (ECF No. 286);
- Plaintiff's Response to CIBC's Letter Motion for Protective Order, dated June 14, 2024 (ECF No. 317);
- Plaintiff's Letter Motion to Permit Reclassification of Expert, dated August 29, 2024 (ECF No. 339);
- Plaintiff's Letter Motion to Compel Non-Party to Produce Documents, dated September 4, 2024 (ECF No. 344);
- Plaintiff's Letter Motion for Extension of Time for Expert Discovery, dated September 6, 2024 (ECF No. 349);[2] and
- Plaintiff's Letter Re: Timing Issue Related Pending Motions and Scheduled Conference, dated September 10, 2024 (ECF No. 363).

Like the documents now permanently sealed at ECF Nos. 356 & 360, the above letters and responses all relate to discovery matters. And as with ECF Nos. 356 & 360, the name of CIBC's customer has no role in the Court's consideration of these matters. The presumption of public access to these documents is therefore weak and outweighed by the interests of CIBC and its customer. Sealing the documents is narrowly tailored to protect their interests because the public will continue to have access to redacted copies of each document. *See* ECF Nos. 246, 272, 275, 287, 316, 341, 345, 350, and 364.

Accordingly, CIBC respectfully requests that the Court enter an order permanently sealing the documents at ECF Nos. 247, 273, 276, 286, 317, 339, 344, 349, and 363.

**MEMO ENDORSED**

*[signature]*

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
DATED: 9-20-2024

For the reasons advanced in ECF No. 353, Defendant CIBC World Markets, Inc.'s motion is GRANTED as to ECF Nos. 247, 273, 276, 286, 317, 339, 344 and 363. CIBC's motion is granted as to ECF No. 349 based on the arguments advanced at ECF No. 353 and those advanced by Defendant Merrill Lynch Canada, Inc. at ECF No. 374. The Clerk of Court is directed to enter a permanent seal on ECF Nos. 247, 273, 276, 286, 317, 339, 344, 349 and 363. The Clerk of Court is also directed to terminate the motions at ECF Nos. 245, 271, 274, 285, 343 and 373.

Respectfully,

*/s/ Sandra D. Hauser*

Sandra D. Hauser

---

[1] ECF No. 273 identifies four additional customers by name, including a second CIBC customer. The same reasoning applies to each of the five customer names.

[2] ECF No. 349 also contains sensitive information related to Defendant Merrill Lynch. CIBC understands that Merrill intends to submit a letter request to seal that part of ECF No. 349 related to Merrill.