

File Number: _____

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

**Abby F. Rudzin**
D: +1 212 326 2033
arudzin@omm.com

November 18, 2024

The Honorable Valerie Figueredo
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Harrington Global Opportunity Fund v. BofA Securities, et al.*, No. 1:21-cv-761

Dear Judge Figueredo:

    We write under this Court's October 28 order (ECF 397) to request that the Court maintain under seal the names of nonparty Merrill employees and commercially sensitive information concerning the compliance and business controls functions of Merrill Lynch Canada Inc., which Harrington included in its responses to Merrill Lynch Canada's Interrogatories 6 and 13. As required by Local Rule 37.1, Merrill attached Harrington's responses to Merrill Lynch Canada's Interrogatories as an exhibit to its motion to compel Harrington to respond to certain contention interrogatories. (ECF 395-2).[1] For the reasons below, Merrill respectfully requests that the unredacted version of Harrington's responses be permanently sealed from public disclosure and that Merrill be permitted to refile the attached redacted version of Harrington's responses in the public record. (*See* Ex. A.)

    ***Legal standard.*** For a sealing request, courts consider "the weight to be given to the presumption of access" and whether it is overcome by "countervailing factors [that] include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006) (internal quotation marks omitted). Sealing is warranted when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.

    Courts evaluate the role of the sealed information in the context of the broader litigation. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he presumption of [public] access has only 'modest' weight where the document is submitted in connection with discovery motions, motions to compel testimony, and motions to exclude certain deposition testimony." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023).

---

[1] Merrill filed a public version of its motion to compel that provisionally sealed Exhibits A and B. (ECF 396.) Merrill does not request that the Court permanently seal Exhibit A (ECF 395-1), which is Harrington's objections and responses to BofA Securities' contention interrogatories.

***Names of Individuals.***  In response to Merrill Lynch Canada's Interrogatory 13, which calls for Harrington to "[i]dentify the 'corporate officials' at Merrill-Canada that You contend approved Merrill-Canada's trading activities, as alleged in Paragraph 61 of the Second Amended Complaint," Harrington names 19 individuals.  (ECF 395-2 at 22–23.)  None of these individuals are such "corporate officials";[2] most of them are not even employees of Merrill Lynch Canada.  And they have little or no relevance to Harrington's claim.

The potential harm to these individuals posed by the disclosure of their names favors sealing.  *See, e.g.*, *Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation."); *Nwagbaraocha v. Dartmouth-Hitchcock Med. Ctr.*, 2019 WL 13328427, at *2 (D.N.H. Sept. 16, 2019) (sealing employee names in discrimination suit after "finding the nonparty employees' privacy a compelling interest").  This Court recognizes that the public perception after disclosure that such individuals engaged in wrongdoing may cause reputational harm that is difficult, if not impossible, to repair.  *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, J.) ("unadjudicated allegations of wrongdoing" against third party are valid basis to seal documents and information).  And the names of these individuals have no bearing on the Court's consideration of Merrill's motion to compel Harrington to provide substantive answers to *other* interrogatories.  There is no need for the public to know their names.  *See Amodeo*, 71 F.3d at 1050 ("weight of the presumption [of public access] is low" where sealed information had "only a negligible role" in court's adjudication of matter).[3]

***Commercially Sensitive Information.***  Relying on the deposition testimony of Merrill witnesses, Harrington's response to Interrogatory 6 cites Highly Confidential deposition testimony to address how Merrill Lynch Canada's Compliance and Business Controls personnel monitor customer trading and account for potentially applicable U.S. laws and regulations.  (*See* ECF 395-2 at 14.)  Courts commonly seal such commercially sensitive information.  *See B & C KB*, 2023 WL 2021299, at *1 ("[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").  And because Harrington's response to Interrogatory 6 was not among the interrogatories challenged in Merrill's motion to compel, the Court should accord little or no weight to any presumption of public access.  *See Amodeo*, 71 F.3d at 1050 ("weight of the

---

[2] The Second Amended Complaint does not define "corporate officials" other than alleging they were "sufficiently knowledgeable about the trading practices of each Defendant such that each Defendant knew or recklessly ignored that they were engaging in illegal spoofing."  (ECF 133 ¶ 61.)  Harrington has no facts or evidence of any Merrill Lynch Canada employee—"corporate official" or not—with any knowledge of customer spoofing, as demonstrated by Harrington's non-answer in response to Interrogatory 9, which requests exactly that.  (Ex. A at 17–18.)  And of course, an employee's knowledge of Merrill Lynch Canada's trading practices generally does not confer knowledge or reckless ignorance of spoofing in Concordia specifically.

[3] The only Merrill Lynch Canada interrogatories subject to the motion were 1–2, 4, 7–10, and 14.  (*See* ECF 395 at 3.)

presumption [of public access] is low" where sealed information had "only a negligible role" in court's adjudication of matter).

*   *   *

The public version of Harrington's responses to Merrill Lynch Canada's contention interrogatories that Merrill requests be sealed permanently has only limited, necessary redactions, and the redacted text should have no bearing on the Court's adjudication of Merrill's motion to compel, much less Harrington's substantive claim. The public right of access to the courthouse is thus not impinged. *See Rosario v. Cmty. Hous. Mgmt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (sealing information about non-parties where redactions were "narrowly tailored . . . [to] seal only information that has minimal, if any, relevance to the claims in this action"). Accordingly, Merrill respectfully requests that the Court maintain under seal Exhibit B to its motion to compel Harrington to respond to certain contention interrogatories (ECF 395-2) and permit Merrill to refile a redacted version publicly. (*See* Ex. A.)

Respectfully submitted,

/s/ Abby F. Rudzin

Abby F. Rudzin
*of* O'MELVENY & MYERS LLP

cc: All counsel of record via ECF

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated:** 11/19/24

The motion to permanently seal the document filed at ECF No. 395-2 is GRANTED. A publicly filed redacted version of this document is filed at ECF No. 428-1. The Clerk of Court is directed to terminate the motion at ECF No. 394.

3