**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

HARRINGTON GLOBAL OPPORTUNITY FUND,
LIMITED,

                        Plaintiff,              **21-CV-761 (LGS) (VF)**

          -against-                      **ORDER**

BOFA SECURITIES, INC., et al.,

                        Defendants.

------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge.**

      By letter motion, Defendants sought to compel Plaintiff to respond to certain interrogatories. See ECF Nos. 395, 409. After a meet and confer, the scope of Defendants' motion was narrowed. See ECF No. 440 at 1. As is now relevant, Defendants seek a revised response to two interrogatories, both of which asked Plaintiff to identify the baiting orders that it contends occurred in this case. See ECF No. 395 at 3; ECF No. 409 at 2; ECF No. 440 at 1. Plaintiff objected to the interrogatories on various grounds, including that identification of the baiting orders at that time was premature because expert discovery had not yet concluded, and because Plaintiff's expert reports would provide the basis for Plaintiff's contentions concerning the baiting orders. See ECF No. 395-1 at 9-10; ECF No. 409-1 at 2-3. Plaintiff also argues Defendants will have "full visibility into Dr. Brogaard's methods and conclusions" upon Defendants' receipt of Dr. Brogaard's code. See ECF No. 444 at 2. Plaintiff's objections to the interrogatories are overruled and Plaintiff is required to identify the baiting orders that it contends occurred in this case. If the baiting orders that Plaintiff contends occurred are not contained within the intermediate data set that Dr. Brogaard used

for his analysis (see ECF No. 453 at 5-6) and which Plaintiff produced to Defendants, then Plaintiff is required supplement its responses to the interrogatories to identify the baiting orders.

Merrill-Canada also asks that the Court direct Plaintiff to provide a revised response to its Interrogatories 1 and 2. See ECF No. 440 at 1; ECF No. 440-1 at 3-6. Plaintiff objects to Interrogatory 1 principally on two grounds. First, Plaintiff objects on the grounds that the Interrogatory is unduly burdensome and demands Plaintiff to provide "all facts and evidence supporting" its contentions, including a document-by-document identification of material that supports the factual bases of Plaintiff's assertions. Second, Plaintiff also objects to the Interrogatory as premature, in that it seeks information that is the subject of expert disclosures. Despite its objections, Plaintiff provided an appropriate and substantive response to Interrogatory 1 that explained the factual bases, if any, for its contention. Plaintiff also already disclosed the report of its expert, Dr. Jonathan Brogaard, which Plaintiff identified as the factual bases for its contention. Plaintiff's objections are overruled and Plaintiff is directed to provide a revised response and a verification for this Interrogatory by the close of expert discovery.

As it pertains to Interrogatory 2, Plaintiff raises the same objections. See ECF No. 440-1 at 5-6. For the same reasons discussed for Interrogatory 1, Plaintiff's objections are overruled. Plaintiff is directed to provide a revised response to Interrogatory 2. By the deadline for the close of expert discovery, Plaintiff is directed to provide a verification for its interrogatory responses to Defendants.

**SO ORDERED.**

DATED:   New York, New York
         December 17, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge