UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HARRINGTON GLOBAL OPPORTUNITY FUND,
LIMITED,

                       Plaintiff,         **21-CV-761 (LGS) (VF)**

    -against-               **ORDER**

BOFA SECURITIES, INC., et al.,

                       Defendants.

-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

There are motions to seal at ECF Nos. 405, 410, 422, and 445. Plaintiff moved to seal its response to Defendants' motion to compel (ECF No. 400), and the response included a declaration from Plaintiff's testifying expert, which Defendants designated as confidential under the protective order in this case (ECF No. 111). See ECF No. 405 at 1. Plaintiff also moved to seal exhibits which Defendant Merrill Lynch Canada Inc. designated as highly confidential under the protective order. See ECF No. 410. Plaintiff additionally sought to file under seal "sections of and exhibit attached to [Plaintiff]'s expert's declaration" in relation to the Court's *in camera* review of computer code and intermediate datasets from Plaintiff's testifying expert. See ECF No. 422. Finally, Defendants moved to seal an excerpt of Plaintiff's Second Amended and Supplemental Objections and Responses to Merrill Lynch Canada Inc.'s First Set of Interrogatories, which Plaintiff designated as confidential under the protective order. See ECF No. 445.

In order to permanently seal a document, a party must make a showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). To date, the only basis proffered to

support these four motions to seal is the designation of the documents as confidential under the protective order. But "broad citations to [a] [p]rotective [o]rder do not satisfy Lugosch and are, in any event, insufficient to overcome the presumption of access as the 'mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable.'" Tromblee v. New York, No. 19-CV-00638 (BKS) (CFH), 2022 WL 17266979, at *4 (N.D.N.Y. Nov. 29, 2022) (quoting Lugosch, 435 F.3d at 126) (alteration in original).

Any party interested in permanently sealing the respective documents are therefore directed to file a motion to seal, making a showing under Lugosh, 435 F.3d 110, by **Thursday, June 5, 2025**. If the requisite showing for each document is not made by that date, the documents will be unsealed. The Clerk of Court is directed to terminate the letter motions at ECF Nos. 405, 410, 422, and 445.

**SO ORDERED.**

DATED:   New York, New York
         May 15, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge