

File Number:

O'Melveny & Myers LLP  
1301 Avenue of the Americas  
Suite 1700  
New York, NY 10019-6022

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com

**Abby F. Rudzin**  
D: +1 212 326 2033  
arudzin@omm.com

June 5, 2025

The Honorable Valerie Figueredo  
United States District Court, Southern District of New York  
500 Pearl Street  
New York, NY 10007

Re: *Harrington Global Opportunity Fund v. BofA Securities, et al.*, No. 1:21-cv-761

Dear Judge Figueredo:

We write on behalf of BofA Securities, Inc. ("BofA Securities") and Merrill Lynch Canada, Inc. ("Merrill Lynch Canada") (together, the "Merrill Defendants") under this Court's May 14 Order (ECF 468) to request that the Court maintain under seal portions of: (i) emails among the parties' counsel filed as exhibits (ECF 411-1 and ECF 411-2) to Harrington's letter (ECF 411) responding to the Merrill Defendants' motion to compel Harrington to amend its supplemental responses to the Merrill Defendants' interrogatories (ECF 396); and (ii) an excerpt of Plaintiff's Second Amended and Supplemental Objections and Responses to Defendant Merrill Lynch Canada Inc.'s First Set of Interrogatories, filed as an exhibit (ECF 440-1) to the Merrill Defendants' letter updating the Court on discovery disputes and requesting an order that Harrington provide appropriate responses to two of Merrill Lynch Canada's interrogatories (ECF 440).

These filings contain the names of non-party BofA Securities customers, the names of non-party employees of both Merrill Defendants, as well as the specific number of alleged spoofing episodes that Jonathan Brogaard, Harrington's proffered liability expert, attributed to the BofA Securities' customers described in his reports. For the reasons below, the Merrill Defendants respectfully request that the unredacted versions of the filings located at ECF 411-1, 411-2 and 440-1 be permanently sealed from public disclosure and that the Merrill Defendants be permitted to refile the attached redacted versions. (*See* Exs. A, B & C.)

*Legal standard.* For a sealing request, courts consider "the weight to be given to the presumption of access" and whether it is overcome by "countervailing factors [that] include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006) (internal quotation marks omitted). Sealing is warranted when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.

Courts evaluate the role of the sealed information in the context of the broader litigation. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he presumption of [public] access has only 'modest' weight where the document is submitted in connection with discovery motions, motions to

compel testimony, and motions to exclude certain deposition testimony." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023).

***Names of Non-party Employees and Customers.*** The first filing at issue (ECF 411-1) contains the names of employees of the Merrill Defendants, and the second (ECF 411-2) contains the names of BofA Securities customers. The identities of these employees and customers had no bearing on the Court's consideration of the Merrill Defendants' motions and have no significance to Harrington's overall claim, which is asserted only against the Merrill Defendants themselves. *See Amodeo*, 71 F.3d at 1050. Customer names in particular are regularly regarded as competitively sensitive material deserving of sealing. *See Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists).

This Court recognizes that the public perception after disclosure that such non-parties engaged in wrongdoing may cause reputational harm that is difficult, if not impossible, to repair. *See In re B & C KB Holding GmbH*, No. 22-MC-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, J.) ("unadjudicated allegations of wrongdoing" against third party are valid basis to seal documents and information). The potential harm to these individuals and firms posed by the disclosure of their names favors sealing. *See Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").

***Number of Alleged Spoofing Episodes***. The last filing (ECF 440-1) is an excerpt of Plaintiff's Second Amended and Supplemental Objections and Responses to Defendant Merrill Lynch Canada Inc.'s First Set of Interrogatories. In this excerpt, the specific number of Brogaard's alleged spoofing episodes concerning two BofA Securities is cited repeatedly.

Brogaard's spoofing conclusions are the epitome of "unadjudicated allegations of wrongdoing" against a third party that this Court has concluded are appropriate for sealing. *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1. Moreover, Brogaard's reports are not evidence, as "[c]ourts in this Circuit have uniformly held that unsworn expert reports do not satisfy the admissibility requirements of [Federal Rule of Civil Procedure] 56(e) . . . ." *Monahan v. City of New York*, 2023 WL 2138535, at *4 (S.D.N.Y. Feb. 21, 2023) (facts and opinions in such expert report are not considered on summary judgment motion). If Brogaard is permitted to testify at trial, his testimony might abandon some of the opinions set forth in his reports. The public has no need at this stage to access Brogaard's opinions about the Merrill Defendants' and their customers' commercially sensitive information. *See Kewazinga Corp. v. Google LLC*, 2024 WL 4224792, at *2 (S.D.N.Y. Sept. 18, 2024) (Schofield, J.) (sealing portions of expert report containing confidential business information).

In addition, the specific number of spoofing episodes that Brogaard believes he found had no relevance to the Court's adjudication of Merrill Lynch Canada's motion to order Plaintiff to revise its responses to the two Merrill Lynch Canada interrogatories discussed in ECF 440. (*See* ECF 458 (the "December 17, 2024 Order").) The December 17, 2024 Order focused on the inadequacy of Plaintiff's objections and did not mention the number of Brogaard's episodes at all. (*See id.*) In light of the redacted portions' lack of significance to the Order, the Court should

accord little weight to the presumption of public access and seal such portions. *See Amodeo*, 71 F.3d at 1050.

\* \* \*

Defendants request that the public versions of the filings located at ECF 411-1, ECF 411-2, and ECF 440-1, to which Defendants have applied only limited, necessary redactions, be sealed permanently. *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025) (Schofield, J.) (ordering sealing of documents where proposed public versions contain only "limited redactions to each document at issue . . . [that] concern confidential business and financial information"). The redacted text had little or no bearing on the Court's adjudication of any discovery disputes, much less Harrington's substantive claim. The public right of access to the courthouse is thus not impinged. *See Rosario v. Cmty. Hous. Mgmt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (sealing information about non-parties where redactions were "narrowly tailored . . . [to] seal only information that has minimal, if any, relevance to the claims in this action"). Accordingly, Defendants respectfully request that the Court maintain under seal the unredacted versions of (i) ECF 411-1 and ECF 411-2, and (ii) ECF 440-1, and file public versions containing only necessary redactions. (*See* Exs. A, B & C.)

Respectfully submitted,

*/s/ Abby F. Rudzin*

Abby F. Rudzin
*of* O'MELVENY & MYERS LLP

cc: All counsel of record via ECF

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE    **Dated:** 6/6/25

The motion to seal is GRANTED. The Clerk of Court is respectfully directed to maintain the viewing restrictions on ECF Nos. 411 and 440. Redacted versions of the sealed documents at ECF Nos. 411-1, 411-2, and 440-1 are available for public viewing at ECF No. 473.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 473.

3