

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE    Dated: 6/6/2025

The motion to seal is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 474 and to maintain the viewing restrictions on ECF No. 424.

**FELICIA ENNIS**
PARTNER

DIRECT DIAL: 212-984-7753
EMAIL: FEnnis@WBNY.com

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
(212) 984-7700
www.wbny.com

**VIA ECF**

Hon. Valerie Figueredo
United States Magistrate Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Harrington Global Opportunity Fund, Ltd. v. BofA Securities, Inc.*, No. 21-CV-761

Dear Judge Figueredo:

We write on behalf of Plaintiff Harrington Global Opportunity Fund, Ltd. ("Harrington"), to request that the Court, pursuant to its May 15, 2025 Order (ECF No. 468), permanently seal certain sections of—and an exhibit to—Harrington's testifying expert declaration, which is currently filed with redactions at ECF No. 423-1 and under seal without redactions at ECF 424-1 (the "Declaration"). (*See* May 15, 2025 Order, ECF No. 468, at 1 ("Plaintiff additionally sought to file under seal 'sections of and [an] exhibit attached to [Plaintiff]'s expert's declaration' in relation to the Court's *in camera* review of computer code and intermediate datasets from Plaintiff's testifying expert. See ECF No. 422.").) The Declaration contains (i) the preliminary analysis that Harrington's testifying expert, Dr. Jonathan Brogaard, developed in conjunction with Harrington's counsel (and therefore also contains the mental impressions of Harrington's counsel), which are protected under both the work-product doctrine and Rule 26; (ii) Dr. Brogaard's proprietary code; and (iii) references to Defendants' own confidential material, including the names of certain of Defendants' customers and Defendants' trade data. For all of these reasons, Harrington requests that the Court permanently seal the Declaration in accordance with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

The Court has discretion to seal a document. *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) ("When reviewing a district court's order to seal or unseal a document, we examine the court's factual findings for clear error, its legal determinations *de novo*, and its ultimate decision to seal or unseal for abuse of discretion.") (internal quotation marks omitted). In exercising this discretion, *Lugosch* requires that courts must first assess the "weight to be given the presumption of [public] access" to the document, and then "balance competing considerations" by considering

{1793888.3}

Warshaw Burstein, LLP

Hon. Valerie Figueredo
June 5, 2025
Page 2 of 4

"countervailing factors" such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119-20. Here, the privacy interests of Harrington, Dr. Brogaard, and Defendants are significant and militate against disclosure of the Declaration.

*First*, the Declaration contains material that is protected under both the work-product doctrine and Rule 26. The Declaration was submitted in conjunction with the Court's *in camera* review of Dr. Brogaard's code and, as the Court later ruled at ECF No. 456 at 12-14 (regarding Harrington's Motion for Reconsideration ((ECF Nos. 441, 442, and 443)), details set forth in the Declaration are not even subject to disclosure to the *Defendants* (whether under Rule 26 or the work product doctrine). As such, the presumption of public access is even further outweighed by the relevant privacy interests here and the Declaration should remain under seal.

*Second*, the Declaration contains reference to, details regarding, and in-depth discussion of Dr. Brogaard's proprietary code and analysis, the disclosure of which would harm Dr. Brogaard. Materials containing proprietary information are entitled to remain under seal in accordance with *Lugosch*. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.,* 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011). Accordingly, the Declaration should be protected from disclosure under *Lugosch* due to the proprietary information contained therein.

*Third*, the Declaration contains references to (i) the identities of certain of Defendants' customers, and (ii) trade data, both of which have been designated highly confidential by Defendants and previously been filed under seal. Indeed, this Court has repeatedly ruled that disclosure of the customer-identifying information contained in the Declaration would pose potential harm to defendants and their customers—and in ordering that prior discovery-related filings containing such information be permanently sealed, this Court has repeatedly held that the sealing of such documents is in accordance with the principles established in *Lugosch*, 435 F.3d 110.[1] *See, e.g.,* ECF Nos. 370, 371, and 376.

For the foregoing reasons, Harrington requests that the Court permanently seal the Declaration.

Respectfully submitted,

---

[1] Harrington takes no position at this time regarding whether documents containing customer-identifying information may also be filed under seal in accordance with *Lugosch* in connection with dispositive motion practice.

{1793888.3 }

Warshaw Burstein, LLP

Hon. Valerie Figueredo
June 5, 2025
Page 3 of 4

WARSHAW BURSTEIN LLP

By: /s/ *Felicia Ennis*
Alan M. Pollack
Felicia S. Ennis
Thomas Filardo
Leron Thumim
Matthew A. Marcucci
Meghan Hallinan
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel.: (212) 984-7700
apollack@wbny.com
fennis@wbny.com
tfilardo@wbny.com
lthumim@wbny.com
mhallinan@wbny.com
mmarcucci@wbny.com

CHRISTIAN ATTAR
James Wes Christian
Ardalan Attar
2302 Fannin, Suite 205
Houston, Texas 77002
Tel.: (713) 659-7617
jchristian@christianattarlaw.com
aattar@christianattarlaw.com

cc: All counsel via ECF

{1793888.3 }