**MEMO ENDORSED**

*[signature]*
HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated:** 7/22/25

The motion to seal is GRANTED. The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF Nos. 515 and 517 and terminate the motion at ECF No. 521.

**VIA ECF**

The Honorable Valerie Figueredo
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Harrington Global Opportunity Fund, Ltd. v. BofA Securities, Inc., et al.,*
No. 1:21-cv-761

Dear Judge Figueredo:

We write on behalf of Defendants CIBC World Markets, Inc. ("CIBC"), Merrill Lynch Canada, Inc., and BofA Securities, Inc. ("BofA Securities") to request that the Court maintain under seal portions of the following filings made in support of Defendants' Motion *in Limine* to Exclude Testimony of Jonathan Brogaard and supporting documents (ECF 513):

(i) the Memorandum of Law in Support of Defendants' Motion *in Limine* to Exclude Testimony of Jonathan Brogaard (ECF 515);

(ii) the Declaration of Stephen J. Senderowitz in Support of Defendants' Motion *in Limine* to Exclude Testimony of Jonathan Brogaard (ECF 517);

(iii) the expert reports of Jonathan Brogaard and Robert J. Shapiro, and rebuttal report of Terrence Hendershott (ECF 517-1, 517-2, 517-3, 517-4, 517-11);

(iv) the excerpted transcripts of the May 14-15, 2025 deposition of Jonathan Brogaard (ECF 517-5, 517-6);

(v) the declarations of a corporate representative of two BofA Securities customers (ECF 517-7, 517-12); and

(vi) Plaintiff's amended and supplemental objections and responses to Defendants' interrogatories (ECF 517-13, 517-14, 517-15).[1]

These filings contain the names of non-party customers of Defendants, confidential information regarding their internal business operations and strategies, and specific information concerning alleged spoofing episodes involving such customers. The Court has permanently sealed similar information in prior filings. *See, e.g.*, ECF 376 (sealing multiple unredacted filings identifying CIBC customer); ECF 454 (sealing ECF 442 because it contained number of alleged spoofing episodes, which are "unadjudicated allegations of wrongdoing against a third party"); ECF 475 (sealing ECF 411-2, which identified BofA Securities customers). For the reasons below, Defendants respectfully request that the Court also permanently seal the filings described above.

---

[1] Public, redacted versions of ECF 515, 517, 517-1 to 517-6, 517-11, and 517-13 to 517-15 are located at ECF 516, 518, 518-1 to 518-6, 518-11, and 518-13 to 518-15. ECF 517-7 and 517-12 consist almost entirely of confidential third-party information and have therefore been temporarily sealed in full.

***Legal standard.*** For a sealing request, courts consider "the weight to be given to the presumption of access" and whether it is overcome by "countervailing factors [that] include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006) (internal quotation marks omitted). Sealing is warranted when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.

Courts evaluate the role of the sealed information in the context of the broader litigation. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he presumption of [public] access has only 'modest' weight where the document is submitted in connection with discovery motions, motions to compel testimony, and motions to exclude certain deposition testimony." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023).

***Names of Non-party Customers.*** The filings located at ECF 515, 517, 517-1 to 517-7, and 517-11 to 517-12 contain the names of Defendants' customers and their representatives. The identities of these customers should have no bearing on the Court's consideration of Defendants' motion and have no significance to Plaintiff's claim, which is asserted only against Defendants themselves. *See Amodeo*, 71 F.3d at 1050. Customer names in particular are regularly regarded as competitively sensitive material deserving of sealing. *See Kewazinga Corp. v. Google LLC*, 2024 WL 4224792, at *2 (S.D.N.Y. Sept. 18, 2024) (Schofield, J.) (sealing portions of expert report containing confidential business information); *Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists).

This Court recognizes that the public perception after disclosure that such non-parties engaged in wrongdoing may cause reputational harm that is difficult, if not impossible, to repair. *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, J.) ("unadjudicated allegations of wrongdoing" against third party are valid basis to seal documents and information); *see also* ECF 376 (sealing permanently multiple unredacted filings identifying CIBC customer), ECF 475 (same as to ECF 411-2, which identified BofA Securities customers). The potential harm to these firms posed by the disclosure of their names favors sealing. *See Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").

***Confidential Business Information of Non-Party Customers***. The filings located at 517-7 and 517-12 are declarations of a corporate representative of two related customers of BofA Securities. The declarations describe the customers' internal business operations and trading strategies. Courts have denied access to records containing "confidential business information," the disclosure of which "could harm a defendant's competitive position or reveal a trade secret." *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *3, *6 (S.D.N.Y. Nov. 18, 2020) (sealing document containing information concerning firm's "business processes," "operating procedures," and information technology). Such concerns are only heightened where, as here, the confidential business information concerns non-party customers. *See City of Providence v. BATS Glob. Markets, Inc.*, 2022 WL 539438, at *3 (S.D.N.Y. Feb. 23, 2022) ("the third-party privacy interest of Nasdaq's customer in preventing disclosure of this sensitive information regarding its trading and business strategies is significant"). The risk of harm to these firms'

competitive standing by disclosure of their confidential business information and strategies warrants sealing the declarations in full.

*Information Concerning Specific Alleged Spoofing Episodes*.  The filings located at ECF 515, 517, 517-1 to 517-6, 517-11, and 517-13 to 517-15 contain specific information concerning alleged episodes of spoofing, including the numbers of such episodes.

Brogaard's and Shapiro's conclusions concerning Defendants' customers' order and trade activity are the epitome of "unadjudicated allegations of wrongdoing" against third parties that this Court has concluded are appropriate for sealing.  *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1; *see also* ECF 454 (sealing permanently ECF 442 because number of alleged spoofing episodes are "unadjudicated allegations of wrongdoing against a third party").  Moreover, Brogaard's and Shapiro's reports are not evidence, because "[c]ourts in this Circuit have uniformly held that unsworn expert reports do not satisfy the admissibility requirements of [Federal Rule of Civil Procedure] 56(e)."  *Monahan v. City of New York*, 2023 WL 2138535, at *4 (S.D.N.Y. Feb. 21, 2023).  If Brogaard or Shapiro is permitted to testify at trial, their testimony might abandon some of the opinions set forth in their reports.

\*   \*   \*

Defendants have filed public, redacted versions of all but two of the filings covered by this request, which are located at ECF 516, 518, 518-1 to 518-6, 518-11, and 518-13 to 518-15.  The redactions are narrowly tailored to protect sensitive competitive information of Defendants and the privacy interests of their customers, further supporting sealing the unredacted filings. *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025) (Schofield, J.) (sealing documents where proposed public versions contain only "limited redactions to each document at issue . . . [that] concern confidential business and financial information").  The public right of access to the courthouse is thus not impinged.  *See Rosario v. Cmty. Hous. Mgmt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (sealing information about non-parties where redactions were "narrowly tailored").  Accordingly, Defendants respectfully request that the Court maintain under seal the unredacted filings located at ECF 515, 517, 517-1 to 517-7, and 517-11 to 517-15.

Respectfully submitted,

| | |
|---|---|
| */s/ Abby F. Rudzin* | */s/ Sandra D. Hauser* |
| Abby F. Rudzin | Sandra D. Hauser |
| O'MELVENY & MYERS LLP | DENTONS US LLP |
| 1301 Avenue of the Americas | 1221 Avenue of the Americas |
| New York, NY 10019-6022 | New York, NY 10020-1089 |
| *Counsel for the Merrill Lynch Defendants* | *Counsel for Defendant CIBC World Markets, Inc.* |

cc: All counsel of record via ECF