

File Number:

O'Melveny & Myers LLP　　T: +1 212 326 2000
1301 Avenue of the Americas　F: +1 212 326 2061
Suite 1700　　　　　　　　　omm.com
New York, NY 10019-6022

**Abby F. Rudzin**
D: +1 212 326 2033
arudzin@omm.com

July 31, 2025

The Honorable Valerie Figueredo
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Harrington Global Opportunity Fund v. BofA Securities, et al.*, No. 1:21-cv-761

Dear Judge Figueredo:

   We write on behalf of BofA Securities, Inc. ("BofA Securities") and Merrill Lynch Canada, Inc. (together, the "Merrill Defendants") under the Court's July 1 Orders (ECF 504 and 506) to request that the Court maintain under seal portions of: (i) Defendants' letter requesting approval to file a pre-motion letter to exclude the testimony of Harrington's proffered spoofing expert, Jonathan Brogaard, and proffered damages expert, Robert Shapiro (ECF 478), and certain exhibits attached thereto (ECF 478-2, 478-3, 478-6, 478-7); (ii) Harrington's response to Defendants' pre-motion letter (ECF 497, refiled at 498) and certain exhibits attached to that response (ECF 497-1, 497-2, 497-3, 498-1, and 498-3); and (iii) the excerpt of the James Overdahl Rebuttal Report (ECF 493-2) attached to Harrington's response to CIBC's pre-motion letter to exclude the testimony of Harrington's proffered compliance expert, Robert Lowry (ECF 493).

   These filings contain the names of non-party BofA Securities customers, the names of non-party employees of the Merrill Defendants, and specific information concerning alleged spoofing episodes involving BofA Securities customers. The Court has permanently sealed this information in prior filings. *See, e.g.*, ECF 522 (sealing ECF 515 and 517 because they contain the names of non-party BofA Securities customers and specific information concerning alleged spoofing episodes); ECF 520 (same as to sealing ECF 509 and 511). For the reasons below, the Merrill Defendants respectfully request that the Court permanently seal unredacted versions of the filings located at ECF 478, 478-2, 478-3, 478-6, 478-7, 493-2, 497, 497-1, 497-2, 497-3, 498, 498-1, and 498-3, and that the Merrill Defendants and Harrington be permitted to file public, redacted versions of 493-2, 497, 497-1, 497-3, 498, 498-1, and 498-3.[1]  (*See* Exs. A, B, C & D.)

   ***Legal standard.***  For a sealing request, courts consider "the weight to be given to the presumption of access" and whether it is overcome by "countervailing factors [that] include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,

---

[1] Harrington refiled ECF 497 at ECF 498, with placeholder exhibits at ECF 498-1 and 498-3 that correspond to ECF 497-1 and 497-3, respectively. Exhibits B, C and D are proposed public, redacted versions of those filings.

119–120 (2d Cir. 2006) (internal quotation marks omitted). Sealing is warranted when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.

Courts evaluate the role of the sealed information in the context of the broader litigation. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he presumption of [public] access has only 'modest' weight where the document is submitted in connection with discovery motions, motions to compel testimony, and motions to exclude certain deposition testimony." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023).

***Names of Non-party Employees and Customers.*** The filing located at ECF 493-2 contains the names of employees of the Merrill Defendants, and the filings located at ECF 478-2, 478-3, 478-6, 493-2, 497, 497-1, 497-2, 498, 498-1, and 498-3 contain the names of BofA Securities customers. The identities of these employees and customers had no bearing on the Court's consideration of Defendants' pre-motion letter (ECF 478) and have no significance to Harrington's claim, which is asserted only against the Merrill Defendants themselves. *See Amodeo*, 71 F.3d at 1050. Customer names in particular are regularly regarded as competitively sensitive material deserving of sealing. *See Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists).

This Court recognizes that the public perception after disclosure that such non-parties engaged in wrongdoing may cause reputational harm that is difficult, if not impossible, to repair. *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, J.) ("unadjudicated allegations of wrongdoing" against third party are valid basis to seal documents and information); *see also* ECF 475 (sealing ECF 411-2, which identified BofA Securities customers). The potential harm to these individuals and firms posed by the disclosure of their names favors sealing. *See Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").

***Information Concerning Specific Alleged Spoofing Episodes***. The filings located at ECF 478, 478-2, 478-3, 478-6, 478-7, 497, 497-2, 497-3, 498, and 498-3 contain specific information concerning alleged episodes of spoofing, including the numbers and durations of such episodes.

Brogaard's and Shapiro's conclusions concerning Defendants' customers' order and trade activity are the epitome of "unadjudicated allegations of wrongdoing" against third parties that this Court has concluded are appropriate for sealing. *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1; *see also* ECF 454 (sealing permanently ECF 442 because number of alleged spoofing episodes are "unadjudicated allegations of wrongdoing against a third party"). Moreover, Brogaard's and Shapiro's reports (excerpted at ECF 478-2, 478-6, 497-1, 497-2, and 498-1) are not evidence, because "[c]ourts in this Circuit have uniformly held that unsworn expert reports do not satisfy the admissibility requirements of [Federal Rule of Civil Procedure] 56(e)." *Monahan v. City of New York*, 2023 WL 2138535, at *4 (S.D.N.Y. Feb. 21, 2023). If Brogaard or Shapiro is permitted to testify at trial, such testimony might abandon some of the opinions set forth in their reports.

\* \* \*

The Merrill Defendants have applied only limited, necessary redactions to the public versions of the filings covered by this request, which are located at ECF 479-2, 479-3, 479-6, 479-7, 498-2, and proposed in Exhibits A, B, C, and D attached to this letter, further supporting the sealing of the unredacted filings. *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025) (Schofield, J.) (ordering sealing of documents where proposed public versions contain only "limited redactions to each document at issue . . . [that] concern confidential business and financial information"). The redacted text had little or no bearing on the Court's consideration of the pre-motion letters, much less Harrington's substantive claim. The public right of access to the courthouse is thus not impinged. *See Rosario v. Cmty. Hous. Mgmt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (sealing information about non-parties where redactions were "narrowly tailored . . . [to] seal only information that has minimal, if any, relevance to the claims in this action").

Accordingly, the Merrill Defendants respectfully request that the Court direct the Clerk of the Court to maintain under permanent seal the filings located at ECF 478, 478-2, 478-3, 478-6, 478-7, 493-2, 497, 497-1, 497-2, 497-3, 498, 498-1, and 498-3. In addition, the Merrill Defendants also respectfully request that the Court order Harrington to file the following proposed public versions of sealed filings with limited, necessary redactions:

(i) Exhibit A (proposed public version of ECF 493-2);

(ii) Exhibit B (proposed public version of ECF 497 and 498);

(iii) Exhibit C (proposed public version of ECF 497-1 and 498-1); and

(iv) Exhibit D (proposed public version of ECF 497-3 and 498-3).

Respectfully submitted,

/s/ Abby F. Rudzin

Abby F. Rudzin
*of* O'MELVENY & MYERS LLP

cc: All counsel of record via ECF

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: 8/1/2025

The motion to seal is GRANTED. The Clerk of Court is respectfully directed to to permanently seal the documents at ECF Nos. 478, 478-2, 478-3, 478-6, 478-7, 493-2, 497, 497-1, 497-2, 497-3, 498, 498-1, and 498-3. The public versions with redactions are available at ECF Nos. 523-1, 523-2, 523-3, and 523-4.