August 1, 2025

The Honorable Valerie Figueredo
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Harrington Global Opportunity Fund v. BofA Securities, et al.*, No. 1:21-cv-761

Dear Judge Figueredo:

We write on behalf of CIBC World Markets, Corp. ("CIBC") under the Court's July 1 Orders (ECF 504 and 506) to request that the Court maintain under seal (i) Defendants' letter requesting approval to file a pre-motion letter to exclude the testimony of Harrington's proffered spoofing expert, Jonathan Brogaard, and proffered damages expert, Robert Shapiro (ECF 478), and certain exhibits attached thereto (ECF 478-1, 478-3, 478-5); (ii) certain exhibits to CIBC's letter requesting approval to file a pre-motion letter to exclude the testimony of Harrington's proffered compliance expert, Robert Lowry (ECF 482-1, 482-2, 482-3); and (iii) Harrington's response to CIBC's pre-motion letter (ECF 493) and an exhibit attached to that response (ECF 493-1).

These filings contain the names of a non-party CIBC customer, the names of non-party employees of CIBC, and specific information concerning alleged spoofing episodes involving a CIBC customer. The Court has permanently sealed similar information in prior filings. *See, e.g.*, ECF 522 (sealing ECF 515 and 517 because they contain the names of non-party BofA Securities customers and specific information concerning alleged spoofing episodes). For the reasons below, CIBC respectfully requests that the Court permanently seal unredacted versions of the filings located at ECF 478, 482 and 493, and that CIBC be permitted to file public, redacted versions of 482-1, 482-2, 482-3, 493, and 493-1. (*See* Exs. A, B, C, D & E.)

***Legal standard.*** For a sealing request, courts consider "the weight to be given to the presumption of access" and whether it is overcome by "countervailing factors [that] include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006) (internal quotation marks omitted). Sealing is warranted when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.

Courts evaluate the role of the sealed information in the context of the broader litigation. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he presumption of [public] access has only 'modest' weight where the document is submitted in connection with discovery motions, motions to compel testimony, and motions to exclude certain deposition testimony." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023).

***Names of Non-party Employees and Customers.*** The filings located at 478-1, 478-3, 478-5, 482-1, 482-2, and 493-1 contain the names of CIBC employees and a CIBC customer.

The identities of these employees and customer have no bearing on the Court's consideration of these pre-motion letters and have no significance to Harrington's claim, which is asserted only against CIBC. *See Amodeo*, 71 F.3d at 1050. Customer names in particular are regularly regarded as competitively sensitive material deserving of sealing. *See Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists). This court has routinely ordered permanently sealing of documents containing this information.

This Court recognizes that the public perception after disclosure that such non-parties engaged in wrongdoing may cause reputational harm that is difficult, if not impossible, to repair. *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, J.) ("unadjudicated allegations of wrongdoing" against third party are valid basis to seal documents and information); *see also* ECF 475 (sealing ECF 411-2, which identified BofA Securities customers). The potential harm to these individuals and firms posed by the disclosure of their names favors sealing. *See Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").

***Information Concerning Specific Alleged Spoofing Episodes***. The filings located at ECF 478, 478-1, 478-3, 478-5, 482-1, 482-2, 482-3, and 493 contain specific information concerning alleged episodes of spoofing, including the numbers and durations of such episodes.

The conclusions of Brogaard, Shapiro, and Lowry concerning CIBC's customer's order and trade activity are the epitome of "unadjudicated allegations of wrongdoing" against third parties that this Court has concluded are appropriate for sealing. *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1; *see also* ECF 454 (sealing permanently ECF 442 because number of alleged spoofing episodes are "unadjudicated allegations of wrongdoing against a third party"). Moreover, these reports (478-1, 478-5, 481-1, 482-2) are not evidence, because "[c]ourts in this Circuit have uniformly held that unsworn expert reports do not satisfy the admissibility requirements of [Federal Rule of Civil Procedure] 56(e)." *Monahan v. City of New York*, 2023 WL 2138535, at *4 (S.D.N.Y. Feb. 21, 2023). If any of Brogaard, Shapiro, or Lowry is permitted to testify at trial, such testimony might abandon some of the opinions set forth in their reports.

\*   \*   \*

CIBC has applied only limited, necessary redactions to the proposed public versions of the filings covered by this request, which are located at ECF 479, 479-1, 479-3, 479-5, and proposed in Exhibits 1-5 attached to this letter, further supporting the sealing of the unredacted filings. *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025) (Schofield, J.) (ordering sealing of documents where proposed public versions contain only "limited redactions to each document at issue . . . [that] concern confidential business and financial information"). The redacted text had little or no bearing on the Court's consideration of the pre-motion letters, much less Harrington's substantive claim. The public right of access to the courthouse is thus not impinged. *See Rosario v. Cmty. Hous. Mgmt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (sealing information about non-parties where redactions were "narrowly tailored . . . [to] seal only information that has minimal, if any, relevance to the claims in this action").

Accordingly, CIBC respectfully requests that the Court direct the Clerk of the Court to maintain under permanent seal the filings located at 478, 478-1, 478-3, 478-5, 482-1, 482-2, 482-3, 493, and 493-1.  In addition, CIBC also respectfully requests that the Court accept the following proposed public versions of the sealed filings with limited, necessary redactions:

(i) Exhibit 1 (proposed public version of ECF 482-1);

(ii) Exhibit 2 (proposed public version of ECF 482-2);

(iii) Exhibit 3 (proposed public version of ECF 482-3);

(iv) Exhibit 4 (proposed public version of ECF 493); and

(v) Exhibit 5 (proposed public version of ECF 493-1).

Respectfully submitted,

*/s/ Sandra D. Hauser*

Sandra D. Hauser

cc: All counsel of record via ECF

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE   Dated: 8/4/2025

The motion to seal is GRANTED. The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF Nos. 478, 478-1, 478-3, 478-5, 482-1, 482-2, 482-3, 493, and 493-1. The Clerk of Court is also respectfully directed to terminate the motion at ECF No. 525. Public versions of the sealed documents are available for viewing at ECF Nos. 525-1, 525-2, 525-3, 525-4, and 525-5.