> **MEMO ENDORSED**
>
> /s/ Valerie Figueredo
> **HON. VALERIE FIGUEREDO**
> **UNITED STATES MAGISTRATE JUDGE**
>
> Dated: October 14, 2025
>
> The motion to seal is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 542.

**VIA ECF**

The Honorable Valerie Figueredo
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Harrington Global Opportunity Fund, Ltd. v. BofA Securities, Inc., et al., No. 1:21-cv-761*

Dear Judge Figueredo:

    We write on behalf of Defendants CIBC World Markets, Inc. ("CIBC"), Merrill Lynch Canada, Inc., and BofA Securities, Inc. ("BofA Securities") to request that the Court maintain under seal: (i) Defendants' Reply in Support of Defendants' Motion *in Limine* to Exclude Testimony of Robert J. Shapiro (the "Reply"); (ii) the Supplemental Declaration of Abby F. Rudzin in Support of Defendants' Motion *in Limine* to Exclude Testimony of Robert J. Shapiro (the "Supplemental Declaration"); (iii) the excerpted transcript of the May 21-22, 2025 deposition of Robert Shapiro (Ex. 1); (iv) the expert report of Terrence Hendershott (Ex. 6); and (v) Brogaard's spreadsheets of alleged CIBC and Merrill Lynch customers' spoofing episodes, at Exhibits 8 and 9 respectively.

    These filings contain the names of non-party customers of Defendants and specific information concerning alleged spoofing episodes involving such customers. The Court has permanently sealed this information in prior filings. *See, e.g.*, ECF 376 (sealing multiple unredacted filings identifying CIBC customer); ECF 454 (sealing ECF 442 because it contained number of alleged spoofing episodes, which are "unadjudicated allegations of wrongdoing against a third party"); ECF 475 (sealing ECF 411-2, which identified BofA Securities customers); and ECF 520 (sealing portions ECF 509 and 511, on similar grounds). For the reasons below, Defendants respectfully request that the Court also permanently seal unredacted versions of the filings described above.

    ***Legal standard.*** For a sealing request, courts consider "the weight to be given to the presumption of access" and whether it is overcome by "countervailing factors [that] include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006) (internal quotation marks omitted). Sealing is warranted when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.

    Courts evaluate the role of the sealed information in the context of the broader litigation. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he presumption of [public] access has only 'modest' weight where the document is submitted in connection with discovery motions, motions to compel testimony, and motions to exclude certain deposition testimony." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023).

*Names of Non-party Customers.* The above mentioned filings contain the names of Defendants' customers. The identities of these customers should have no bearing on the Court's consideration of the Defendants' motion and have no significance to Harrington's claim, which is asserted only against the Defendants themselves. *See Amodeo*, 71 F.3d at 1050. Customer names in particular are regularly regarded as competitively sensitive material deserving of sealing. *See Kewazinga Corp. v. Google LLC*, 2024 WL 4224792, at *2 (S.D.N.Y. Sept. 18, 2024) (Schofield, J.) (sealing portions of expert report containing confidential business information); *Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists).

This Court recognizes that the public perception after disclosure that such non-parties engaged in wrongdoing may cause reputational harm that is difficult, if not impossible, to repair. *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, J.) ("unadjudicated allegations of wrongdoing" against third party are valid basis to seal documents and information); *see also* ECF 376 (sealing permanently multiple unredacted filings identifying CIBC customer), ECF 475 (same as to ECF 411-2, which identified BofA Securities customers). The potential harm to these firms posed by the disclosure of their names favors sealing. *See Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").

*Information Concerning Specific Alleged Spoofing Episodes.* The filings at issue in this request contain specific information concerning alleged episodes of spoofing, including the numbers of such episodes, their dates and duration, and their "price impact."

The Brogaard spreadsheets, which are Exhibits 8 and 9 to the Supplemental Declaration, include Defendants' customers' order and trade data concerning the alleged spoofing episodes on which Shapiro relies for his opinions. These data and Shapiro's conclusions concerning Defendants' customers' order and trade activity are the epitome of "unadjudicated allegations of wrongdoing" against third parties that this Court has concluded are appropriate for sealing. *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1; *see also* ECF 454 and 520 (sealing permanently ECF 442, 509, 511, and 511-4 because number of alleged spoofing episodes are "unadjudicated allegations of wrongdoing against a third party").

\*   \*   \*

Defendants have applied only limited, necessary redactions to the public versions of the filings covered by this request, other than Brogaard's spreadsheets, further supporting the sealing of the unredacted filings. *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025) (Schofield, J.) (ordering sealing of documents where proposed public versions contain only "limited redactions to each document at issue . . . [that] concern confidential business and financial information"). The public right of access to the courthouse is thus not impinged. *See Rosario v. Cmty. Hous. Mgmt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (sealing information about non-parties where redactions were "narrowly tailored"). Accordingly, Defendants respectfully request that the Court maintain under seal the unredacted filings at issue.

-3-

                                Respectfully submitted,

| | |
|---|---|
| /s/ *Abby F. Rudzin* | /s/ *Sandra D. Hauser* |
| Abby F. Rudzin | Sandra D. Hauser |
| O'MELVENY & MYERS LLP | DENTONS US LLP |
| 1301 Avenue of the Americas | 1221 Avenue of the Americas |
| New York, NY 10019-6022 | New York, NY 10020-1089 |
| *Counsel for the Merrill Lynch Defendants* | *Counsel for Defendant CIBC World Markets, Inc.* |

cc: All counsel of record via ECF