UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRINGTON GLOBAL OPPORTUNITY FUND, LIMITED,<br><br>       Plaintiff,<br><br>  v.<br><br>BOFA SECURITIES, INC., *et al.*,<br><br>       Defendants. | Index No.: 1:21-cv-00761 (LGS) (VF)<br><br>Hon. Lorna G. Schofield<br><br>Hon. Valerie Figueredo |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JONATHAN BROGAARD, PH.D.**

## TABLE OF CONTENTS

Argument ................................................................................................................................... 1

    I.    Defendants are Not Entitled to Findings of Fact on a Motion to Exclude .......................... 1

    II.    Dr. Brogaard's Methodologies Are Based on Sufficient Facts and Data. ......................... 2

    III.    Dr. Brogaard's Methodologies are Reliable and Based on Well-Settled Principles ........... 2

    IV.    Dr. Brogaard's Analysis is Helpful to a Jury Because it is Evidence of Spoofing. ............. 3

Conclusion ................................................................................................................................ 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*,
   No. 18 Civ. 4476, 2025 WL 2781280 (S.D.N.Y. Sept. 30, 2025) ............................................... 3

*Mehle v. Bodum USA, Inc.*,
   No. 24-CV-2740, 2025 WL 2732887 (S.D.N.Y. Sept. 25, 2025) ................................................ 3

*Nimely v. City of New York*,
   414 F.3d 381 (2d Cir. 2005) ....................................................................................................... 2

*PRCM Advisers LLC v. Two Harbors Inv. Corp.*,
   No. 20-CV-5649, 2025 WL 1276513 (S.D.N.Y. May 2, 2025) .................................................. 2

*United States v. Asare*,
   No. 15-CV-3556, 2019 WL 5693477 (S.D.N.Y. Nov. 4, 2019) .................................................. 1

*Yang v. United States*,
   No. 21 Civ. 06563, 2025 WL 1251295 (S.D.N.Y. Apr. 30, 2025) ............................................. 2

*Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*,
   571 F.3d 206 (2d Cir. 2009) ....................................................................................................... 2

In accordance with this Court's October 8, 2025 order [ECF 541], Plaintiff Harrington Global Opportunity Fund, Ltd. ("Harrington") respectfully submits this sur-reply in opposition to Defendants' Motion *in Limine* to Exclude Testimony of Jonathan Brogaard, Ph.D. ("Dr. Brogaard") [ECF 513-518] (the "Motion").[1]

## ARGUMENT

### I. Defendants are Not Entitled to Findings of Fact on a Motion to Exclude.

As Harrington set forth in its Opposition, it is well-settled that experts are permitted to base their opinions on contingent findings of fact to be made by the factfinder at a later date. *See United States v. Asare*, No. 15-CV-3556, 2019 WL 5693477, at *5 (S.D.N.Y. Nov. 4, 2019) ("Experts regularly provide opinions based on facts they assume to be true."); Opp. 12 (collecting cases). The amendment to Rule 702 did not change this standard. Disputed issues of fact must still be decided by factfinders (or, at the very least, on a motion for summary judgment on a full record, under a standard in which all reasonable inferences are made in *Plaintiff's* favor).

Defendants are attempting to sidestep that process by (i) baldly asserting that disputed issues of fact are *not* disputed, and (ii) asking this Court—on an incomplete record and at the inappropriate stage—to make factual findings in Defendants' favor. For example, Defendants assert that it is "established fact" or "undisputed" that Merrill customers ▇ and ▇ did not coordinate their trading because they traded in different countries. Rep. 3. Not so. As Dr. Brogaard explained, there is ample evidence of coordination between the two, and *Merrill's own witness* testified as to their coordination: ▇ was the U.S. broker for ▇. Reply Report ¶¶ 85-91; Brogaard Tr. 207:20-209:19. A factfinder is entitled to agree with Merrill's witness.

---

[1] Herein, "Mem." shall refer to Defendants' Memorandum of Law in support of the Motion [ECF 515]; "Reply Report" shall refer to Dr. Brogaard's April 24, 2025 rebuttal report rebutting the arguments of Defendants' expert Terrence Hendershott, Ph.D. [ECF 517-4]; "Opposition" or "Opp." shall refer to Plaintiff's Memorandum of Law in Opposition to the Motion [ECF 531]; and "Reply" or "Rep." shall refer to Defendants' Reply in Support of the Motion [ECF 549]. All capitalized terms not otherwise defined shall have the meanings set forth in the Opposition.

II.  **Dr. Brogaard's Methodologies Are Based on Sufficient Facts and Data.**

Defendants' argument rests on the assumption that the actual record available to Dr. Brogaard is irrelevant—that whether his methodologies are based on sufficient facts and data should be assessed not in the context of what was actually produced, but on the record that *might* have existed had Defendants not opposed and obstructed Harrington's efforts to obtain fulsome nonparty discovery.  As Harrington argued in its Opposition, the law of the case doctrine bars Defendants' arguments regarding the relevance of nonparty evidence such as ▇▇ U.S. trading.  Opp. 10-12.  Defendants cannot have their cake and eat it too:  having convinced this Court that ▇▇ U.S. trading data was irrelevant to Harrington's claims, Defendants cannot now argue that the same data is so critically relevant that Harrington's expert's analysis must be excluded in the absence of it.  Yet even if Defendants had not prevented Harrington from obtaining this discovery, Defendants would still be wrong—it is blackletter law that the sufficiency of the facts and data upon which an expert bases his conclusions is not assessed based "on the best possible evidence, regardless of availability, but upon good grounds, *based on what is known*."  *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-CV-5649, 2025 WL 1276513, at *8 (S.D.N.Y. May 2, 2025) (citation and quotation omitted; emphasis added).  This is precisely what Dr. Brogaard did.[2]

III.  **Dr. Brogaard's Methodologies are Reliable and Based on Well-Settled Principles.**

Defendants fare no better with their argument that Dr. Brogaard's methodologies are unreliable because he did not conduct the specific type of error rate analysis that Defendants

---

[2] Likewise, Dr. Brogaard's sequencing inferences for the millisecond-level data Merrill provided were reasonable, based on basic principles of logic, and bolstered by Dr. Brogaard's counter-analysis.  Opp. 8-10.  That ▇▇ and ▇▇ were able to find three examples *out of thousands* in which the sequencing inferences were incorrect does not render Dr. Brogaard's analysis unreliable.  *Perfection* is not and never has been the standard.  Rather, experts' methodologies should only be excluded where they are "based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC,* 571 F.3d 206, 213–14 (2d Cir. 2009).  Even after the amendments to Rule 702, "'Rule 702 embodies a liberal standard of admissibility for expert opinions.'" *Yang v. United States*, No. 21 Civ. 06563, 2025 WL 1251295, at *11 (S.D.N.Y. Apr. 30, 2025) (quoting *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005)).

2

concocted, *see* Rep. 8-9, or use the exact types of analyses and stress tests that Dr. Hendershott employed in *Lek*. This is nonsense. It is well-settled that "there is no requirement that an expert perform any particular tests." *Mehle v. Bodum USA, Inc.*, No. 24-CV-2740, 2025 WL 2732887, at *4 (S.D.N.Y. Sept. 25, 2025) (citation omitted). And as Dr. Brogaard discussed at length, he used different and *more reliable* supplemental analyses to test—and ultimately confirm—the reliability of his Methodologies. *See* Opp. 17-20.[3]

## IV. Dr. Brogaard's Analysis is Helpful to a Jury Because it is Evidence of Spoofing.

Defendants argue that Dr. Brogaard's testimony should be excluded because "there is no way that Defendants could have or should have 'detected'" the spoofing identified by Dr. Brogaard. Rep. 13. This argument represents yet another instance in which Defendants are asking this Court to *find facts* favorable to Defendants. What Defendants could or should have done is a compliance question not currently before the Court—and not only is there no compliance-related evidence in the record on this motion, but the parties explicitly agreed to defer compliance-related *Daubert* briefing until later. [*See* ECF 492, 502.] Even absent that agreement, on a non-compliance *Daubert* motion, Defendants are certainly not entitled to any fact-finding regarding what they "should have done." Indeed, courts in this district regularly hold that whether expert testimony will be helpful is a question "best addressed" after summary judgment, "when the issues for trial have been identified." *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, No. 18 Civ. 4476, 2025 WL 2781280, at *30 (S.D.N.Y. Sept. 30, 2025) (citation omitted). In any event, Dr. Brogaard's testimony is helpful and relevant because it represents compelling evidence that Defendants' customers spoofed, a threshold issue in this litigation.

---

[3] There is also no basis whatsoever for Defendants' tendentious accusation that Dr. Brogaard "destroyed" the results of his stress tests, Rep. 7, and it is a gross mischaracterization of Dr. Brogaard's testimony to suggest otherwise. No document ever existed containing the results of the stress testing, but even if it did, it would be a draft analysis not subject to discovery. The Court should not entertain this sideshow or Defendants' *ad hominem* attacks.

3

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion in its entirety.

Dated: New York, New York
October 30, 2025

By: /s/ Alan M. Pollack
Alan M. Pollack
Thomas Filardo
Leron Thumim
Felicia S. Ennis
WARSHAW BURSTEIN, LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel: 212-984-7700
apollack@wbny.com
tfilardo@wbny.com
lthumim@wbny.com
fennis@wbny.com

*Attorneys for Plaintiff Harrington Global Opportunity Fund*

4