**VIA ECF**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　February 13, 2026

The Honorable Valerie Figueredo
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

　　　　Re:　**Harrington Global Opportunity Fund, Ltd. v. BofA Securities, Inc., et al., No. 1:21-cv-761**

Dear Judge Figueredo:

　　We write to address the Court's request that the parties provide additional legal authority on the following questions concerning Defendants' motion to exclude the opinions of Robert Shapiro: (1) Should the Court consider Shapiro's reply report in ruling on Defendants' *Daubert* motion?; and (2) Should the Court permit Shapiro to correct his damages calculation to be consistent with the law?  The legal authority cited below shows that the answers to both questions is "no."

　　***Consideration of Shapiro's Reply Report.***  Rule 26(a)(2)(B) required Shapiro's opening report to contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them."  His reply report is therefore limited to rebutting Mr. Hendershott's opinions. *See Withrow v. Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013) ("Reply expert reports must be limited to true rebuttal.").  It "cannot be used to advance new arguments or new evidence to support [his] initial opinions." *Vanzant v. Hill's Pet Nutrition, Inc.*, 2023 WL 121767, at *3 (N.D. Ill. Jan. 6, 2023) (internal quotation marks omitted).  As this Court has put it: "Experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions." *JT Cleary, Inc. v. Narragansett Elec. Co.*, 2024 WL462764, at *4 (S.D.N.Y. Oct. 30, 2024) (Figuerdo, J.).

　　As the Court knows, Shapiro's opening report did not mention Fama, suggest that Fama's work supported the notion of a permanent price impact, or cite any Fama writings as something Shapiro even considered.[1]  Rule 37(c) states that "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Harrington can make neither showing: Harrington has not even explained why Shapiro did not mention Fama in his opening report, much less substantially justified that decision.  Nor is the omission harmless.  If Shapiro had presented his Fama interpretation in his opening report, Defendants would have been able to have Mr. Hendershott debunk the claim in his rebuttal report.  And if Shapiro had disclosed Fama as the basis for his opinion on permanent price impact, Defendants would have questioned Mr. Brogaard about it at his deposition.  Defendants were denied both opportunities.  Shapiro's references to Fama in his reply report should be stricken.

---

[1] Shapiro's reliance on Fama should also be ignored on the merits because no one in the world—including courts in this circuit and academics who actually have studied spoofing—agrees with Shapiro's conclusion that Fama's 1960's work supports, let alone dictates, a permanent price impact from spoofing.

The Court in *Rodgers v. Beechcraft Corp.*, 2016 WL 7911334 (N.D. Ok. November 29, 2016), addressed an analogous issue. There the defendants moved to exclude opinions of the plaintiffs' expert under *Daubert*, and in opposing the motion the plaintiffs submitted an affidavit from their expert "explaining and bolstering [his] expert report and opinions." *Id.* at *1. The Court refused to consider the affidavit in resolving the motion "because [the declaration] improperly revised and bolster[ed] opinions that should have been fully formed when presented in [the expert's] original expert report." *Id.* As the Court put it: "To consider the material in the present context would simply allow Plaintiffs **to end run the dictates of Rule 26** regarding supplementation of expert reports." *Id.* (emphasis added). Harrington should likewise not be permitted this "end run."

Moreover, Shapiro's reply is (supposed to be) limited to rebutting Mr. Hendershott, and Defendants did not cite Mr. Hendershott's report in their opening brief. It was therefore improper for Harrington to cite Shapiro's reply in Harrington's opposition brief. Courts routinely preclude a rebuttal expert from testifying if the testimony being rebutted has not been proffered. *See, e.g.*, *In re Navidea Biopharmaceuticals Litig.*, 2022 WL 16833587, at *14, n. 21 (S.D.N.Y. Nov. 9, 2022) (Rebuttal experts "cannot testify unless and until the testimony they were designated to rebut is given at trial." (internal quotation marks omitted)); *Mason v. Am. Fam. Mut. Ins. Co.*, 2020 WL 5982883, at *3 (D. Colo. Oct. 8, 2020) (same). As Judge Liman has explained, "a rebuttal expert report is **not the proper place** for presenting new arguments. Nor is a rebuttal report an opportunity to correct oversights in the party's case in chief." *Rekor Sys., Inc. v. Loughlin*, 2022 WL 2063857, at *7 (S.D.N.Y. June 8, 2022) (emphasis added) (internal citations omitted). Here, Harrington's "case-in-chief" is its burden to prove that Shapiro's opinions are admissible. Harrington should not be permitted to present rebuttal testimony in an effort to do that. *See, e.g.*, *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) ("[R]ebuttal evidence may be used to challenge the evidence or theory of an opponent—and **not to establish a case-in-chief**." (emphasis added)); *Stanfield v. Dart*, 2013 WL 589222, at *3 (N.D. Ill. Feb. 14, 2013) ("A party **may not offer testimony** under the guise of 'rebuttal' only **to provide additional support** for his case in chief." (emphasis added)); *Lidle v. Cirrus Design Corp.*, 2009 WL 4907201, at *4 (S.D.N.Y. Dec. 18, 2009) ("Rebuttal evidence is confined to new matters adduced by the defense and **not to repetition of the plaintiff's theory of the case**." (emphasis added)). Rule 26 required Shapiro to disclose the "basis and reasons for" his opinions in his opening reports, and those opinions are what Harrington must prove is reliable. Harrington cannot use Shapiro's rebuttal report to do so.

***Recalculating Damages***. Shapiro should likewise not be permitted to revise his damages calculation. As the Court knows, the Court's discretion on this should be guided by the *Softel* factors: (1) the party's explanation for the noncompliance; (2) the importance of the evidence; (3) the prejudice to the opposing party; and (4) the possibility of a continuance. *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). The first factor alone forecloses supplementation because Harrington has no explanation for its failure to ensure that Mr. Shapiro's opinion comply with the law—announced by the Supreme Court in the 1970's. *See Affiliated Ute Citizens v. U.S.*, 406 U.S. 128, 155 (1972).

*Anthem Inc. v. Express Scripts, Inc.*, 660 F. Supp. 3d 169 (S.D.N.Y. 2023), gives meaning to this principle. There, Judge Ramos granted a motion by the plaintiff to file a supplemental expert report on damages. He first explained that Rule 26 "is not a vehicle to

permit a party to serve a deficient opening report and then remedy the deficiency through the expedient of a 'supplemental' report." *Id.* at 185 (internal quotation marks omitted).  He permitted the supplemental report, however, to permit the expert to conform his damages calculation to the Court's recent decision clarifying the scope of permissible damages: "The Court emphasizes that the request was made ***due to the Court's conclusions of law*** as to the contract at issue in this case, ***not because*** of an initial careless deficiency or a situation wherein the 'responding party has demonstrated that the disclosing party's ***initial theory is incorrect***.'" *Id.* at 185 (quoting *Bozick v. Conagra Foods, Inc.*, 2021 WL 1198320, at *3 (S.D.N.Y. Mar. 30, 2021) (emphasis added)).  By contrast here, the law limiting Exchange Act plaintiffs to net damages has been around for decades, and Shapiro's calculation is just incorrect.

Nor is Shapiro's damage calculation important.  As an initial matter, it is inadmissible for all the other reasons discussed at the hearing, including its incorrect assumption of a permanent price impact.  But as explained in Defendants' opening brief—and conceded by Harrington—it is primarily "just math."  (ECF 528 at 25.)  If Harrington could lay a foundation for the Brogaard spreadsheets and somehow connect them to an injury to Harrington—something neither Brogaard nor Shapiro does—the jury could do the calculations itself.

The prejudice and delay to Defendants also dictate that Harrington should not be permitted a re-do.  Defendants should not have to pay their expert to check Shapiro's revised calculations and then make objections to them if necessary.  This case has been pending for nearly ***five years***, with fact discovery closed since ***summer 2024.***  And Judge Schofield has postponed summary judgment briefing while the Court resolves the admissibility of Shapiro's (and Brogaard's) testimony.  If the Court strikes Shapiro's testimony, the Court can quickly grant Defendants' summary judgment motion.  *See, e.g.*, *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 270–71 (2d Cir. 2002) (affirming summary judgment to defendant after affirming exclusion of plaintiff's expert testimony).  As the Second Circuit put it in *Softel*, "the enormous length of every step of the proceedings in this case militate[s] against any more continuances."  118 F.3d at 963.  The *Softel* factors do not permit a re-do.

                                                  Respectfully submitted,

| */s/  Abby F. Rudzin* | */s/  Sandra D. Hauser* |
|---|---|
| Abby F. Rudzin | Sandra D. Hauser |
| O'MELVENY & MYERS LLP | DENTONS US LLP |
| 1301 Avenue of the Americas | 1221 Avenue of the Americas |
| New York, NY 10019-6022 | New York, NY 10020-1089 |
| *Counsel for the Merrill Lynch Defendants* | *Counsel for Defendant CIBC World Markets, Inc.* |

cc: All counsel of record via ECF