

File Number:

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

**Abby F. Rudzin**
D: +1 212 326 2033
arudzin@omm.com

February 13, 2026

**VIA ECF**

The Honorable Valerie Figueredo
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Harrington Global Opportunity Fund, Ltd. v. BofA Securities, et al.*, No. 1:21-cv-761**

Dear Judge Figueredo:

We write on behalf of BofA Securities, Inc. ("BofA Securities") and Merrill Lynch Canada, Inc. (together, the "Merrill Defendants") to request that the Court maintain under seal Defendants' letter regarding whether the Court may permit Dr. Brogaard to supplement his expert report for the purpose of recalculating his conclusions if the trading data of the two Merrill customer entities were not combined.

This filing contains the names of non-party customers of the Merrill Defendants and the specific number of alleged spoofing episodes involving such customers. The Court has permanently sealed this information in prior filings. *See, e.g.*, ECF 475 (sealing ECF 411-2, which identified BofA Securities customers); and ECF 454 (sealing ECF 442 because it contained number of alleged spoofing episodes, which are "unadjudicated allegations of wrongdoing against a third party"). For the reasons below, Merrill Defendants respectfully request that the Court also permanently seal the unredacted version of the filing described above.

*Legal standard.* For a sealing request, courts consider "the weight to be given to the presumption of access" and whether it is overcome by "countervailing factors [that] include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006) (internal quotation marks omitted). Sealing is warranted when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.

Courts evaluate the role of the sealed information in the context of the broader litigation. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he presumption of [public] access has only 'modest' weight where the document is submitted in connection with discovery motions, motions to compel testimony, and motions to exclude certain deposition testimony." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023).

O'Melveny

*Names of Non-party Customers.*  The above mentioned filing contains the names of Merrill Defendants' customers.  The identities of these customers should have no bearing on the Court's consideration of the Defendants' letter and have no significance to Harrington's claim, which is asserted only against the Defendants themselves.  *See Amodeo*, 71 F.3d at 1050.  Customer names in particular are regularly regarded as competitively sensitive material deserving of sealing.  *See Kewazinga Corp. v. Google LLC*, 2024 WL 4224792, at *2 (S.D.N.Y. Sept. 18, 2024) (Schofield, J.) (sealing portions of expert report containing confidential business information); *Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists).

This Court recognizes that the public perception after disclosure that such non-parties engaged in wrongdoing may cause reputational harm that is difficult, if not impossible, to repair.  *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, J.) ("unadjudicated allegations of wrongdoing" against third party are valid basis to seal documents and information); *see also* ECF 376 (sealing permanently multiple unredacted filings identifying CIBC customer), ECF 475 (same as to ECF 411-2, which identified BofA Securities customers).  The potential harm to these firms posed by the disclosure of their names favors sealing.  *See Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").

*Information Concerning Specific Alleged Spoofing Episodes*.  The filing at issue in this request contains the specific number of alleged spoofing episodes.  The number of alleged spoofing episodes by Merrill Defendants' customers' are the epitome of "unadjudicated allegations of wrongdoing" against third parties that this Court has concluded are appropriate for sealing.  *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1; *see also* ECF 454 and 520 (sealing permanently ECF 442, 509, 511, and 511-4 because number of alleged spoofing episodes are "unadjudicated allegations of wrongdoing against a third party").

\*       \*       \*

Merrill Defendants have applied only limited, necessary redactions to the public version of the filing covered by this request further supporting the sealing of the unredacted filing.  *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025) (Schofield, J.) (ordering sealing of documents where proposed public versions contain only "limited redactions to each document at issue . . . [that] concern confidential business and financial information").  The public right of access to the courthouse is thus not impinged.  *See Rosario v. Cmty. Hous. Mgmt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (sealing information about non-parties where redactions were "narrowly tailored").  Accordingly, Merrill Defendants respectfully request that the Court maintain under seal the unredacted filing at issue.

Respectfully submitted,

/s/  Abby F. Rudzin

Abby F. Rudzin
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
New York, NY 10019-6022
*Counsel for Defendants BofA Securities, Inc.
and Merrill Lynch Canada Inc.*

cc: All counsel of record via ECF

## MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: February 19, 2026**

The motion is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 578. The Clerk of Court is further directed to maintain the viewing restrictions at ECF No. 582.