

File Number:

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

**Plaintiff shall file any response to Defendants' motion to seal by April 15, 2026.** So Ordered.

**Abby F. Rudzin**
D: +1 212 326 2033
arudzin@omm.com

April 9, 2026

**VIA ECF**

Dated: April 10, 2026
New York, New York

*[signature]*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

The Honorable Lorna G. Schofield
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    ***Harrington Global Opportunity Fund, Ltd. v. BofA Securities, et al.*, No. 1:21-cv-761**

Dear Judge Schofield:

We write on behalf of BofA Securities, Inc., and Merrill Lynch Canada, Inc. (together, "Merrill Lynch Defendants") to request that the Court maintain under seal the unredacted version of the Memorandum of Law in Support of Merrill Lynch's Rule 72(a) Objections to Order Denying Merrill Lynch's Motion to Exclude the Opinion of Jonathan Brogaard (the "Objection Memorandum").

The Objection Memorandum contains the names of non-party customers of Merrill Lynch Defendants and the specific number of alleged spoofing episodes involving such customers. The Court has permanently sealed this information in prior filings. *See, e.g.*, ECF 594 (sealing ECF 582, which identified Merrill Lynch Defendants' customers); ECF 454 (sealing ECF 442 because it contained number of alleged spoofing episodes, which are "unadjudicated allegations of wrongdoing against a third party"). For the reasons below, Merrill Lynch Defendants respectfully request that the Court permanently seal the unredacted version of the Objection Memorandum.

***Legal standard.*** For a sealing request, courts consider "the weight to be given to the presumption of access" and whether it is overcome by "countervailing factors [that] include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006) (internal quotation marks omitted). Sealing is warranted when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.

Courts evaluate the role of the sealed information in the context of the broader litigation. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of public access] is low . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he presumption of [public] access has only 'modest' weight where the document is submitted in connection with discovery motions, motions to compel testimony, and motions to exclude certain deposition testimony." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023).

***Names of Non-party Customers.***  The Objection Memorandum contains the names of Merrill Lynch Defendants' customers.  The identities of these customers should have no bearing on the Court's consideration of the Objection Memorandum and have no significance to Harrington's claim, which is asserted only against Merrill Lynch Defendants themselves.  *See Amodeo*, 71 F.3d at 1050.  Customer names in particular are regularly regarded as competitively sensitive material deserving of sealing.  *See Kewazinga Corp. v. Google LLC*, 2024 WL 4224792, at *2 (S.D.N.Y. Sept. 18, 2024) (Schofield, J.) (sealing portions of expert report containing confidential business information); *Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (sealing customer lists).

This Court recognizes that the public perception after disclosure that such non-parties engaged in wrongdoing may cause reputational harm that is difficult, if not impossible, to repair.  *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (Figueredo, J.) ("unadjudicated allegations of wrongdoing" against third party are valid basis to seal documents and information); *see also* ECF 376 (sealing permanently multiple unredacted filings identifying CIBC customer), ECF 475 (same as to ECF 411-2, which identified BofA Securities customers).  The potential harm to these firms posed by the disclosure of their names favors sealing.  *See Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").

***Specific Number of Alleged Spoofing Episodes***.  The Objection Memorandum contains the specific number of alleged spoofing episodes.  The number of alleged spoofing episodes by Merrill Lynch Defendants' customers are the epitome of "unadjudicated allegations of wrongdoing" against third parties that this Court has concluded are appropriate for sealing.  *See In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1; *see also* ECF 454 and 520 (sealing permanently ECF 442, 509, 511, and 511-4 because number of alleged spoofing episodes are "unadjudicated allegations of wrongdoing against a third party").

\*      \*      \*

Merrill Lynch Defendants have applied only limited, necessary redactions to the public version of the Objection Memorandum, further supporting the sealing of the unredacted filing.  *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025) (Schofield, J.) (ordering sealing of documents where proposed public versions contain only "limited redactions to each document at issue . . . [that] concern confidential business and financial information").  The public right of access to the courthouse is thus not impinged.  *See Rosario v. Cmty. Hous. Mgmt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (sealing information about non-parties where redactions were "narrowly tailored").  Accordingly, Merrill Lynch Defendants respectfully request that the Court maintain under seal the unredacted Objection Memorandum.

O'Melveny

Respectfully submitted,

/s/  Abby F. Rudzin

Abby F. Rudzin
William J. Martin
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019-6022
arudzin@omm.com
wmartin@omm.com

*Counsel for Defendants BofA Securities, Inc., and Merrill Lynch Canada Inc.*

cc: All counsel of record via ECF